JONES DAY
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew M. Butler
250 Vesey Street
New York, New York  10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

     -and-

JONES DAY
Christopher DiPompeo (*pro hac vice* pending)
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone:  (202) 879-7686
Facsimile:  (202) 626-1700

*Proposed Counsel for the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | : | Chapter 11 |
| | : | Case No. 20-12345 |
| Debtor. | : | |
| | : | |

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is 50 North Park Avenue P.O. Box 9023, Rockville Centre, NY 11571-9023.

|  | : |
| --- | --- |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| ARK320 DOE, *et al.*,[2] | : |
|  | : |
| Defendants. | : |
|  | : |

## VERIFIED COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

The Diocese of Rockville Centre (the "DRVC" or the "Debtor"), as the non-profit

corporation that is a debtor and debtor-in-possession in the above-captioned chapter 11 case and

plaintiff in this adversary proceeding, alleges for its Verified Complaint (the "Complaint"), upon

knowledge of its own acts and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION AND THE NEED FOR RELIEF

1.      This adversary proceeding is being brought pursuant to Rules 7001(7) and 7065

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), sections 105(a) and 362

of title 11 of the United States Code (the "Bankruptcy Code"), and sections 2201 and 2202 of

title 28 of the United States Code.  This adversary proceeding seeks a declaration that the

automatic stay enjoins, and a permanent injunction enjoining, approximately 200 personal injury

lawsuits pending in New York state court (each, a "State Court Action" and collectively, the

---

[2] A full list of the Defendants in this adversary proceeding is included in Exhibit A hereto. Consistent with the relief requested in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Special Noticing and Confidentiality Procedures, (II) Authorizing and Approving Procedures for Providing Notice of Commencement, and (III) Granting Related Relief*, the plaintiffs' names have been redacted to protect the privacy interests of alleged abuse victims.  An unredacted version will be made available to the Court.

"State Court Actions").[3]  The State Court Actions are asserted against the DRVC, the Parishes (as defined below), certain other non-debtor affiliates (collectively with the Parishes, the "DRVC Related Parties"), certain other non-debtor individuals who are or were affiliated with the DRVC (the "Individual Defendants"), and certain other parties not affiliated with the DRVC (collectively, with the DRVC Related Parties and the Individual Defendants, the "State Court Defendants").

2.      The State Court Actions are the primary liability of the DRVC.  Moreover, the desire to control the mounting litigation costs of the State Court Actions and to ensure an equitable distribution of estate assets to the DRVC's creditors were significant factors motivating the DRVC's chapter 11 filing.  But while the State Court Actions have been automatically stayed with respect to the DRVC itself, it is currently unclear whether the automatic stay also precludes continued prosecution of the State Court Actions against the State Court Defendants.

3.      If, however, the State Court Actions are allowed to proceed against the State Court Defendants, the DRVC's prospects for a successful reorganization will be imperiled, causing the DRVC, its estate, and its creditors irreparable harm. Continued prosecution of the State Court Actions will dissipate the proceeds of shared insurance policies, which are likely to be the single most important estate asset available to compensate creditors. Moreover, it will force the DRVC to participate in piecemeal litigation that could result in inconsistent judgments and unequal recoveries.  The continued prosecution of the State Court Actions would therefore result in substantial pressure on the DRVC's operations and employees, distracting them from,

---

[3] One case was removed to the United States District Court for the Eastern District of New York (Case No. 2:19-cv-04738).  The plaintiff in that case filed a motion to remand, which remains pending as of the date of this filing.

among other things, negotiating an equitable, global resolution of all the State Court Actions and

pursuing a plan of reorganization.

4.      The DRVC recognizes that the State Court Actions, as against the DRVC, are

explicitly subject to the automatic stay.  The automatic stay, however, also enjoins prosecution of

the State Court Actions against the State Court Defendants because the DRVC Related Parties

are insureds with the DRVC under the DRVC's applicable insurance policies and because the

DRVC is the real party in interest in the State Court Actions.  Moreover, allowing the State

Court Actions to proceed—even if only against a subset of defendants in the State Court

Actions—would imperil the DRVC's reorganization by requiring the DRVC to actively

participate in the litigation.  This adversary proceeding therefore seeks (i) a declaration that the

automatic stay enjoins the prosecution of the State Court Actions, or (ii) a permanent injunction

enjoining the State Court Actions.  The DRVC respectfully requests that the Court issue the

requested relief.

## JURISDICTION AND VENUE

5.      On October 1, 2020 (the "Petition Date"), the DRVC filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  The DRVC is authorized to continue to operate

its business and manage its properties as a debtor in possession under sections 1107(a) and 1108

of the Bankruptcy Code.

6.      This adversary proceeding arises in and relates to the DRVC's case pending

before this court under chapter 11 of the Bankruptcy Code.

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference from the United States District Court for the

Southern District of New York*, dated January 31, 2012.  This is a core proceeding under 28

U.S.C. § 157(b), and the DRVC confirms its consent, pursuant to Bankruptcy Rule 7008, to the

-4-

entry of a final order by the Court to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

with Article III of the United States Constitution.

8.      This Court has subject matter jurisdiction to enjoin the continued prosecution of

claims asserted in the State Court Actions under 28 U.S.C. §§ 157 and 1334.  Such claims are

related to the DRVC's chapter 11 case because (1) the DRVC and the DRVC Related Parties

share an identity of interest, based on their shared purpose and common mission and the DRVC's

lead role in defending and resolving the State Court Actions, such that the claims against the

DRVC Related Parties are, in effect, claims against the DRVC's estate; (2) the DRVC shares

insurance with the DRVC Related Parties in the State Court Actions; (3) the claims against the

defendants in the State Court Actions raise factual and legal questions that are substantially

identical to, and may be inextricably intertwined with, those raised by the claims against the

DRVC; and (4) continued prosecution of the State Court Actions will have an adverse impact on

the DRVC's ability to reorganize.

9.      This Court may provide declaratory and injunctive relief pursuant to 28 U.S.C. §§

2201 and 2202, 11 U.S.C. § 105(a), and Federal Rule of Bankruptcy Procedure 7065.

10.     Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

## THE PARTIES

11.     The DRVC is the seat of the Catholic Church on Long Island.  The DRVC was

established by the Vatican in 1957 from territory that was formerly part of the Diocese of

Brooklyn.  The State of New York established the Diocese as a religious corporation in 1958.

*See* 1958 N.Y. SESS. LAWS Ch. 70 (1958), § 1.  Under the New York statute, the purpose of the

Diocesan corporation is "to support, maintain, aid, advise and cooperate with any charitable,

religious, benevolent, recreational, welfare or educational corporation, association, institution, committee, agency, or activity . . . within the state of New York or elsewhere . . . ." *Id.* § 4.

12.     The Defendants in this adversary proceeding are plaintiffs in the State Court Actions who have asserted claims against the DRVC and the DRVC Related Parties.  The Defendants are listed in <u>Exhibit A</u> to this Complaint.

## FACTUAL BACKGROUND

### A.     General Background Regarding a Diocese and a Parish

13.     A "diocese" is the ecclesiastical territory under the jurisdiction of a bishop.  As a general rule, a diocese's territory is based on certain geographical bounds.  A diocese is then divided into distinct parts, or "parishes."

14.     The pastoral care of each parish is entrusted to a priest as its proper pastor or administrator under the authority of the diocesan bishop.  Like each diocese, each parish's territory is based on certain geographical bounds.  Under the Code of Canon Law, dioceses and parishes are distinct legal entities within the Roman Catholic Church.

15.     Here, the DRVC has 135 parishes (each a "<u>Parish</u>" and collectively, the "<u>Parishes</u>").  The DRVC's Parishes are separate religious corporations, formed under Article 5 of New York's Religious Corporations Law, N.Y. RELIG. CORP. § 90.  Under the Religious Corporations Law, the trustees of each Parish are the DRVC's bishop and vicar-general (the deputy or assistant to the bishop) and two laypersons from the Parish.  *Id.* § 91.  None of the Parishes or the DRVC Related Parties are debtors herein.

### B.     The State Court Actions

16.      The State Court Actions arise from the enactment of New York Child Victim's Act, CPLR 214-g (the "<u>CVA</u>").  The CVA extended the statute of limitations in civil suits related to child sexual abuse cases and also provided for a window, starting on August 14, 2019, during

which alleged victims of childhood sexual abuse could bring a civil action that was previously barred by the applicable statute of limitations.

17.    The plaintiffs in the State Court Actions (the "Tort Claimants") filed their respective complaints in New York Supreme Court beginning in August 2019.[4]  As set forth in detail in the respective complaints, the pending State Court Actions allege that the DRVC and the DRVC Related Parties are liable for certain personal injury tort claims or, in some instances, statutory claims stemming from sexual abuse or misconduct arising out of the victim's involvement or connection with the DRVC. These allegations are based on disputed issues of fact that cannot be resolved without the DRVC's involvement and without impinging on the DRVC's interests.

18.    In particular, the Tort Claimants allege numerous causes of action against the DRVC and the DRVC Related Parties based on their alleged failures and actions in connection with certain alleged perpetrators including, without limitation, claims for negligence, negligent training and supervision, negligent retention, breaches of fiduciary duties, assault, and battery. The Tort Claimants seek compensatory and, in certain cases, punitive damages from the DRVC and the DRVC Related Parties.

19.    Although certain claims contained in the respective complaints in the State Court Actions appear to be directed to the DRVC Related Parties, the factual predicates to the claims

---

[4] Two cases were commenced before August 14, 2019.  Upon consent of the plaintiffs, these cases were stayed until August 14, 2019.  Additionally, one case was removed to the United States District Court for the Eastern District of New York (Case No. 2:19-cv-04738).  The Magistrate Judge in that case has since issued a report and recommendation in favor of a remand, which has not yet been acted upon by the District Court.

are, in large part, the alleged actions, omissions, patterns, practices, policies, and procedures of the DRVC.

20.     Indeed, the Tort Claimants frequently describe the DRVC as the defendant primarily responsible for the harm that they suffered.[5]  The Tort Claimants have made such allegations even though, in some cases, the alleged abuser was not even affiliated with the DRVC.  Although the DRVC is an entity and is not an individual capable of committing sexual abuse, it is the first-named defendant in many of the State Court Actions.  Furthermore, in many of the State Court Actions, the alleged perpetrator is not even named as a defendant.

21.     Based on the foregoing, the DRVC is the target defendant in the State Court Actions, and moving forward with the trials of such actions would force the DRVC to participate in each trial to the detriment of its estate's assets and the reorganization process.

---

[5] *See, e.g.*, *NAME ON FILE v. Diocese of Rockville Centre et al.*, Index No. 900031/2019 (Sup. Ct. Nassau Cty. 2019) NYSECF Doc. No. 1 ¶ 2 ("[The plaintiff] here seeks compensatory and punitive damages against the defendant religious institutions for their heinous and despicable acts of negligently hiring, enabling, retaining and failing to supervise Brian McKean ('Father Brian') (now deceased), a priest who was trained, ordained, incardinated, employed, authorized and assigned by the Diocese of Rockville Centre ('Diocese') to perform sacred ministerial functions and to exercise pastoral care and authority over Catholic parishioners and their minor children at several parishes of the Diocese.); *NAME ON FILE v. Diocese of Rockville Centre et al.*, Index No. 620497/2019 (Sup. Ct. Suffolk Cty. 2019) NYSECF Doc. No. 1 ¶ 2 ("Defendant Diocese has responsibility for Roman Catholic Church operations in Suffolk, Nassau and surrounding counties in New York. Defendant Diocese is the Diocese in which the sexual abuse occurred. Defendant Diocese is the Diocese that had jurisdiction and control over the Perpetrator, Church, Schools and Friaries during the dates of abuse, molestation, assault(s), and/or ratification."); *NAME ON FILE v. Diocese of Rockville Center, et al.*, Index No. 900029/2019 (Sup. Ct. Nassau Cty. 2019) NYSECF Doc. No. 2 ¶¶ 14-30 (complaint section titled "Diocese's Concealment of Acts of Sexual Abuse by Priests"); *NAME ON FILE et al. v. The Diocese of Rockville Centre et al.*, Index No. 618528/2019 (Sup. Ct. Suffolk Cty. 2019) NYSECF Doc. No. 1 ¶ 32 ("Sexual abuse of members of the public by Catholic clergy and agents of the Church has been a reality in the Catholic Church for centuries but has remained concealed by a pattern and practice of secrecy. This secrecy is rooted in the official policies of the Catholic Church which are applicable to all dioceses and in fact are part of the practices of each diocese, including the Diocese.")

### C.      Impact of the State Court Actions on the DRVC's Resources

22.      Litigating the State Court Actions during the pendency of this chapter 11 case will be burdensome on the DRVC and disrupt the administration and expeditious reorganization of the DRVC's estate's assets to the detriment of all creditors.

23.      Prior to the filing of the DRVC's bankruptcy case, key DRVC personnel, including the DRVC's General Counsel and Chief Operating Officer, as well as the legal, financial, and risk management departments, devoted substantial time and attention to matters related to the State Court Actions.  DRVC personnel were required to review and analyze new claims, develop litigation strategies, consider settlements, and manage litigation expenses.

24.      In addition, given the close relationship between the DRVC and the DRVC Related Parties, and the fact that claims against the DRVC were inextricably interwined with allegations against the State Court Defendants, the State Court Actions also required the DRVC's key personnel to closely coordinate with the State Court Defendants.  Such coordination involved not only the formulation of a litigation strategy, but also responses to discovery because the DRVC is the repository for most of the documents responsive to the Tort Claimants' discovery requests.

25.      These same DRVC departments and key personnel, however, will be required to actively manage the DRVC's chapter 11 process.  Among other things, DRVC personnel will be required to oversee the professionals engaged by the DRVC to assist with its chapter 11 case, participate in mediation and negotiations with creditors, develop a plan of reorganization and disclosure statement, and participate in the resolution of claims against the DRVC's estate.  In short, in order for the DRVC to successfully reorganize, its key personnel must devote their time and energy to the chapter 11 process.

26.     If the State Court Actions are allowed to proceed against the State Court

Defendants, however, the DRVC's key personnel will continue to be required to actively

participate in the litigation, notwithstanding the automatic stay.  In particular, DRVC personnel

would likely be required to assist in the discovery process, testify at depositions and trials,

monitor and participate in settlement discussions, and coordinate with the State Court

Defendants about an overall defense strategy.

27.     Such continued participation would generate expense for the DRVC and would

distract key DRVC personnel from the reorganization efforts, causing real and substantial harm

to the DRVC, it's estate, and its creditors.

### D.     Impact of State Court Actions on the DRVC's Insurance Policies

28.     The DRVC and the DRVC Related Parties are named insureds under the DRVC's

applicable general liability policies.[6]  As insureds, the DRVC Related Parties have the same

rights to the proceeds of those insurance policies as the DRVC.

29.     The DRVC's insurance policies are likely to be the single most important estate

asset available to compensate creditors.  Dissipation of those insurance policies by the DRVC

Related Parties through payment of defense costs, damages claims, or settlements in any ongoing

State Court Actions will thus directly impair the DRVC's ability to restructure and resolve

claims against it in this case.

30.     Any insurance proceeds paid on account of such DRVC Related Parties' losses

incurred in connection with the State Court Actions will directly reduce proceeds available to the

---

[6] For the avoidance of doubt, the DRVC Related Parties are the only co-defendants in the State Court
Actions that are covered by the insurance policies—the Individual Defendants and all other defendants named in the
State Court Actions are not covered by such policies.

DRVC under the policies and, in turn, will consume the assets of the estate to the detriment of other creditors.

31.     In all years of coverage, there is a limited amount of insurance proceeds for each claim available under the DRVC's insurance policies.  As a consequence, every dollar of insurance indemnification received by the DRVC Related Parties on account of a particular claim is one less dollar available to the DRVC's estate for payment on account of such claim under the DRVC's insurance policies.

### E.     Other Risks of Continued Litigation

32.     Finally, if the State Court Actions are allowed to proceed without the DRVC, the DRVC faces substantial risks of collateral estoppel, *res judicata*, record taint, and evidentiary prejudice.

33.     Indeed, given the overlap in the claims that have been asserted against the State Court Defendants and the DRVC, and the relationship between the DRVC and the DRVC Related Parties, the risk of preclusion through collateral estoppel or *res judicata* is high.

34.     Indeed, many theories of liability against both the DRVC and State Court Defendants rest on similar theories of failure to supervise the wrongdoers.  Thus, if, for example, a court were to render a judgment that a Parish was liable to a plaintiff on a failure to supervise theory, the DRVC could potentially face arguments that it is collaterally estopped concerning a finding of injury to the plaintiffs or with respect to certain applicable defenses.

35.     In addition, if a judgment against a DRVC Related Party is entered, the DRVC could face potential claims for contribution or indemnification, which would increase the claims against the DRVC's estate to the detriment of existing creditors.

36.     Because of these risks, the DRVC will be forced to participate in the litigation, thus undermining the automatic stay.  Absent a stay, these issues will effectively compel the DRVC to monitor and participate in numerous trials.

## CLAIMS FOR RELIEF

## COUNT ONE

**DECLARATION THAT THE AUTOMATIC STAY OF 11 U.S.C. § 362(a)
PROHIBITS PROSECUTION OF THE STATE COURT ACTIONS
(Declaratory Relief)**

37.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 36 inclusive, as though fully set forth herein.

38.     Section 362(a)(1) of the Bankruptcy Code prohibits the commencement or continuation of any actions against a debtor that were or could have been commenced prior to the bankruptcy filing, or which seek to recover for any claim that arose prior to the commencement of the bankruptcy case

39.     Section 362(a)(3) of the Bankruptcy Code prohibits the commencement or continuation of any act to obtain possession of, or exercise control over, the property of the debtor's estate.

40.     This Court has the power, pursuant to 11 U.S.C. § 105(a), to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

41.     This Court has power, pursuant to 11 U.S.C. § 2201, to declare the rights and other legal relations of any interested party seeking such declaration in a case of actual controversy within its jurisdiction.

42.     The proceeds of the DRVC's insurance policies are property of the DRVC's estate pursuant to 11 U.S.C. § 541(a).

43.     Because the DRVC Related Parties are named insureds with the DRVC under the DRVC's insurance policies, they have the right to claim the proceeds of such policies with respect to any covered loss.

44.     Permitting continued prosecution of the State Court Actions against the DRVC Related Parties will therefore diminish the estate's insurance assets.

45.     Indeed, the DRVC's insurance policies are likely to be the single most important estate asset available to compensate creditors.

46.     Dissipation of those policies through payment of defense costs or damages claims will thus directly impair the DRVC's ability to restructure and resolve claims against it in this case.

47.     Continued prosecution of the State Court Actions against the DRVC Related Parties would thus have an immediate adverse effect on the DRVC's estate.

48.     Accordingly, Section 362(a)(3) prohibits the continued prosecution of the State Court Actions against the DRVC Related Parties.

49.     Moreover, the alleged policies, procedures, and practices which underlie any claims against the State Court Defendants are the alleged policies, practices and procedures of the DRVC.

50.     Many of the claims asserted against the State Court Defendants are not capable of being adjudicated without impacting the DRVC's interests.

51.     The testimonial and documentary evidence the plaintiffs in the State Court Actions will rely on at trial will, in large part, be from the DRVC and not from the State Court Defendants.

52.    The claims asserted in the State Court Actions arose in the context of the DRVC's and the State Court Defendants' pursuit of a common charitable mission.

53.    The DRVC and the State Court Defendants therefore share an identity of interest with respect to the claims asserted in the State Court Actions.

54.    In fact, as the Tort Claimants have asserted in the State Court Actions, the DRVC is the "main target" of the State Court Actions and the real party in interest in the litigation.

55.    Continued prosecution of the State Court Actions against the DRVC Related Parties would thus have an immediate adverse effect on the DRVC's estate.

56.    Accordingly, Section 362(a)(1) of the Bankruptcy Code prohibits continued prosecution of the State Court Actions.

57.    The automatic stay provisions imposed by section 362(a) of the Bankruptcy Code prevent the continued prosecution of the State Court Actions, insofar as each matter is, in effect, ultimately an act to obtain possession of property from the DRVC's estate, and moreover, amounts to an action against the DRVC.

58.    Plaintiffs are entitled to a declaratory judgment that continued prosecution of the State Court Actions is prohibited by both section 362(a)(1) and 362(a)(3) of the Bankruptcy Code.

59.    A substantial controversy exists between the DRVC and the Tort Claimants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.  A prompt judicial determination of the respective rights and duties of the parties in these respects is necessary and appropriate.

## COUNT TWO

**PERMANENT INJUNCTION
ENJOINING THE STATE COURT ACTIONS
UNDER 11 U.S.C. § 105(a) AND RULE 7065 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE
(Injunctive Relief)**

60.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 59

inclusive, as though fully set forth herein.

61.     Section 105(a) of the Bankruptcy Code gives this Court power to "issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title." 11 U.S.C. § 105(a).

62.     Pursuant to section 105(a), this Court has authority to issue an injunction staying

the State Court Actions.  *See McHale v. Alvarez* (*In re The 1031 Tax Group, LLC*), 397 B.R.

670, 684 (Bankr. S.D.N.Y. 2008).

63.     The four traditional factors for equitable relief, modified to fit the bankruptcy

context, favor an injunction staying the State Court Actions.

64.     The DRVC is likely to successfully reorganize.  To date, the DRVC has sought

necessary early-case relief and will soon be proposing a plan and disclosure statement which, if

confirmed, would allow it to successfully reorganize.

65.     If the State Court Actions are not enjoined, the DRVC will suffer irreparable

harm.  Allowing the State Court Actions to proceed will cause the DRVC's insurance proceeds

to be dissipated, will require the DRVC to monitor and participate in the ongoing litigation, and

will burden and distract the DRVC's principals from focusing on the chapter 11 case.

66.     The balance of hardships favors the DRVC.  Failing to enjoin continued

prosecution of the State Court Actions will harm the DRVC and will eviscerate the protections of

the automatic stay, imperiling its successful reorganization.  On the other hand, temporarily enjoining the State Court Actions to ensure an equitable recovery for all victims will cause comparatively less harm to the plaintiffs in the State Court Actions.

67.    The public interest favors an injunction staying the State Court Actions.  A successful reorganization would restore the ability of the DRVC to continue its charitable mission and would avoid inequitable treatment of similarly situated victims.

68.    The Court should therefore enter an injunction staying the State Court Actions through the conclusion of the chapter 11 case.

69.    A substantial controversy exists between the DRVC and the Tort Claimants of sufficient immediacy and reality to warrant the issuance of an injunction under 11 U.S.C. § 105(a).  A prompt judicial determination of the respective rights and duties of the parties in these respects is necessary and appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

a)    for a declaration that the State Court Actions should be and are stayed under section 362(a) of the Bankruptcy Code;

b)    for a permanent injunction under sections 362 and 105(a) of the Bankruptcy Code barring the continued prosecution of the State Court Actions, or the commencement of any action or proceeding of any nature whatsoever by the Tort Claimants or otherwise based on the allegations set forth in the State Court Actions; and

c)    for such other and further legal and equitable relief as this Court deems just and proper.

Dated:  October 1, 2020
      New York, New York

Respectfully submitted,

*/s/  Corinne Ball*
Corinne Ball
Todd Geremia
Benjamin Rosenblum
Andrew M. Butler
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Email:  cball@jonesday.com
      trgeremia@jonesday.com
      brosenblum@jonesday.com
      abutler@jonesday.com

      -and-

Christopher DiPompeo (*pro hac vice* pending)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone:  (202) 879-7686
Facsimile:  (202) 626-1700
Email:  cdipompeo@jonesday.com

*Proposed Counsel for the Debtor and*
*Debtor in Possession*

### Verification of Thomas Renker

I, Thomas Renker, am authorized to make this verification on behalf of the Diocese of Rockville Centre.  I have read the foregoing *Verified Complaint for Declaratory and Injunctive Relief.*  I am informed and believe that the matters stated therein are true.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in Mineola, New York, on October 1, 2020.


  /s/ *Thomas Renker*
  Thomas Renker

## EXHIBIT A

**(List of State Court Actions)**

## List of State Court Actions

| Defendant No. | Index No. and/or Case No. | Defendants(s) |
|---|---|---|
| 1. | 611155/2019 | NAME ON FILE |
| 2. | 900001/2019 | NAME ON FILE |
| 3. | 900002/2019 | NAME ON FILE |
| 4. | 900003/2019; 2:19-cv-04738 | NAME ON FILE |
| 5. | 900004/2019 | NAME ON FILE |
| 6. | 900005/2019 | NAME ON FILE |
| 7. | 900007/2019 | NAME ON FILE |
| 8. | 900008/2019 | NAME ON FILE |
| 9. | 900010/2019 | NAME ON FILE |
| 10. | 900011/2019 | NAME ON FILE |
| 11. | 900012/2019 | NAME ON FILE |
| 12. | 900013/2019 | NAME ON FILE |
| 13. | 900014/2019 | NAME ON FILE |
| 14. | 900015/2019 | NAME ON FILE |
| 15. | 900016/2019 | NAME ON FILE |
| 16. | 900017/2019 | NAME ON FILE |
| 17. | 900019/2019 | NAME ON FILE |
| 18. | 900020/2019 | NAME ON FILE |
| 19. | 900021/2019 | NAME ON FILE |
| 20. | 900022/2019 | NAME ON FILE |
| 21. | 900024/2019 | NAME ON FILE |
| 22. | 900025/2019 | NAME ON FILE |
| 23. | 900027/2019 | NAME ON FILE |
| 24. | 900028/2019 | NAME ON FILE |
| 25. | 900029/2019 | NAME ON FILE |
| 26. | 950002/2019 | NAME ON FILE |
| 27. | 615903/2019 | NAME ON FILE |
| 28. | 900006/2019 | NAME ON FILE |
| 29. | 900031/2019 | NAME ON FILE |
| 30. | 900032/2019 | NAME ON FILE |
| 31. | 900035/2019 | NAME ON FILE |
| 32. | 900036/2019 | NAME ON FILE |
| 33. | 518726/2019 | NAME ON FILE |
| 34. | 900037/2019 | NAME ON FILE |
| 35. | 519191/2019 | NAME ON FILE |
| 36. | 900039/2019 | NAME ON FILE |
| 37. | 617355/2019 | NAME ON FILE |
| 38. | 519862/2019 | NAME ON FILE |
| 39. | 900040/2019 | NAME ON FILE |
| 40. | 618528/2019 | NAME ON FILE |
| 41. | 618542/2019 | NAME ON FILE |
| 42. | 900041/2019 | NAME ON FILE |
| 43. | 900042/2019 | NAME ON FILE |
| 44. | 900045/2019 | NAME ON FILE |
| 45. | 950167/2019 | NAME ON FILE |
| 46. | 900046/2019 | NAME ON FILE |
| 47. | 900048/2019 | NAME ON FILE |
| 48. | 619881/2019 | NAME ON FILE |
| 49. | 950169/2019 | NAME ON FILE |
| 50. | 522308/2019 | NAME ON FILE |

| Defendant No. | Index No. and/or Case No. | Defendants(s) |
|---|---|---|
| 51. | 620497/2019 | NAME ON FILE |
| 52. | 900050/2019 | NAME ON FILE |
| 53. | 900051/2019 | NAME ON FILE |
| 54. | 900052/2019 | NAME ON FILE |
| 55. | 900053/2019 | NAME ON FILE |
| 56. | 900054/2019 | NAME ON FILE |
| 57. | 621553/2019 | NAME ON FILE |
| 58. | 900057/2019 | NAME ON FILE |
| 59. | 524748/2019 | NAME ON FILE |
| 60. | 900064/2019 | NAME ON FILE |
| 61. | 526614/2019 | NAME ON FILE |
| 62. | 624824/2019 | NAME ON FILE |
| 63. | 527922/2019 | NAME ON FILE |
| 64. | 900068/2019 | NAME ON FILE |
| 65. | 900069/2019 | NAME ON FILE |
| 66. | 900070/2019 | NAME ON FILE |
| 67. | 900071/2019 | NAME ON FILE |
| 68. | 900072/2019 | NAME ON FILE |
| 69. | 900073/2019 | NAME ON FILE |
| 70. | 900002/2020 | NAME ON FILE |
| 71. | 900003/2020 | NAME ON FILE |
| 72. | 600873/2020 | NAME ON FILE |
| 73. | 900004/2020 | NAME ON FILE |
| 74. | 900006/2020 | NAME ON FILE |
| 75. | 900008/2020 | NAME ON FILE |
| 76. | 900010/2020 | NAME ON FILE |
| 77. | 900011/2020 | NAME ON FILE |
| 78. | 900012/2020 | NAME ON FILE |
| 79. | 900013/2020 | NAME ON FILE |
| 80. | 900014/2020 | NAME ON FILE |
| 81. | 900015/2020 | NAME ON FILE |
| 82. | 900018/2020 | NAME ON FILE |
| 83. | 900022/2020 | NAME ON FILE |
| 84. | 506103/2020 | NAME ON FILE |
| 85. | 506559/2020 | NAME ON FILE |
| 86. | 900029/2020 | NAME ON FILE |
| 87. | 9000362020 | NAME ON FILE |
| 88. | 900030/2020 | NAME ON FILE |
| 89. | 900031/2020 | NAME ON FILE |
| 90. | 900032/2020 | NAME ON FILE |
| 91. | 900033/2020 | NAME ON FILE |
| 92. | 605941/2020 | NAME ON FILE |
| 93. | 606396/2020 | NAME ON FILE |
| 94. | 606672/2020 | NAME ON FILE |
| 95. | 606674/2020 | NAME ON FILE |
| 96. | 900041/2020 | NAME ON FILE |
| 97. | 900042/2020 | NAME ON FILE |
| 98. | 9000043/2020 | NAME ON FILE |
| 99. | 607467/2020 | NAME ON FILE |
| 100. | 900044/2020 | NAME ON FILE |
| 101. | 900045/2020 | NAME ON FILE |
| 102. | 607768/2020 | NAME ON FILE |

| Defendant No. | Index No. and/or Case No. | Defendants(s) |
|---|---|---|
| 103. | 900046/2020 | NAME ON FILE |
| 104. | 900047/2020 | NAME ON FILE |
| 105. | 900048/2020 | NAME ON FILE |
| 106. | 950229/2020 | NAME ON FILE |
| 107. | 900050/2020 | NAME ON FILE |
| 108. | 900051/2020 | NAME ON FILE |
| 109. | 900052/2020 | NAME ON FILE |
| 110. | 900053/2020 | NAME ON FILE |
| 111. | 900054/2020 | NAME ON FILE |
| 112. | 900055/2020 | NAME ON FILE |
| 113. | 900056/2020 | NAME ON FILE |
| 114. | 900057/2020 | NAME ON FILE |
| 115. | 900058/2020 | NAME ON FILE |
| 116. | 900059/2020 | NAME ON FILE |
| 117. | 900060/2020 | NAME ON FILE |
| 118. | 900061/2020 | NAME ON FILE |
| 119. | 900062/2020 | NAME ON FILE |
| 120. | 900063/2020 | NAME ON FILE |
| 121. | 900064/2020 | NAME ON FILE |
| 122. | 900065/2020 | NAME ON FILE |
| 123. | 900066/2020 | NAME ON FILE |
| 124. | 900067/2020 | NAME ON FILE |
| 125. | 900068/2020 | NAME ON FILE |
| 126. | 900069/2020 | NAME ON FILE |
| 127. | 900070/2020 | NAME ON FILE |
| 128. | 900071/2020 | NAME ON FILE |
| 129. | 900072/2020 | NAME ON FILE |
| 130. | 900073/2020 | NAME ON FILE |
| 131. | 900074/2020 | NAME ON FILE |
| 132. | 900075/2020 | NAME ON FILE |
| 133. | 900076/2020 | NAME ON FILE |
| 134. | 900077/2020 | NAME ON FILE |
| 135. | 900078/2020 | NAME ON FILE |
| 136. | 900079/2020 | NAME ON FILE |
| 137. | 950245/2020 | NAME ON FILE |
| 138. | 900080/2020 | NAME ON FILE |
| 139. | 900081/2020 | NAME ON FILE |
| 140. | 608381/2020 | NAME ON FILE |
| 141. | 900086/2020 | NAME ON FILE |
| 142. | 512125/2020 | NAME ON FILE |
| 143. | 900084/2020 | NAME ON FILE |
| 144. | 900085/2020 | NAME ON FILE |
| 145. | 900087/2020 | NAME ON FILE |
| 146. | 512319/2020 | NAME ON FILE |
| 147. | 512833/2020 | NAME ON FILE |
| 148. | 609115/2020 | NAME ON FILE |
| 149. | 900095/2020 | NAME ON FILE |
| 150. | 900094/2020 | NAME ON FILE |
| 151. | 900099/2020 | NAME ON FILE |
| 152. | 900101/2020 | NAME ON FILE |
| 153. | 900102/2020 | NAME ON FILE |
| 154. | 900103/2020 | NAME ON FILE |

| Defendant No. | Index No. and/or Case No. | Defendants(s) |
| --- | --- | --- |
| 155. | 900105/2020 | NAME ON FILE |
| 156. | 900110/2020 | NAME ON FILE |
| 157. | 513632/2020 | NAME ON FILE |
| 158. | 900114/2020 | NAME ON FILE |
| 159. | 900119/2020 | NAME ON FILE |
| 160. | 900124/2020 | NAME ON FILE |
| 161. | 900125/2020 | NAME ON FILE |
| 162. | 900131/2020 | NAME ON FILE |
| 163. | 513885/2020 | NAME ON FILE |
| 164. | 900107/2020 | NAME ON FILE |
| 165. | 900109/2020 | NAME ON FILE |
| 166. | 900111/2020 | NAME ON FILE |
| 167. | 900112/2020 | NAME ON FILE |
| 168. | 900113/2020 | NAME ON FILE |
| 169. | 900115/2020 | NAME ON FILE |
| 170. | 900117/2020 | NAME ON FILE |
| 171. | 900118/2020 | NAME ON FILE |
| 172. | 900120/2020 | NAME ON FILE |
| 173. | 900121/2020 | NAME ON FILE |
| 174. | 900122/2020 | NAME ON FILE |
| 175. | 900126/2020 | NAME ON FILE |
| 176. | 900127/2020 | NAME ON FILE |
| 177. | 900128/2020 | NAME ON FILE |
| 178. | 900129/2020 | NAME ON FILE |
| 179. | 900130/2020 | NAME ON FILE |
| 180. | 900132/2020 | NAME ON FILE |
| 181. | 900133/2020 | NAME ON FILE |
| 182. | 900134/2020 | NAME ON FILE |
| 183. | 900135/2020 | NAME ON FILE |
| 184. | 900136/2020 | NAME ON FILE |
| 185. | 900138/2020 | NAME ON FILE |
| 186. | 900139/2020 | NAME ON FILE |
| 187. | 900137/2020 | NAME ON FILE |
| 188. | 950535/2020 | NAME ON FILE |
| 189. | 900143/2020 | NAME ON FILE |
| 190. | 900145/2020 | NAME ON FILE |
| 191. | 610600/2020 | NAME ON FILE |
| 192. | 900149/2020 | NAME ON FILE |
| 193. | 900150/2020 | NAME ON FILE |
| 194. | 900152/2020 | NAME ON FILE |
| 195. | 900153/2020 | NAME ON FILE |
| 196. | 515746/2020 | NAME ON FILE |
| 197. | 950642/2020 | NAME ON FILE |
| 198. | 517428/2020 | NAME ON FILE |
| 199. | 517533/2020 | NAME ON FILE |
| 200. | 900165/2020 | NAME ON FILE |
| 201. | (900058/2019) 900017/2020 | NAME ON FILE |
| 202. | 900171/2020 | NAME ON FILE |
| 203. | 900172/2020 | NAME ON FILE |
| 204. | 900170/2020 | NAME ON FILE |
| 205. | 900173/2020 | NAME ON FILE |
| 206. | 900168/2020 | NAME ON FILE |

| Defendant No. | Index No. and/or Case No. | Defendants(s) |
|---|---|---|
| 207. | 900174/2020 | NAME ON FILE |
| 208. | 518289/2020 | NAME ON FILE |
| 209. | 518025/2020 | NAME ON FILE |