20-01226-scc Doc 6-4 Filed 10/01/20 Entered 10/01/20 08:44:55 Exhibit B
- Part 3 - Royal Program Policy Compendium 1960-1970 Pg 1 of 72

Page 3
(third of four pages)

INCLUDED IN ORIGINAL ENTRY

## RETROSPECTIVE PREMIUM ENDORSEMENT – ONE YEAR – PLAN D
### (Continued)

TABLE I – (Continued)

| | | |
|---|---|---|
| Automobile Liability policies (Property Damage Liability) | $ **NOT IN PLAN** | each accident |
| General Liability policies (Property Damage Liability) | $ **25,000** | each accident |
| | $ **100,000** | aggregate operations |
| | $ **100,000** | aggregate protective |
| | $ **100,000** | aggregate products |
| | $ **100,000** | aggregate contractual |

Contractual Liability Endorsement (if made a part of any general liability policy designated in paragraph 1 above)

| | | |
|---|---|---|
| Bodily Injury Liability | $ **25,000** | each person |
| | $ **25,000** | each accident |
| Property Damage Liability | $ **25,000** | each accident |
| | $ **100,000** | aggregate |

The incurred losses to be included in computing the premium for the insurance subject to Plan D shall not include that portion of the losses actually paid and the reserves for unpaid losses which is in excess of the limits of liability stated above, but that part of the incurred losses consisting of premiums on bonds, interest accruing after entry of judgment, allocated loss adjustment expenses and expenses incurred in seeking recovery against a third party shall not be subject to such limits.

4. Combined Liability Loss Limitations is $
5. Compensation Loss Limitation is $ **25,000**
6. Automobile Physical Damage Loss Limitation is $
7. Loss Conversion Factor is **1.14**
8.

| STATE TAX MULTIPLIERS | | | | | EXCESS LOSS PREMIUM FACTORS | | |
|---|---|---|---|---|---|---|---|
| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Automobile and General Liability | Automobile Physical Damage |
| NEW YORK | 1.031 | NOT IN PLAN | 1.031 | NOT IN PLAN | 4.5 | NONE | NOT IN PLAN |

20-01226-scc   Doc 6-4   Filed 10/01/20   Entered 10/01/20 08:44:55   Exhibit B
Part 3 - Royal Program Policy Compendium 1960-1970   Pg 2 of 72

Page 4

(fourth of four pages)

## RETROSPECTIVE PREMIUM ENDORSEMENT — ONE YEAR — PLAN D

### (Continued)

### TABLE II — PERCENTAGES TO DETERMINE BASIC, MINIMUM, AND MAXIMUM PREMIUMS.

The basic premium, the minimum premium, and the maximum premium for insurance subject to Plan D are percentages of the standard premium for such insurance. Such percentages are computed initially upon an estimate of the standard premium and finally upon the earned standard premium for such insurance. If the standard premium lies between any two of the figures on the "Standard Premium" line, the percentages applicable shall be obtained by linear interpolation to the nearest one-tenth of 1%.

#### PERCENTAGES OF STANDARD PREMIUM

| | 50% | 100% | 150% |
|---|---|---|---|
| Standard Premium $ | 277,685 or less | $ 555,369 | $ 833,054 or more |
| Minimum Premium | 40.0 | 40.0 | 40.0 |
| Maximum Premium | 125.0 | 125.0 | 125.0 |
| Basic Premium COMPENSATION | 23.1 | 21.2 | 20.7 |
| GEN. LIAB. | 24.2 | 20.7 | 19.6 |



This endorsement is issued for attachment to and is hereby made a part of the policy designated below and is effective as of the date indicated, at 12:01 A.M., standard time at the address of the insured as stated in the policy.

| POLICY NUMBER | NAME OF COMPANY | ENDORSEMENT (MONTH, DAY, YEAR) EFFECTIVE DATE |
|---|---|---|
| RTG 604829 | ROYAL INDEMNITY COMPANY | OCT. 1, 1969 |

INSURED
ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, N.Y., ETAL

| PRODUCER | PRODUCER CODE NUMBER |
|---|---|
| | |

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

Signature of Authorized Representative

CL21131J
STANDARD

# PREMIUM DISCOUNT ENDORSEMENT – NEW YORK

Liability

### (Automobile and General Liability Insurance)

INCLUDED IN ORIGINAL ENTRY

This endorsement is issued for attachment to and is hereby made a part of the policy designated below and is effective as of the date indicated, at 12:01 A.M., standard time at the address of the named insured as stated in the policy.

| POLICY NUMBER | NAME OF COMPANY | | |
|---|---|---|---|
| RTG 604829 | ROYAL INDEMNITY COMPANY | Endorsement Effective Date | MONTH DAY YEAR OCT. 1, 1969 |

| NAMED INSURED | |
|---|---|
| ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, N.Y., ETAL | 70 |

| PRODUCER | PRODUCER CODE NUMBER |
|---|---|
| | |

It is agreed that the premium pertaining to New York for Liability, Medical Payments and Elevator Collision insurance is subject to discount in accordance with the following procedure:

1. **New York Standard Premium.** Such premium pertaining to New York computed in accordance with the provisions of the policies designated in Paragraph 5 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, shall be known as the New York Standard Premium.

2. **Total Standard Premium For All States.** The Liability, Medical Payments and Elevator Collision premium computed in accordance with the provisions of the policies designated in Paragraph 5 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, any Automatic Premium Adjustment Endorsement, any Premium Return Plan Endorsement, or other Premium Discount Endorsement, shall be known as the Total Standard Premium.

3. **Premium Discount – New York**

   (a) For policy periods of one year or less – The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentages for the Total Standard Premium obtained from the Table of 'New York Premium Discounts' printed on the reverse side hereof.

   (b) For Policy Periods of more than one year – The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentage for the Total Standard Premium obtained from the Table of "New York Premium Discounts." The Total Standard Premium for each annual period shall be the policy premium for such insurance for each such period.

   (c) If retrospective rating is applicable to a part of the premium pertaining to New York, the amount of premium discount applicable to the New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be the difference between (1) the discount determined by applying to the New York Standard Premium the applicable percentages stated in said Table opposite the Total Standard Premium and (2) the discount determined by applying to that portion of the New York Standard Premium which is subject to a retrospective rating the applicable percentages stated in said Table opposite so much of the Total Standard Premium as is subject to retrospective rating.

   (d) The provisions of this endorsement shall not apply in the event the New York Standard Premium is $100 or less and in no event shall the application of the provisions of this endorsement result in an earned premium of less than $100 as applicable to New York.

4. **Table – New York Premium Discounts.** Table printed on reverse side hereof.

5. List of Policies Subject to New York Premium Discount        Estimated Standard Premium

| | |
|---|---|
| RTG 604829 | AS PER CERTIFICATES ATTACHED |
| | |
| | |
| | $414,610.00   Total |

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

SIGNATURE OF AUTHORIZED REPRESENTATIVE

CL21132H

## NEW YORK PREMIUM DISCOUNT TABLE

### Premium Discount Percentages Applicable to New York Standard Premium

| Total Standard Premium (See Note) (1) | General Liability (2) | Automobile Liability-Garages (3) | Taxis, Livery, Buses and Long Haul Truckmen (4) | All Other Auto Liability (5) |
|---|---|---|---|---|
| 1,000 or less | 0.0% | 0.0% | 0.0% | 0.0% |
| 1,050 | 0.7 | 0.3 | 0.1 | 0.3 |
| 1,100 | 1.2 | 0.6 | 0.1 | 0.5 |
| 1,150 | 1.6 | 0.7 | 0.1 | 0.7 |
| 1,200 | 1.9 | 0.9 | 0.2 | 0.8 |
| 1,250 | 2.3 | 1.1 | 0.2 | 1.0 |
| 1,300 | 2.6 | 1.2 | 0.2 | 1.1 |
| 1,350 | 2.9 | 1.4 | 0.3 | 1.2 |
| 1,400 | 3.1 | 1.5 | 0.3 | 1.3 |
| 1,450 | 3.4 | 1.6 | 0.3 | 1.4 |
| 1,500 | 3.6 | 1.7 | 0.3 | 1.5 |
| 1,550 | 3.8 | 1.8 | 0.4 | 1.6 |
| 1,600 | 4.0 | 1.9 | 0.4 | 1.7 |
| 1,650 | 4.2 | 2.0 | 0.4 | 1.8 |
| 1,700 | 4.4 | 2.1 | 0.4 | 1.9 |
| 1,750 | 4.6 | 2.2 | 0.4 | 2.0 |
| 1,800 | 4.7 | 2.3 | 0.5 | 2.0 |
| 1,850 | 4.9 | 2.3 | 0.5 | 2.1 |
| 1,900 | 5.0 | 2.4 | 0.5 | 2.2 |
| 1,950 | 5.2 | 2.5 | 0.5 | 2.2 |
| 2,000 | 5.4 | 2.6 | 0.5 | 2.3 |
| 2,100 | 5.6 | 2.7 | 0.5 | 2.4 |
| 2,200 | 5.8 | 2.8 | 0.6 | 2.5 |
| 2,300 | 6.0 | 2.9 | 0.6 | 2.6 |
| 2,400 | 6.2 | 3.0 | 0.6 | 2.7 |
| 2,500 | 6.4 | 3.0 | 0.6 | 2.7 |
| 2,600 | 6.5 | 3.1 | 0.6 | 2.8 |
| 2,700 | 6.7 | 3.2 | 0.6 | 2.9 |
| 2,800 | 6.9 | 3.3 | 0.6 | 2.9 |
| 2,900 | 6.9 | 3.3 | 0.7 | 3.0 |
| 3,000 | 7.1 | 3.4 | 0.7 | 3.0 |
| 3,100 | 7.2 | 3.4 | 0.7 | 3.1 |
| 3,200 | 7.3 | 3.5 | 0.7 | 3.1 |
| 3,300 | 7.4 | 3.5 | 0.7 | 3.2 |
| 3,400 | 7.5 | 3.6 | 0.7 | 3.2 |
| 3,500 | 7.5 | 3.6 | 0.7 | 3.2 |
| 3,600 | 7.6 | 3.6 | 0.7 | 3.3 |
| 3,700 | 7.7 | 3.7 | 0.7 | 3.3 |
| 3,800 | 7.8 | 3.7 | 0.7 | 3.3 |
| 3,900 | 7.8 | 3.7 | 0.7 | 3.4 |
| 4,000 | 7.9 | 3.8 | 0.8 | 3.4 |
| 4,200 | 8.1 | 3.8 | 0.8 | 3.5 |
| 4,400 | 8.2 | 3.9 | 0.8 | 3.5 |
| 4,600 | 8.3 | 3.9 | 0.8 | 3.5 |
| 4,800 | 8.4 | 4.0 | 0.8 | 3.6 |
| 5,000 | 8.5 | 4.1 | 0.9 | 3.7 |
| 5,200 | 8.8 | 4.3 | 1.2 | 3.9 |
| 5,400 | 9.1 | 4.5 | 1.4 | 4.1 |
| 5,600 | 9.3 | 4.7 | 1.6 | 4.3 |
| 5,800 | 9.5 | 4.8 | 1.8 | 4.4 |
| 6,000 | 9.7 | 5.0 | 2.0 | 4.6 |
| 6,200 | 9.9 | 5.1 | 2.2 | 4.7 |
| 6,400 | 10.1 | 5.3 | 2.3 | 4.8 |
| 6,600 | 10.3 | 5.4 | 2.5 | 5.0 |
| 6,800 | 10.4 | 5.5 | 2.6 | 5.1 |
| 7,000 | 10.6 | 5.6 | 2.8 | 5.2 |
| 7,200 | 10.7 | 5.7 | 2.9 | 5.3 |
| 7,400 | 10.9 | 5.8 | 3.0 | 5.4 |
| 7,600 | 11.0 | 5.9 | 3.1 | 5.5 |
| 7,800 | 11.1 | 6.0 | 3.3 | 5.6 |
| 8,000 | 11.2% | 6.1% | 3.4% | 5.7% |
| 8,200 | 11.3 | 6.2 | 3.5 | 5.7 |
| 8,400 | 11.4 | 6.3 | 3.6 | 5.8 |
| 8,600 | 11.5 | 6.3 | 3.6 | 5.9 |
| 8,800 | 11.6 | 6.4 | 3.7 | 6.0 |
| 9,000 | 11.7 | 6.5 | 3.8 | 6.0 |
| 9,200 | 11.8 | 6.5 | 3.9 | 6.1 |
| 9,400 | 11.9 | 6.6 | 4.0 | 6.2 |
| 9,600 | 12.0 | 6.7 | 4.0 | 6.2 |
| 9,800 | 12.1 | 6.7 | 4.1 | 6.3 |
| 10,000 | 12.2 | 6.8 | 4.2 | 6.4 |
| 10,500 | 12.4 | 6.9 | 4.4 | 6.5 |
| 11,000 | 12.5 | 7.1 | 4.5 | 6.6 |
| 11,500 | 12.7 | 7.2 | 4.6 | 6.7 |
| 12,000 | 12.8 | 7.3 | 4.8 | 6.8 |
| 12,500 | 12.9 | 7.3 | 4.9 | 6.9 |
| 13,000 | 13.0 | 7.4 | 5.0 | 7.0 |
| 13,500 | 13.1 | 7.5 | 5.1 | 7.0 |
| 14,000 | 13.2 | 7.6 | 5.1 | 7.1 |
| 14,500 | 13.3 | 7.6 | 5.2 | 7.2 |
| 15,000 | 13.4 | 7.7 | 5.3 | 7.3 |
| 16,000 | 13.6 | 7.8 | 5.5 | 7.4 |
| 17,000 | 13.7 | 7.9 | 5.6 | 7.5 |
| 18,000 | 13.8 | 8.0 | 5.7 | 7.5 |
| 19,000 | 13.9 | 8.1 | 5.8 | 7.6 |
| 20,000 | 14.0 | 8.2 | 5.9 | 7.7 |
| 21,000 | 14.1 | 8.2 | 5.9 | 7.7 |
| 22,000 | 14.2 | 8.3 | 6.0 | 7.8 |
| 23,000 | 14.2 | 8.3 | 6.1 | 7.9 |
| 24,000 | 14.3 | 8.4 | 6.1 | 7.9 |
| 25,000 | 14.4 | 8.5 | 6.2 | 8.0 |
| 27,500 | 14.5 | 8.5 | 6.3 | 8.1 |
| 30,000 | 14.8 | 8.8 | 6.5 | 8.3 |
| 32,500 | 15.3 | 9.2 | 6.8 | 8.6 |
| 35,000 | 15.7 | 9.5 | 7.1 | 8.9 |
| 37,500 | 16.1 | 9.8 | 7.3 | 9.2 |
| 40,000 | 16.4 | 10.1 | 7.5 | 9.4 |
| 42,500 | 16.7 | 10.3 | 7.7 | 9.6 |
| 45,000 | 16.9 | 10.5 | 7.8 | 9.8 |
| 47,500 | 17.1 | 10.7 | 8.0 | 10.0 |
| 50,000 | 17.3 | 10.8 | 8.1 | 10.1 |
| 52,500 | 17.5 | 11.0 | 8.2 | 10.3 |
| 55,000 | 17.7 | 11.1 | 8.3 | 10.4 |
| 57,500 | 17.8 | 11.2 | 8.4 | 10.5 |
| 60,000 | 18.0 | 11.3 | 8.5 | 10.6 |
| 62,500 | 18.1 | 11.5 | 8.6 | 10.7 |
| 65,000 | 18.2 | 11.5 | 8.6 | 10.8 |
| 67,500 | 18.3 | 11.6 | 8.7 | 10.9 |
| 70,000 | 18.4 | 11.7 | 8.8 | 10.9 |
| 72,500 | 18.5 | 11.8 | 8.8 | 11.0 |
| 75,000 | 18.6 | 11.9 | 8.9 | 11.1 |
| 80,000 | 18.8 | 12.0 | 9.0 | 11.2 |
| 85,000 | 18.9 | 12.1 | 9.1 | 11.3 |
| 90,000 | 19.0 | 12.2 | 9.2 | 11.4 |
| 95,000 | 19.2 | 12.3 | 9.2 | 11.5 |
| 100,000 | 19.3 | 12.4 | 9.3 | 11.5 |
| over 100,000 | * | * | * | * |

If the Total Standard Premium is between two of the amounts shown in Column (1) the premium discount percentage applicable is that shown for the lower of such amounts.

*If the Total Standard Premium is over $100,000, the discount percentage applicable for each kind of insurance shall be determined as the weighted average of the percentage shown for the first $100,000 of Total Standard Premium and the appropriate percentage for the portion of the Total Standard Premium over $100,000 as follows:

| Kind of Insurance | Portion Over $100,000 |
|---|---|
| General Liability | 26.7% |
| Automobile Liability--Garages | 17.5 |
| Taxis, Livery, Buses and Long Haul Truckmen | 14.0 |
| All Other Automobile Liability | 16.5 |

CI 21132H

# RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

**Royal Insurance**

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $2586. | $ — | JUN 1 7 1983 | RTG 604829 |

NAME OF INSURED

R.C. Diocese of Rockville Centre
NAME OF PRODUCER

PRODUCER CODE
0292425

The **Thirteenth** _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement—Plan **D** _____, attached to the policy results in

☑ the additional premium stated above, due the company

☐ the return premium stated above, due the named insured

☐ no change in premium

for the policy period from ____**10/1/69**____ to ____**10/1/70**____

This adjustment is

☑ final and will not be
☐ not final and will be } subject to further adjustment.

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | TRANS. | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | IO | TYP | SUP | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 — 13 | 14 — 20 | 21 | 22 | 23 | 85 | 86—87 | 88—89 | 90 | 91—92 | 93—94 | 95 | 96—97 | 98—99 |
| P | 0 | - | C | RTG 604829 | 0292425 | 1 | 4 | 0 | 10 | 01 | 69 | 10 | 01 | 70 | 6 | 17 | 83 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS BI | PD | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP * | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.D. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25—26 | 27—28 | 29 — 32 | 33 | 34 | 38 | 42 — 43 | 44 | — 45 | 46 | 47 | 44 | 55 — 60 | 61—63 64 — 68 | | 69 70 — 72 |
| | | | | | | | | | | | | 1 | | 000 | | 000 |
| 3 | 04 | 02 | 9870 | 9 | 9 | | 31 | 0 | 0 | - | 4 | | 2586.00 A.P. | | | |

ENTERED .82
JUN 2 1 1983
R.C. NEW YORK

CL21788G   *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY

ENTRY COPY

# RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

Royal Insurance

| This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy. | SIGNED BY |
|---|---|
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| **Royal Indemnity Co** | $  1350 | $ | JUN 10 1982 | RTG 604829 |

| | PRODUCER CODE |
|---|---|
| **R.C. Diocese of Rockville Centre** | 0292425 |

The ___Twelfth___ _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement—Plan ___D___ , attached to the policy results in

- [x] the additional premium stated above, due the company
- [ ] the return premium stated above, due the named insured
- [ ] no change in premium

for the policy period from ___10/1/69___ to ___10/1/70___

This adjustment is
- [ ] final and will not be } subject to further adjustment.
- [x] not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | | TRANS. | | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | | ID | TYP | SUP | | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | | 21 | 22 | 23 | | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | - | C | RTG 604829 | 0292425 | | 1 | 4 | 0 | | 10 | 01 | 69 | 10 | 01 | 70 | 6 | 10 | 82 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP * | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.D. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | | | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42-43 | 44-45 | 46 | 47 | 48 | | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| | | | | | | | | | | | | 1 | | 000 | | 000 |
| S | 04 | 02 | 9870 | | | | 31 | 0 c | - | 4 | | | 1350.00 | AP | | |

ENTERED - 22

JUN 11 1982

R-G NEW YORK

CL21788G   *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY       ENTRY COPY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Co. | $ 3073.00 | $ | JUN 4 1031 | RTG 604829 |

NAME OF INSURED

### R.C. Diocese of Rockville Centre

NAME OF PRODUCER

PRODUCER CODE

0292425

The _____ Eleventh _____ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan ___ D ___, attached to the policy results in

[X] the additional premium stated above, due the company

[ ] the return premium stated above, due the named insured,

[ ] no change in premium

for the policy period from _____ 10/1/69 _____ to _____ 10/1/70 _____

This adjustment is

[ ] final and will not be  } subject to further adjustment.
[X] not final and will be

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/H | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | TRANS. | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | ID | TYP | SUP | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | 21 | 22 | 23 | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | - | C | RTG604829 | 0292425 | 1 | 4 | 0 | 10 | 01 | 69 | 10 | 01 | 70 | 6 | 04 | 81 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP AUD | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.D. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | * | | | | | | |
| 24 | 25-26 | 27-28 | 29-32 | 33 | 34 | 38 | 42-43 | 44-45 | 46 | 47 | 48 | 55-60 | 61-63 | 64 | 69 | 70-72 |
| | | | | | | | | | | | 1 | | 000 | | | 000 |
| S | 04 | 02 | 9870 | 8 | 9 | | 31 | 0 0 | - | 4 | | 3073.00 | AP | | |

ENTERED-82
R-C NEW YORK

CL21788G   * CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY

ENTRY COPY

# RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| ROYAL INDEMNITY CO. | $ | $ 39,446. | AUG 2 0 1980 | RTG 604829 |

NAME OF INSURED
### R.C. DIOCESE OF ROCKVILLE CENTRE

NAME OF PRODUCER

PRODUCER CODE
0292425

The _____ **TENTH** _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement—Plan _____ **D** _____, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from _____ **10-1-69** _____ to _____ **10-1-70** _____

This adjustment is

☐ final and will not be
☒ not final and will be } subject to further adjustment.

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

---

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | | TRANS. | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KO | TYP | SPL | | | | | ID | TYP | SUP | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | | 21 | 22 | 23 | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | – | C | RTG 604829 | 0292425 | | 1 | 4 | 0 | 10 | 01 | 69 | 10 | 01 | 70 | 8 | 20 | 80 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEPT * | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.O. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | | | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42-43 | 44 | 45 | 46 | 47 | 48 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| | | | | | | | | | | | | 1 | | 000 | | 000 |
| S | 04 | 02 | 7870 | 9 | 9 | | .31 | | | | 4 | | 39446.00 | R.P. | | |

ENTERED - 82
AUG 2 1 1980
R.C. NEW YORK

CL21788G   *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY   ENTRY COPY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | 100,170. | $ | JUN 11 1979 | RTG 604829 |

NAME OF INSURED

R.C. Diocese of Rockville Centre

NAME OF PRODUCER

PRODUCER CODE

0292425

The _____ Ninth _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement—Plan ____ D ____, attached to the policy results in

[x] the additional premium stated above, due the company

[ ] the return premium stated above, due the named insured,

[ ] no change in premium

for the policy period from ____ 10/1/69 ____ to ____ 10/1/70

This adjustment is

[ ] final and will not be  }
[x] not final and will be  }  subject to further adjustment.

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

ps

| ENTRY | | N/R | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | TRANS. | | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | ID | TYP | SUP | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | 21 | 22 | 23 | 85 | 86 - 87 | 88 - 89 | 90 | 91 - 92 | 93 - 94 | 95 | 96 - 97 | 98 - 99 |
| P | 0 | C | RTG604829 | 0292425 | 1 | 4 | 0 | 10 | 01 | 69 | 10 | 01 | 70 | 6 | 11 | 79 |

| EPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP * | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.O. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | UI | PD | | | | | | | | | | | |
| 24 | 25-26 | 27 - 28 | 29 - 32 | 33 | 34 | 38 | 42 - 43 | 44 - 45 | 46 | 47 | 48 | 55 - 60 | 61 - 63 64 - 69 | 70 - 72 | | |
| 5 | 04 | 02 | 9870 | 9 | | | 31 | — | — | — | 4 | 1 | 100170.00 | AP 000 | | 000 |

NO COMMISSION

G.H. BELMER JUN 12 1979

CL21788G    *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY    ENTRY COPY

### RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO. DAY. YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $ | $ 29,384. | JUN 10 1978 | RTG 604829 |

NAME OF INSURED

### R.C. Diocese of Rockville Centre

NAME OF PRODUCER

PRODUCER CODE
0292425

The ___ **Eighth** ___ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan ___ **D** ___, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from ___ **10/1/69** ___ to ___ **10/1/70**

This adjustment is

☐ final and will not be } subject to further adjustment.

☒ not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | | PRODUCER CODE | | TRANS. | | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | | | ID | TYP | SUP | | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 | 13 | 14 | 20 | 21 | 22 | 23 | | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | | C | RTG 604829 | | 0292425 | | 1 | 4 | 0 | | 10 | 01 | 69 | 10 | 01 | 70 | 6 | 10 | 78 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP * | AUD PER | TERM | PREMIUM EXCEPT P.O. | | COMM. | P.D. PREMIUM | | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | | | | | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42 - 43 | 44 - 45 | 46 | 47 | 48 | 55 - 60 | 61 - 63 | 64 - 69 | 70 - 72 |
| | | | | | | | | | | | | 1 | | | 000 | | | 000 |
| 5 | 04 | C2 | 9870 | 4 | | | 31 | — — — | 4 | | | | 29384.00 | R.P | | | |

G. H. BELMER JUN 2 1978

[signature] 6/7/78

ENTERED- 52
JUN 13 1978
R-G METROPOLITAN

CL21788G  *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY

ENTRY COPY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

ROYAL-GLOBE INSURANCE

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|---|
| Royal Indemnity Company | | $ | $ 3,219.00 | JUN 1 4 1977 | RTG 604829 |

NAME OF INSURED

### R.C. Diocese of Rockville Centre

NAME OF PRODUCER

PRODUCER CODE

C 0292425

The **Seventh** adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan **D** , attached to the policy results in

[ ] the additional premium stated above, due the company

[X] the return premium stated above, due the named insured,

[ ] no change in premium

for the policy period from **10/1/69** to **10/1/70**

ENTERED-05
JUN 2 1 1977
R-G METROPOLITAN

This adjustment is

[ ] final and will not be }
[X] not final and will be } subject to further adjustment.

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | N/R | | TRANS. | | | DEP | LINE | FORM | CLASS | INDUS LIMITS | SAF DR | EXPOSURE | TAX STATE | SIZE | POL TYP TERR | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE | | EXPIRATION | | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | ID | TYP | SUP | | | | CLASS | DISC. | | | | | | | | | MO. | YR. | MO. | YR. | | | | |
| 1 | 2 | 3 | 4 | 21 | 22 | 23 | 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 35 36 - 41 | 42 - 43 | 44 - 45 | 46 | 47 | 48 | 49 50-51 | 52 53-54 | 55 - 60 | 61-63 64 - 69 | 70-72 |
| P | C | | | | 1 | 4 | C | | | | | | | | | | | | | | | | | 000 | | 000 |
| S | C4 | C2 | 4586 | | 9 | | | | | | | | | 31 | 07 | - | 4 | 1 | 10 | 69 | 10 | 70 | 3219.00 | RP | | |

CL21788E

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $ 7312.00 | $ — | JUN 21 1976 | RTG 604829 |

NAME OF INSURED   R.C. Diocese of Rockville Centre

NAME OF PRODUCER

PRODUCER CODE
C 0117420

The __Sixth__ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan __D__, attached to the policy results in

[X] the additional premium stated above, due the company
[ ] the return premium stated above, due the named insured,
[ ] no change in premium

for the policy period from __10/1/69__ to __10/1/70__

This adjustment is
[ ] final and will not be
[X] not final and will be } subject to further adjustment.

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | | TRANS. | | | | |
|---|---|---|---|---|---|---|---|---|---|
| KD 1 | TYP 2 | SPL 3 | 4 | | IN 21 | TYP 22 | SUP 23 | | |
| ∫ 0 | | 3 | | | 1 | 4 | 0 | | |

| DEP 24 | LINE 25-26 | FORM 27-28 | CLASS 29 | DISC. - 32 | INDUS LIMITS BI 33 | PD 34 | SAF OR 35 | EXPOSURE 36 - 41 | TAX STATE 42 - 43 | SIZE 44 - 45 | POL TYP 46 | ACCEP MED LMTS 47 | AUD PER 48 | TERM 49 | EFFECTIVE MO. 50-51 | YR. 52 | EXPIRATION MO. 53-54 | YR. 55 - 60 | PREMIUM EXCEPT P.D. 61-63 | COMM 64 - 69 | P.D. PREMIUM 70-72 | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | | | | 000 | 000 |
| 5 | 04 | 35 | 9870 | | 9 | | | ✓ | 31 | 07 | | — | 4 | 1 | 10 | 69 | 10 | 70 | 7312.00 | | | |

No COMMISSION

CL 21788D –

**RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT**

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY,YR.) | POLICY NUMBER |
|---|---|---|---|---|
| **Royal Indemnity Company** | $ - | $25014.00 | JUN 20 1975 | RTG 604829 |

NAME OF INSURED

**R.C. Diocese of Rockville Centre**

NAME OF PRODUCER

PRODUCER CODE
0117420

The _____ **Fifth** _____ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan _____ **D** _____, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from _____ **10/1/69** _____ to _____ **10/1/70**

ENTERED-36

This adjustment is

☐ final and will not be
☒ not final and will be } subject to further adjustment.

JHN 23 1975

R-G METROPOLITAN

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | | TRANS. | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | 4 | | ID | TYP | SUP | | | | | | | | | | | | | | | | | |
| 1 | 2 | 3 | | | 21 | 22 | 23 | | | | | | | | | | | | | | | | | |

| DEP | LINE | FORM | CLASS | | INDUS LIMITS | | SAF DR | EXPOSURE | TAX STATE | SIZE | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE | | EXPIRATION | | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CLASS | DISC. | BI | PD | | | | | | TERR | | | | MO. | YR. | MO. | YR. | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 35 | 36 - 41 | 42 - 43 | 44 - 45 | 46 | 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 - 60 | 61-63 | 64 - 69 | 70-72 | | |
| | | | | | | | | | | | | | | | | | | | **000** | | | **000** |
| 3 | 04 | 02 | 4873 | -1 | | | | | 1 | C7 | | -1 | 1 | | 10 | 70 | 1 | 29014.00 | RP | | | |

CL21788

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY, YR.) | POLICY NUMBER |
|---------|----------------|----------------|-------------------------------|---------------|
| ROYAL INDEMNITY COMPANY | $25,126.00 | – | 8/30/74 | RTG 604829 |

NAME OF INSURED

**R.C. DIOCESE OF ROCKVILLE CENTRE**

NAME OF PRODUCER

**CORROON & BLACK CO.**

PRODUCER CODE
**C-0117420**

The _____ **FOURTH** _____ adjustment, calculated in accordance with the provisions of the Retrospective

Premium Endorsement–Plan _____ **D** _____ , attached to the policy results in

[X] the additional premium stated above, due the company

[ ] the return premium stated above, due the named insured,

[ ] no change in premium

for the policy period from **OCTOBER 1, 1969** to **OCTOBER 1, 1970**

ENTERED-35
OCT 04 1974
R-G METROPOLITAN

This adjustment is

[ ] final and will not be } subject to further adjustment.
[X] not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY KD|TYP|SPL 1|2|3 | N/R 4 | | | TRANS. ID|TYP|SUP 21|22|23 | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| P | 0 | | | | | | | 1 | 4 | 0 | | | | | | | | | |

| DEP 24 | LINE 25-26 | FORM 27-28 | CLASS 29 - 32 | CLASS DISC. 33 | INDUS LIMITS 81 | SAF DR 34 | PD 35 | EXPOSURE 36 - 41 | TAX STATE 42 - 43 | SIZE 44 | POL TYP TERR 45 | ACCEP MED LMTS 46 | AUD PER 47 | TERM 48 | EFFECTIVE MO. 49 | YR. 50-51 | EXPIRATION MO. 52 | YR. 53-54 | PREMIUM EXCEPT P.D. 55 - 60 | COMM 61-63 | P.D. PREMIUM 64 - 69 | COMM 70-72 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 04 | 02 | 9870 | 9 | | | | ✓ | 31 | 0 | 1 | | 0 | 1 | 10 | 69 | 10 | 70 | 21126.00 | 000 | — | 000 |

5
ERED-
04 197.
TROPOLITAN

CL21788D –

**LB**

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| ROYAL INDEMNITY COMPANY | $143,279.00 | - | 9/12/73 | RTG 604829 |

NAME OF INSURED
**R.C. DIOCESE OF ROCKVILLE CENTRE**

| NAME OF PRODUCER | PRODUCER CODE |
|---|---|
| CORROON & BLACK CO. | CO117420 |

The _____ **THIRD** _____ adjustment, calculated in accordance with the provisions of the Retrospective

Premium Endorsement—Plan ___ **D** ___ , attached to the policy results in

[X] the additional premium stated above, due the company

[ ] the return premium stated above, due the named insured,

[ ] no change in premium

for the policy period from **OCTOBER 1, 1969** to **OCTOBER 1, 1970**

This adjustment is

[ ] final and will not be

[X] not final and will be  } subject to further adjustment.

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | | TRANS. | | |
|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | ID | TYP | SUP |
| 1 | 2 | 3 | 4 | | 21 | 22 | 23 |
| P | O | | | | 1 | 4 | O |

| DEP | LINE | FORM | CLASS | INDUS LIMITS | SAF OR | EXPOSURE | TAX STATE | SIZE | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO. YR. | EXPIRATION MO. YR. | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 35 | 36 - 41 | 42-43 | 44-45 | 46 | 47 | 48 | 49 50-51 52 | 53-54 55 - 60 | 61-63 64 - 69 | 70-72 | | | |
| S | 04 | 02 | 9870 | 9 | | ✓ | 31 | 07 | | O | 1 | 10 69 | 10 70 | 143279.00 | 000 | | 000 |

CL.21788D –

**RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT**

ROYAL-GLOBE INSURANCE

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY,YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $ — | $ 2159.00 | 9/14/72 | RTG 604829 |

NAME OF INSURED

R.C. Diocese of Rockville Centre

NAME OF PRODUCER

Corroon & Black Co.

PRODUCER CODE

CO117420

The ___Second___ adjustment, calculated in accordance with the provisions of the Retrospective

Premium Endorsement—Plan ___D___ , attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from ___Oct. 1, 1969___ to ___Oct. 1, 1970___

ENTERED 5
NOV 01 1972

This adjustment is

☐ final and will not be } subject to further adjustment.
☒ not final and will be

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| DEP | LINE | FORM | CLASS | CLASS DISC. | INDUS LIMITS BI | PD | SAF DR | EXPOSURE | TAX STATE | SIZE TERR | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO. | YR. | EXPIRATION MO. | YR. | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | BI 34 | 35 | 36 - 41 | 42-43 | 44-45 | 46 | 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 - 60 | 61-63 | 64 - 69 | 70-72 | | | |
| 5 | 04 | 03 | 9870 | 9 | | | ✓ | .31 | 27 | | 6 | 1 | 10 | 69 | 10 | 70 | 2159.00 | 000 | — | 000 | | | |

CL21788D —

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

ROYAL-GLOBE INSURANCE

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY,YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $ - | $85,406. | ~~9/21/71~~ 1/5/22 | RTG 604829 |

NAME OF INSURED

### R.C. Diocese of Rockville Centre

NAME OF PRODUCER

| | PRODUCER CODE |
|---|---|
| Corroon & Black Co. | C0117420 |

The **First** _____ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan **D** _____, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from **October 1, 1969** to **October 1, 1970**

This adjustment is

☐ final and will not be } subject to further adjustment.
☒ not final and will be }

ENTERED 5 JAN 05 1972

1bh

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | TRANS. | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | 4 | ID | TYP | SUP | | | | | | | | | | | | | | | | |
| 1 | 2 | 3 | | 21 | 22 | 23 | | | | | | | | | | | | | | | | |
| P | 0 | | | 1 | 4 | 0 | | | | | | | | | | | | | | | | |

| DEP | LINE | FORM | CLASS | INDUS LIMITS | | SAF DR | EXPOSURE | TAX STATE | SIZE TERR | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE | | EXPIRATION | | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CLASS | DISC. | BI | PD | | | | | | | | MO. | YR. | MO. | YR. | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 35 | 36 - 41 | 42-43 | 44-45 | 46 | 47 | 48 | 49 | 50-51 | 52 | 53-54 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| S | 04 | 02 | 9870 | 9 | | | 1 | 31 | 07 | | 0 | 2 | 10 | 69 | 10 | 70 | 85 406 | 000 | | 000 |

CL21788D

POLICY SYMBOL & NUMBER (5)
RTG 604829

# COVER NOTE

### RTG 604829

ENTERED
OCT 21 1969

P.O. ADDRESS (NO., ST., TOWN, COUNTY & STATE)

**NAMED INSURED**
Roman Catholic Diocese of
Rockville Centre, N. Y.
253 Sunrise Highway
Rockville Centre, N.Y. 11570

**PRODUCER**
Corroon & Black Company
150 William St.
New York, N. Y. 10038

| INSURING COMPANY | TENTATIVE ADVANCE PREMIUM | EFFECTIVE DATE |
|---|---|---|
| Royal Indemnity Co. | $414,610. | 10/1/69 |

The above named company, hereinafter referred to as the Company, agrees with the named insured, hereinafter referred to as the insured, in consideration of the payment of the above tentative advance premium and subject to all the terms of this Cover Note as follows:

**ITEM 1**—The Company acknowledges itself bound by the terms, conditions and limitations of the policy of insurance in current use by the Company for the kind of insurance specified in the Schedule of Insurance forming a part hereof from effective date shown herein and until one year thereafter or until such earlier date as the actual policy may be issued.

**ITEM 2—SCHEDULE OF INSURANCE**

### Renewal of RTG 604828

Comm. 07.8%

**ITEM 3—CANCELLATION**
Cancellation of the insurance described in Item 2 shall be in accordance with the applicable policy(ies) of insurance.

This Cover Note shall be terminated as of its inception by the issuance of the policy by the Company and the tentative advance premium shall be credited thereto.

IN WITNESS WHEREOF, the Company has caused this Cover Note to be signed by its President and a Secretary at New York, N. Y. and countersigned by a duly authorized representative of the Company.

X68934 A

COMPANY COPY

**Roman Catholic Diocese of Rockville Centre**

**<u>Royal Policy Cover Sheet</u>**

|                    |                        |
|-------------------:|------------------------|
| Insurer:           | Royal Indemnity        |
| Policy number:     | RLA 101501             |
| Inception date:    | 6/4/1970               |
| Term at issuance:  | 1 year                 |
| Page count:        | 9                      |
| Contents:          | Declaration- 2 pgs     |
|                    | Policy jacket- 3 pgs   |
|                    | Endorsement- 4 pgs     |

# ROYAL INDEMNITY COMPANY

(A Stock Company, herein called the Company)

A Corporation of **NEW YORK**

EXECUTIVE OFFICE:
150 WILLIAM STREET
NEW YORK, N.Y. 10038

**COMPREHENSIVE CATASTROPHE
LIABILITY POLICY
(BIG SHIELD)**

Policy No.   **RLA 101501**

## SECTION I—DECLARATIONS

DIOCESAN SERVICE, INC.
253 SUNRISE HIGHWAY
ROCKVILLE CENTRE, N.Y.

| ITEM 1 | NAME OF INSURED AND ADDRESS | ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK AND AS PER ENDORSEMENT #1 253 SUNRISE HIGHWAY ROCKVILLE CENTRE, N. Y. |
|---|---|---|

| ITEM 2 | POLICY PERIOD | FROM **JUNE 4, 1970** TO **JUNE 4, 1971** | 12:01 A.M. Standard Time at the address of the Named Insured |
|---|---|---|---|

| ITEM 3 | ADDITIONAL INTERESTS REFERENCE: DEFINITIONS ITEM 1C) | |
|---|---|---|

| ITEM 4 | LIMITS AND PREMIUM | LIMIT OF LIABILITY | | RETAINED LIMIT |
|---|---|---|---|---|
| | | EACH OCCURRENCE $ **4,000,000** | AGGREGATE $ **4,000,000** | EACH OCCURRENCE $ **AS PER ENDORSEMENT #2** |
| | | PREMIUM $ **62,069. FLAT CHARGE** | | |

| ITEM SCHEDULE OF UNDERLYING INSURANCE | TYPE OF POLICY | POLICY NUMBER | INSURER | APPLICABLE LIMITS |
|---|---|---|---|---|
| | A) STANDARD WORKMEN'S COMPENSATION & EMPLOYERS' LIABILITY | RTC 604809 10-1-69 - 70 AND RENEWALS THEREOF | ROYAL INDEMNITY COMPANY | COVERAGE B - EMPLOYERS' LIAB. $ STATUTORY - ONE ACCIDENT<br><br>VARIOUS LIMITS OF LIABILITY BUT NOT LESS THAN: |
| | B) GENERAL LIABILITY | RTG 604829 10-1-69 - 70 AND RENEWALS THEREOF | ROYAL INDEMNITY COMPANY | GENERAL LIABILITY BODILY INJURY LIABILITY $150,000 EA. PERS. $300,000 EA. OCC. $300,000 AGG.<br><br>PROPERTY DAMAGE LIABILITY $100,000 EA. OCC. $100,000 AGG. |

Countersigned by _**THOMAS A. GAGGI**_

AUTHORIZED REPRESENTATIVE

CL66274A—SECTION I

ISSUED TO FORM A PART OF POLICY NO. <u>RLA 101501</u>
(CONTINUED)

<u>SCHEDULE OF UNDERLYING INSURANCE</u>

| TYPE OF POLICY | POLICY NUMBER | INSURER | APPLICABLE LIMITS |
|---|---|---|---|
| | | | VARIOUS LIMITS OF LIABILITY BUT NOT LESS THAN: |
| (C) AUTOMOBILE LIABILITY | RTA 604819 12-12-69 - 70 AND RENEWALS THEREOF | ROYAL INDEMNITY COMPANY | AUTOMOBILE LIABILITY BODILY INJURY LIAB. $100,000 EA. PERS. $300,000 EA. OCC. PROPERTY DAMAGE LIAB. $ 25,000 EA. OCC. |
| (D) AUTOMOBILE LIABILITY | RTB 604849 12-12-69 - 70 AND RENEWALS THEREOF | ROYAL INDEMNITY COMPANY | BODILY INJURY LIAB. $100,000 EA. PERS. $300,000 EA. OCC. PROPERTY DAMAGE LIAB. $ 25,000 EA. OCC. |

IT IS STIPULATED THAT FOR THE PURPOSES OF APPLICATION OF UNDERLYING INSURANCE, THAT VARIOUS MISCELLANEOUS AUTOMOBILE LIABILITY POLICIES ARE IN EXISTENCE AS ISSUED BY THE ROYAL INDEMNITY COMPANY IN ADDITION TO THE POLICIES LISTED IN THIS SCHEDULE.   SUCH AUTOMOBILE LIABILITY POLICIES ARE HEREBY DECLARED AS UNDERLYING INSURANCE.   THE "APPLICA-BLE LIMITS" OF SUCH POLICIES SHALL BE NO LESS THAN 100/300 B. I.
25,000 P. D.

THE COMPANY NAMED IN THE DECLARATIONS FORMING SECTION I HEREOF, (a stock insurance company, herein called the Company). AGREES WITH THE **NAMED INSURED**, named in the Declarations, in consideration of the payment of the premium and in reliance upon the statements in the Declarations and subject to all of the terms of this policy:

## Section II—INSURING AGREEMENTS

### 1. Coverage

To indemnify the **Insured** for all sums which the **Insured** shall become legally obligated to pay as **damages** because of:

(a) **Personal Injury**

(b) **Property Damage**

(c) **Advertising Liability**

caused by an **occurrence** which takes place during the policy period anywhere in the world.

### 2. Defense, Supplementary Payments

With respect to any **occurrence** not covered by underlying insurance specified in the Declarations or any other underlying insurance collectible by the **Insured**, but covered by the terms and conditions of this policy, without regard to the retained limit contained herein, the Company shall

(a) have the right and duty to defend any suit against the **Insured** seeking **damages** on account thereof, even if such suit is groundless, false or fraudulent, but the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

(b) pay premiums on appeal bonds required in any such suit, and premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, but the Company shall have no obligation to apply for or furnish any such bonds;

(c) pay all expenses incurred by the Company, all costs taxed against the **Insured** in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon;

(d) reimburse the **Insured** for all reasonable expenses, other than loss of earnings incurred at the Company's request;

and the amounts so incurred, except settlements of claims and suits are

payable by the Company in addition to the applicable limit of liability of this policy.

In jurisdictions where the Company may be prevented by law or otherwise from carrying out this agreement the Company shall pay any expense incurred with its written consent in accordance with this agreement. The **Insured** shall promptly reimburse the Company for all sums paid on behalf of the **Insured** within the retained limit specified in the Declarations.

### 3. Limit of Liability

With respect to coverages 1(a), 1(b) or 1(c), or any combination thereof, the Company's liability shall be only for the **ultimate net loss**, resulting from any one **occurrence** in excess of either;

(a) the amount recoverable under underlying insurance as stated in the Declarations and the amount recoverable under any other underlying insurance collectible by the **Insured**, or

(b) the retained limit as stated in the Declarations.

All **personal injury, property damage** and **advertising liability** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

In the event of reduction or exhaustion of the aggregate limits of liability under the underlying insurance by reason of losses paid thereunder, this policy shall:

(1) in the event of reduction, pay the excess of the reduced underlying insurance, and

(2) in the event of exhaustion, continue in force as underlying insurance as stated in the Declarations.

In no event shall the Company be liable for an amount in excess of that set forth in the Declarations on account of each **occurrence** happening during the period commencing with the effective or anniversary date of this policy—subject to a limit as stated in the Declarations in the aggregate for all claims arising under the insurance afforded during each consecutive twelve (12) months of the policy period.

## Section III—EXCLUSIONS

This policy does not apply:

1. to any obligation for which the **Insured** or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

2. to injury to or destruction of property owned by the **Insured**;

3. to **personal injury** or **property damage** resulting from the failure of the Named **Insured's** products or work completed by or for the Named **Insured** to perform the function or serve the purpose intended by the Named **Insured**, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any **Insured**, but this exclusion does not apply to **personal injury** or **property damage** resulting from the active malfunctioning of such products or work;

4. to **property damage** to the Named **Insured's** products arising out of such products or any part of such products;

5. to **property damage** to work performed by or on behalf of the Named **Insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

6. to **damages** claimed for the withdrawal, inspection, repair, replacement, or loss of use of the Named **Insured's** products or work completed by or for the Named **Insured** or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

7. to liability arising out of the ownership, maintenance, operation, use, loading or unloading of

(a) watercraft over 50 feet in length, if the **occurrence** takes place away from premises owned, rented or controlled by the Named **Insured**, or

(b) aircraft,

if such watercraft or aircraft is owned by, loaned or rented to or hired without crew by or on behalf of the **Insured**; but this exclusion shall not apply to (1) liability arising out of operations performed by independent contractors, or (2) liability for **personal injury** to any employee of the **Insured** arising out of and in the course of his employment by the **Insured**;

8. To **advertising liability** resulting from;

(a) failure of performance of contract other than unauthorized appropriation of ideas based upon alleged breach of implied contract;

(b) infringement of registered trade mark, service mark or trade name, other than titles or slogans, by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised;

(c) incorrect description of any article or commodity;

(d) mistake in advertised price;

9. with respect to liability assumed by the **Insured** under contract or agreement for **personal injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing.

CL66274A—Text

10. to **personal injury or property damage**

(a) with respect to which an **Insured** under the policy is also an **Insured** under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an **Insured** under any such policy but for its termination upon exhaustion of its limit of liability; or

(b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the **Insured** is, or had this policy not been issued would be entitled to indemnity from the United States of America, or any agency thereof, with any person or organization.

(c) resulting from the **hazardous properties of nuclear material,** if

(1) the **nuclear material** (a) is at any **nuclear facility** owned by, or operated by or on behalf of, an **Insured** or (b) has been discharged or dispersed therefrom;

(2) the **nuclear material** is contained in **spent fuel or waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an **Insured**; or

(3) the **personal injury or property damage** arises out of the furnishing by an **Insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility,** but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c)(3) applies only to **property damage** to such **nuclear facility** and any property thereat;

provided that the words **property damage** include all forms of radioactive contamination of property.

As used in this exclusion (10)

**hazardous properties** include radioactive, toxic or explosive properties;

**nuclear material** means source material, special nuclear material or by-product material;

**source material, special nuclear material, and by-product material** have the meanings given them in the Atomic Energy Act of 1954 or in a law amendatory thereof;

**spent fuel** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

**waste** means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

**nuclear facility** means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235.

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;
**nuclear reactor** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

## Section IV—DEFINITIONS

1. **"Named Insured" and "Insured"**

The words **Named Insured** includes any subsidiary company of the **Named Insured** and any other company coming under the **Named Insured's** control of which it assumes active management.

The unqualified word **Insured** includes not only the **Named Insured** but also,

(a) any executive officer, director or stockholder of the **Named Insured** while acting in his capacity as such, and any organization or proprietor with respect to real estate management for the **Named Insured,**

(b) any employee of the **Named Insured,** while acting in his capacity as such when the **Named Insured** so directs the Company in writing upon a claim being made against such employee,

(c) any additional interest, other than the **Named Insured** or the Insured as specified in item 3 of the Declarations.

2. **"Damages"** means: those **damages** which are payable because of **personal injury, property damage** or **advertising liability** and shall include death and care and loss of service resulting from **personal injury** and loss of use of property resulting from **property damage.**

3. **"Personal Injury"** means: Bodily Injury, Mental Injury, Mental Anguish, Shock, Sickness, Disease, Disability, False Arrest, False Imprisonment, Wrongful Eviction, Wrongful Entry, Wrongful Detention, Malicious Prosecution, Discrimination (unless prohibited by law), Humiliation; also Invasion of Rights of Privacy, Libel, Slander or Defamation of Character except that which arises out of any **Advertising** activities.

4. **"Property Damage"** means: injury to or destruction of tangible property.

5. **"Advertising Liability"** means: Invasion of Rights of Privacy, Libel, Slander or Defamation of Character, any infringement of copyright, title or slogan, and piracy, unfair competition, idea misappropriation under an implied contract—committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the **Named Insured's** advertising activities.

6. **"Occurrence"** means: an event including injurious exposure to conditions, which results, during the policy period in **personal injury, property damage** or **advertising liability,** neither expected nor intended from the standpoint of the **Insured.**

7. **"Ultimate Net Loss"** means: the sum actually paid or payable in cash in the settlement or satisfaction of losses for which the **Insured** is liable either through adjudication or by compromise with the written consent of the Company, after making proper deduction for all recoveries and salvages collectible, but excludes all loss expenses and legal expenses (including attorney's fees, court costs and interest on any judgment or award) and all salaries of employees and office expenses of the **Insured,** the Company or any underlying insurer so incurred.

## Section V—CONDITIONS

1. **Premium Computation**   The premium stated in the Declarations is an advance premium unless otherwise specified. Upon termination of this policy, the earned premium shall be computed in accordance with the rates and minimum premium applicable to this insurance as stated in the Declarations. If the earned premium thus computed exceeds the advance premium paid, the **Named Insured** shall pay the excess to the Company; if less, the Company shall return to the **Named Insured** the unearned portion paid by such **Insured.** The **Named Insured** shall maintain records of the information necessary for premium computation on the basis stated in the Declarations and shall send copies of such records to the Company at the end of the policy period or at such times during the policy period as the Company may direct.

2. **Additional "Named Insured"**   In the event of an additional Named Insured being added to the coverage under the underlying insurance during the policy period, prompt notice shall be given the Company and if an additional premium has been charged for such addition on the underlying insurance, the Company shall be entitled to charge an appropriate additional premium hereon.

3. **Prior Insurance and Non-Cumulation of Liability**

(a) It is agreed that if any loss is also covered in whole or in part under any other excess policy issued to the **Insured** prior to the inception date hereof, the Company's limit of liability as stated in the Declara-

tions shall be reduced by any amounts due to the **Insured** on account of such loss under such prior insurance.

(b) Subject to paragraph (a) above and to all other terms and conditions of this policy, if a claim arising out of an **occurrence** insured hereunder, is continuing at the time of termination of this policy, the Company will continue to insure the liability of the **Insured** with respect to such claim without payment of additional premium.

**4. Cross Liability**   In the event of claims being made by reason of **personal injury** and/or **property damage** suffered by one **Insured** herein for which another **Insured** herein is or may be liable, this policy shall cover such **Insured** against whom a claim is made or may be made in the same manner as if separate policies had been issued to each **Insured** herein. Nothing contained herein shall operate to increase the Company's limit of liability as set forth in Insuring Agreement 3.

**5. Notice of "Occurrence"**   Whenever it appears that an **occurrence** covered hereunder is likely to involve the Company, written notice shall be sent to the Company as soon as practicable. Such notice shall contain particulars sufficient to identify the **Insured** and also reasonably obtainable information respecting the time, place and circumstances of the **occurrence**.

**6. Inspection and Audit**   The Company shall be permitted but not obligated to inspect the **Insured's** property and operations but neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the **Insured** or others, to determine or warrant that such property or operations are safe.

The Company may examine and audit the **Insured's** books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

**7. Maintenance of Underlying Insurance**   Each policy referred to in the attached schedule of underlying insurance including renewal or replacement thereof, not more restrictive, shall be maintained in full effect during this policy period, except for any reduction of the aggregate limits contained therein solely by payment of losses during this policy period. Failure of the **Named Insured** to comply with the foregoing shall not invalidate this policy but in the event of such failure the Company shall be liable only to the extent that it would have been liable had the **Named Insured** complied therewith.

**8. Assistance and Cooperation**   Except as provided in Insuring Agreement 2, the Company shall not be called upon to assume charge of the settlement or defense of any claim made, suit brought or proceeding instituted against the **Insured**; but the Company shall have the right and shall be given the opportunity to associate with the **Insured** in the defense and control of any claim, suit or proceeding reasonably likely to involve the Company. In such event the **Insured** and the Company shall cooperate fully.

**9. Appeals**   In the event the **Insured** or the **Insured's** underlying insurer/s elect not to appeal a judgment in excess of the underlying limits, the Company may elect to make such appeal at its cost and expense, and shall be liable for the taxable costs, disbursements and interest incidental thereto, but in no event shall the liability of the Company for **ultimate net loss** exceed the amount set forth in the Declarations for any one **occurrence** and in addition the cost and expense of such appeal.

**10. Action Against Company**   No action shall lie against the Company with respect to any one **occurrence** unless as a condition precedent thereto, the **Insured** shall have fully complied with all the terms of this policy, nor until the amount of the **Insured's** obligation to pay an amount of **ultimate net loss** in excess of the underlying or retained limit shall have been finally determined either by judgment against the **Insured** after actual trial or by written agreement of the **Insured**, the claimant and the Company. The **Insured** shall make a definite claim for any loss for which the Company may be liable within twelve (12) months after such final determination. Claim for any subsequent payments made by the **Insured** on account of

the same **occurrence** shall be similarly made. All losses covered by this policy shall be due and payable within thirty (30) days after they are respectively claimed and proven in conformity with this policy.

**11. Other Insurance**   If other valid and collectible insurance with any other insurer is available to the **Insured covering** a loss also covered by this policy, other than insurance that is specifically excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

**12. Subrogation**   Inasmuch as this policy is excess coverage, the **Insured's** right of recovery against any person, firm or corporation cannot be exclusively subrogated to the Company; therefore, in case of any payment hereunder, the Company will act in concert with all other interests, including the **Insured**, concerned in the exercise of such rights of recovery. The apportioning of any amounts which may be so recovered shall follow the principle that any interests, including the **Insured**, that shall have paid an amount over and above any payment hereunder, shall first be reimbursed up to the amount paid by them; the Company is then to be reimbursed out of any balance then remaining up to the amount paid hereunder, lastly, the interests, including the **Insured**, of which this coverage is in excess are entitled to claim the residue, if any. Expenses necessary to the recovery of any such amounts shall be apportioned between the interests, including the **Insured**, concerned, in the ratio of their respective recoveries as finally settled.

**13. Changes**   Notice to or knowledge possessed by any person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any rights under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy.

**14. Assignment**   Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon. If, however, the **Named Insured** shall die or be adjudged bankrupt or insolvent, this policy, unless cancelled, shall cover the **Insured's** legal representative for the unexpired portion of such period.

**15. Cancellation**   This policy may be canceled by the **Named Insured** by surrender thereof to the Company or any of its authorized agents, or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This policy may be canceled by the Company by mailing to the **Named Insured** at the address shown in this policy written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such notice either by the **Named Insured** or by the Company shall be equivalent to mailing.

If the **Named Insured** cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable thereafter, but payment or tender of unearned premium is not a condition of cancellation.

**16. Bankruptcy or Insolvency**   Bankruptcy or insolvency of the **Insured** shall not relieve the Company of any of its obligations hereunder.

**17. Arbitration**   Except with respect to liability assumed by the **Insured** under a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement or elevator or escalator maintenance agreement, the company shall not be liable under this policy for **damages** awarded in arbitration other than an arbitration proceeding wherein an indemnitee under a written contract or agreement seeks **damages** against the **Insured** on account thereof and wherein the Company is entitled to exercise the **Insured's** rights in the choice of arbitrators and in the conduct of such arbitration proceedings.

**In Witness Whereof**, the Company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned on the declarations page by a duly authorized representative of the Company.

*Secretary*

*President/ U.S. Manager*

CL66274A—Text

Endorsem

This endorsement is attached to and hereby made a part of the policy designated and is effective as of the date indicated, on this endorsement but at the same time or hour of the day as the policy became effective.

| | SIGNED BY | |
|---|---|---|
| | | AUTHORIZED REPRESENTATIVE |

| COMPANY | PREMIUM | ENG. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| ROYAL INDEMNITY COMPANY | ☐ Add'l. $  ☐ Return $ | JUNE 4, 1970 | RLA 101501 |

Named Insured (and address, zipcode, when necessary for mailing)

ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, NEW YORK,
ETAL.

Producer (and address, zipcode, for mailing)

## ENDORSEMENT # 1

### NAMED INSURED

IN CONSIDERATION OF THE PREMIUM AT WHICH THIS POLICY
IS WRITTEN, IT IS AGREED THAT DECLARATIONS - ITEM 1 -
"NAMED INSURED" IS HEREBY COMPLETED TO READ AS FOLLOWS:

ITEM 1 - "NAME INSURED":

THE NAMED INSURED INCLUDES ALL INSUREDS
NAMED IN THE COVERAGE CERTIFICATES ATTACHED
TO AND MADE A PART OF UNDERLYING ROYAL
INDEMNITY COMPANY POLICIES.

**ENDORSEMENT**

ROYAL-GLOBE
INSURANCE

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | SIGNED BY |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | |
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | PREMIUM | | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|---|
| | ☐ Add'l.  ☐ Return $ | | | **RLA 101501** |

Named Insured (and address, zip code, when necessary for mailing)          Producer (and address, zip code, for mailing)

---

## ENDORSEMENT #2

## RETAINED LIMIT

IN CONSIDERATION OF THE PREMIUM AT WHICH THIS POLICY IS WRITTEN, IT IS AGREED THAT THE RETAINED LIMITS UNDER ITEM #4 OF THE DECLARATIONS PAGE IS TO READ AS FOLLOWS:

ITEM 4 - RETAINED LIMIT

(A) AS RESPECTS LOSSES ARISING OUT OF PERSONAL INJURY LIABILITY
$50,000 EACH OCCURRENCE

(B) AS RESPECTS LOSSES ARISING OUT OF ANY OTHER THAN PERSONAL INJURY LIABILITY
$25,000 EACH OCCURRENCE

CL 20030R—Sets

**ENDORSEMENT**

ROYAL-GLOBE
INSURANCE
®

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

_____
AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l. ☐ Return $ | | RLA 101501 |

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

---

## ENDORSEMENT #3

IN CONSIDERATION OF THE PREMIUM CHARGED, IT IS AGREED THAT ITEM 15 OF CONDITIONS SECTION V - "CANCELLATION", IS AMENDED AS FOLLOWS:

15. <u>CANCELLATION</u> - THIS POLICY MAY BE CANCELLED BY THE NAMED INSURED BY SURRENDER THEREOF TO THE COMPANY OR ANY OF ITS AUTHORIZED AGENTS, OR BY MAILING TO THE COMPANY WRITTEN NOTICE STATING WHEN THEREAFTER THE CANCELLATION SHALL BE EFFECTIVE. THIS POLICY MAY BE CANCELLED BY THE COMPANY BY MAILING TO THE NAMED INSURED, AT THE ADDRESS SHOWN IN THIS POLICY, WRITTEN NOTICE STATING WHEN, NOT LESS THAN NINETY (90) DAYS THEREAFTER, SUCH CANCELLATION SHALL BE EFFECTIVE. THE MAILING OF NOTICE AS AFORESAID, SHALL BE SUFFICIENT PROOF OF NOTICE, THE TIME OF SURRENDER OR THE EFFECTIVE DATE AND HOUR OF CANCELLATION STATED IN THE NOTICE, SHALL BECOME THE END OF THE POLICY PERIOD, DELIVERY OF SUCH NOTICE EITHER BY THE NAMED INSURED OR BY THE COMPANY, SHALL BE EQUIVALENT TO MAILING.

IF THE NAMED INSURED CANCELS, EARNED PREMIUM SHALL BE COMPUTED IN ACCORDANCE WITH THE CUSTOMARY SHORT RATE TABLE AND PROCEDURE. IF THE COMPANY CANCELS, EARNED PREMIUM SHALL BE COMPUTED PRO RATA. PREMIUM ADJUSTMENT MAY BE MADE EITHER AT THE TIME CANCELLATION IS EFFECTED OR AS SOON AS PRACTICABLE THEREAFTER, BUT PAYMENT OR TENDER OF UNEARNED PREMIUM IS NOT A CONDITION OF CANCELLATION.

## ENDORSEMENT

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l.    ☐ Return $ | | RLA 101501 |

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

### ENDORSEMENT #4

IT IS AGREED THAT THE INSURANCE PROVIDED BY THIS POLICY DOES NOT APPLY TO PERSONAL INJURY OR PROPERTY DAMAGE ARISING OUT OF RIOT, CIVIL COMMOTION OR MOB ACTION OR OUT OF ANY ACT OR OMISSION IN CONNECTION WITH THE PREVENTION OR SUPPRESSION OF ANY OF THE FOREGOING.

CL 20029Q—Sets

**Roman Catholic Diocese of Rockville Centre**

**<u>Royal Policy Cover Sheet</u>**

|                      |                          |
|---------------------:|--------------------------|
| Insurer:             | Royal Indemnity          |
| Policy number:       | RTG 604820               |
| Inception date:      | 10/1/1970                |
| Term at issuance:    | 1 year                   |
| Page count:          | 43                       |
| Contents:            | Declaration- 1 pg        |
|                      | Policy jacket- 4 pgs     |
|                      | Coverage part- 2 pgs     |
|                      | Endorsement- 36 pgs      |

| PRODUCER OR SUBPRODUCER NAME | PRODUCER CODE | | RENEWS OR REPLACES | TYPE OF PRODUCER | | | | | READ DESTROY FILE CODE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Bkr | Loc | Reg | Boro | G/A | |
| CORROON & BLACK CO. | C-0117-420 AG | | RTG 604829 | | | | | | |

**R    TG 604820**

Policy Symbol & Number

## SELECT COVER POLICY

☐ Royal Indemnity Company

☐ Globe Indemnity Company

☐ The London & Lancashire Insurance Company, Limited

☐ Queen Insurance Company of America

☐ Safeguard Insurance Company

☐ The Liverpool & London & Globe Insurance Company Limited

☐ Royal Insurance Company, Limited

☐ Newark Insurance Company

☐ American and Foreign Insurance Company

**Item 1. Named Insured & Address**

ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, N.Y. AND AS PER CERTIFICATES ATTACHED
253 SUNRISE HIGHWAY,
ROCKVILLE CENTRE, N. Y. 11570

CORROON & BLACK COMPANY,
150 WILLIAM ST.,
NEW YORK, N. Y. 10038

**Item 2. POLICY PERIOD**
From OCT. 1, 1970 To OCT. 1, 1971

12:01 A.M. Standard time at the address of the Named Insured as stated in Item 1.

BUSINESS OF THE NAMED INSURED
RELIGIOUS ORGANIZATION

THE NAMED INSURED IS:

☐ Individual    ☐ Partnership    ☐ Corporation    ☐ Joint Venture    ☒ Other

| LOCATION OF ALL PREMISES OWNED, RENTED OR CONTROLLED BY THE NAMED INSURED (ENTER "SAME" IF SAME LOCATION AS ABOVE ADDRESS) | PART OCCUPIED BY NAMED INSURED | INSURED'S INTEREST (OWNER, TENANT, GEN'L LESSEE, OTHER-SPECIFY) |
|---|---|---|
| AS PER CERTIFICATES ATTACHED | | |

**Item 3a.** The insurance afforded is only with respect to such of the following coverage Part(s) as are indicated by entry of an "X" below.

| | | |
|---|---|---|
| ☒ Part 1 — Comprehensive General Liability Insurance | ☐ Part 6 — Comprehensive Personal Insurance | ☐ Part 11 — Automobile Medical Payments Insurance |
| ☐ Part 2 — Manufacturers' and Contractors' Liability Insurance | ☐ Part 7 — Owners' and Contractors' Protective Liability Insurance | ☐ Part 12 — Protection Against Uninsured Motorists Insurance |
| ☐ Part 3 — Owners' Landlords' and Tenants' Liability Insurance | ☐ Part 8 — Contractual Liability Insurance | ☐ Part 13 — Automobile Physical Damage Insurance (Fleet Automatic) |
| ☐ Part 4 — Completed Operations and Products Liability Insurance | ☐ Part 9 — Comprehensive Automobile Liability Insurance | ☐ Part 14 — Automobile Physical Damage Insurance (Non-Fleet) |
| ☐ Part 5 — Premises Medical Payments Insurance | ☐ Part 10 — Garage Insurance | ☐ Part 15 — Automobile Physical Damage Insurance (Dealers) |

OTHER (SPECIFY PART NO. & TITLE)
☐

**Item 3b.** The insurance afforded is only with respect to such of the following coverage(s), contained in the coverage Part(s) designated above, as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of the policy having reference thereto.

| APPLICABLE TO PARTS | COVERAGES | LIMITS OF LIABILITY | | | ADVANCE PREMIUM |
|---|---|---|---|---|---|
| | | EACH PERSON | EACH OCCURRENCE | AGGREGATE | |
| 1 through 5 (Other than Automobile) | Bodily Injury Liability | AS PER CERTIFICATES ATTACHED | | | $ |
| | Property Damage Liability | X X X X X X | AS PER CERTIFICATES ATTACHED | | $ |
| | Premises Medical Payments | | | X X X X X X | $ |
| 9 (Automobile) | Bodily Injury Liability | | | X X X X X X | $ |
| | Property Damage Liability | X X X X X X | | X X X X X X | $ |
| Other | | See Applicable Coverage Part | | | $ |

ENDORSEMENTS ATTACHED AT TIME OF ISSUE          G335 _[illegible handwriting]_ $

| If policy period is more than one year, premium is payable | EFFECTIVE DATE $ | 1st ANNIVERSARY $ | 2nd ANNIVERSARY $ | Total Advance Premium | $ 508,989.00 |
|---|---|---|---|---|---|

° "EACH ACCIDENT" AS RESPECTS "PREMISES MEDICAL PAYMENTS"

Countersigned by _____ K.S. _____
Authorized Representative

| CL67902 | TYPING | CHECKED FOR CODING | FILING | UNDERWRITING DEPARTMENT CURRENT POLICY APPROVAL | RENEWAL RENEW | DECLINE | INSPECTION | AUDIT | COMPANY COPY |
|---|---|---|---|---|---|---|---|---|---|

# Royal-Globe Insurance

## COMPANIES

EXECUTIVE OFFICE:
150 WILLIAM STREET
NEW YORK, NEW YORK 10038

Royal Indemnity Company
Globe Indemnity Company
Newark Insurance Company
Safeguard Insurance Company

Royal Insurance Company, Limited
Queen Insurance Company of America
The London & Lancashire Insurance Company, Limited
The Liverpool & London & Globe Insurance Company, Limited

## SELECT-COVER POLICY (General Provisions)

---

These GENERAL PROVISIONS, the DECLARATIONS and the coverage PART(S) and endorsements referred to in the DECLARATIONS complete the contract of insurance.

The company designated in the DECLARATIONS made a part hereof, (a stock insurance company, herein called the company), in consideration of the payment of the premium, in reliance upon the statements in the DECLARATIONS, and subject to all the terms of this policy and its designated coverage PART(S), agrees with the named insured as follows and as contained in the PART(S) designated in the declarations.

## SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the insured for first aid to others at the time of an accident, for bodily injury to which this policy applies;

(d) reasonable expenses incurred by the insured at the company's request, including actual loss of wages or salary (but not loss of other income) not to exceed $25 per day because of his attendance at hearings or trials at such request.

## SPECIAL ADDITIONAL EXCLUSION

The following exclusion modifies the provisions of the policy relating to ALL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN COMPREHENSIVE PERSONAL AND FARMER'S COMPREHENSIVE PERSONAL INSURANCE.

## NUCLEAR ENERGY LIABILITY EXCLUSION

### (Broad Form)

It is agreed that:

I.  The policy does not apply:

A.  Under any Liability Coverage, to bodily injury or property damage

(1) with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B.  Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the haz-

CL 67901

ardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

C.  Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if

(1)  the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (b) has been discharged or dispersed therefrom;

(2)  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

(3)  the bodily injury or property damage arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat.

II.  As used in this endorsement:

"hazardous properties" includes radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a)  any nuclear reactor,

(b)  any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c)  any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d)  any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which all of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"property damage" includes all forms of radioactive contamination of property.

NEW YORK EXCEPTION:   This exclusion does not apply to Automobile Liability Insurance in New York State.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"automobile" means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment;

"bodily injury" means bodily injury, sickness or disease sustained by any person;

"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1)  when all operations to be performed by or on behalf of the named insured under the contract have been completed,

(2)  when all operations to be performed by or on behalf of the named insured at the site of the operations have been completed, or

(3)  when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of

(a)  operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b)  the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c)  operations for which the classification stated in the policy or in the company's manual specifies "including completed operations";

"damages" includes damages for death and for care and loss of services resulting from bodily injury and damages for loss of use of property resulting from property damage;

"elevator" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an automobile servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and having a compartment height not exceeding four feet;

"incidental contract" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement;

"insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

"mobile equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"named insured" means the person or organization named in Item 1. of the declarations of this policy;

"named insured's products" means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof (other than a vehicle), but "named insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"occurrence" means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

"policy territory" means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the bodily injury or property damage does not occur in the course of travel or transportation to or from any other country, state or nation, or

(3) anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was sold for use or consumption within the territory described in paragraph (1) above, provided the original suit for such damages is brought within such territory;

"products hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

"property damage" means injury to or destruction of tangible property.

## CONDITIONS

1. **Premium** All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each audit period the earned premium shall be computed for such period and, upon notice thereof to the named insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the named insured the unearned portion paid by the named insured.

The named insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

2. **Inspection and Audit** The company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such property or operations are safe.

The company may examine and audit the named insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this insurance, as far as they relate to the subject matter of this insurance.

3. **Financial Responsibility Laws** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

4. **Insured's Duties in the Event of Occurrence, Claim or Suit**

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. The named insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury or property damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

5. **Action Against Company** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against

the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

**6. Other Insurance** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

**7. Subrogation** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

**8. Changes** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

**9. Assignment** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die, such insurance as is afforded by this policy shall apply (1) to the named insured's legal representative, as the named insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the named insured, to the person having proper temporary custody thereof, as insured, but only until the appointment and qualification of the legal representative.

**10. Three Year Policy** If this policy is issued for a period of three years, the limits of the company's liability shall apply separately to each consecutive annual period thereof.

**11. Cancellation** This policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

If the named insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**12. Declarations** By acceptance of this policy, the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**In Witness Whereof,** the company has caused this policy to be executed and attested, but this policy shall not be valid unless countersigned on the declarations page by a duly authorized representative of the company.

*Secretary*

*President/U.S. Manager*

## AMENDMENT OF CANCELLATION CONDITION

### Applicable to policies issued or delivered in Michigan

It is agreed that the first paragraph of the Cancellation Condition is amended to read as follows:

This policy may be cancelled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured at his address last known to the company or its authorized agent written notice stating when not less than ten days thereafter such cancellation shall be effective. The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

A 0002
G 503

CL 67901

20-01226-scc    Doc 6-4    Filed 10/01/20    Entered 10/01/20 08:44:55    Exhibit B
Part 3 - Royal Program Policy Compendium 1960-1970    Pg 35 of 72

INCLUDED IN ORIGINAL ENTRY

**CONTRACTUAL LIABILITY INSURANCE (Blanket Coverage)**

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, providing such attachment is stated in the policy declarations. Otherwise this endorsement is issued for attachment to and forms a part of the below numbered policy, effective on the date indicated, at 12:01 A.M. Standard Time as stated in the policy.

SIGNED BY:

AUTHORIZED REPRESENTATIVE

| COMPANY | ADDITIONAL PREMIUM $ | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER RTG 604820 |
|---|---|---|---|

Named Insured (and address when necessary for mailing)

Producer (and address for mailing)

**Schedule**

— The insurance afforded for **contractual liability** is only with respect to such of the following Coverages as are indicated by entry of limits of liability below. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| COVERAGES | LIMITS OF LIABILITY | |
|---|---|---|
| | EACH PERSON | EACH OCCURRENCE |
| Contractual Bodily Injury Liability | AS PER CERTIFICATES ATTACHED | |
| | EACH OCCURRENCE | AGGREGATE |
| Contractual Property Damage Liability | AS PER CERTIFICATES ATTACHED | |

The following exclusions do not apply with respect to any "construction agreement":

| DESIGNATION OF CONTRACTS COVERED | CODE | PREMIUM BASES | RATES | | ADVANCE PREMIUM | |
|---|---|---|---|---|---|---|
| | | | BI | PD | BI | PD |
| All written agreements except labor union agreements, incidental contracts, agreements with railroads | | (R) COST-PER $100. (S) SALES-PER $1000. | AS PER CERTIFICATES ATTACHED | | | |
| | | Total | | | | |

The company, in consideration of the payment of the premium and subject to all of the provisions of the policy not expressly modified herein, agrees with the **named insured** as follows:

1. COVERAGES—CONTRACTUAL BODILY INJURY LIABILITY
CONTRACTUAL PROPERTY DAMAGE LIABILITY

The company will pay on behalf of the **insured** all sums which the **insured**, by reason of **contractual liability** assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of

**bodily injury** or

**property damage**

to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any **suit** against the **insured** seeking **damages** on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or **suit** as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend

(1) any arbitration proceeding wherein the company is not entitled to exercise the **insured's** rights in the choice of arbitrators and in the conduct of such proceedings, or

(2) any **suit** after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a) to liability of the indemnitee resulting from his sole negligence;

(b) (1) if the **insured** is an architect, engineer or surveyor, to **bodily injury** or **property damage** arising out of professional services performed by such **insured**, including

(i) the preparation or approval of maps, contracts, drawings, plans, opinions, reports, tests, surveys, change orders, designs or specifications, and

(ii) supervisory, inspection or engineering services;

(2) if the indemnitee of the **insured** is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

(i) the preparation or approval of contracts, maps, plans, drawings, opinions, reports, tests, surveys, change orders, designs or specifications, or

(ii) the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the **bodily injury** or **property damage**;

KB Ed. 6-22-67                                    (Over)
(Co. No. CL68314B)

(c) to **bodily injury** or **property damage** due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing;

(d) to **bodily injury** or **property damage** for which the indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage (1) in violation of any statute, ordinance or regulation, (2) to a minor, (3) to a person under the influence of alcohol, or (4) which causes or contributes to the intoxication of any person;

(e) to any obligation for which the **insured** or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(f) to any obligation for which the **insured** may be held liable in an action on a contract by a third party beneficiary for **bodily injury** or **property damage** arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

(g) to **property damage** to

   (1) property owned or occupied by or rented to the **insured**,

   (2) property used by the **insured**, or

   (3) property in the care, custody or control of the **insured** or as to which the **insured** if for any purpose exercising physical control;

(h) to **property damage** to premises alienated by the **named insured** arising out of such premises or any part thereof;

(i) to **bodily injury** or **property damage** resulting from the failure of the **named insured's** products or work completed by or for the **named insured** to perform the function or serve the purpose intended by the **named insured**, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any **insured**; but this exclusion does not apply to **bodily injury** or **property damage** resulting from the active malfunctioning of such products or work;

(j) to **property damage** to the **named insured's** products arising out of such products or any part of such products;

(k) to **property damage** to work performed by or on behalf of the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(l) to **damages** claimed for the withdrawal, inspection, repair, replacement, or loss of use of the **named insured's** products or work completed by or for the **named insured** or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

Unless stated in the schedule above as not applicable, the following exclusions also apply to **contractual liability** assumed by the **insured** under any agreement relating to construction operations.

This insurance does not apply:

(m) to **bodily injury** or **property damage** arising out of construction, ownership, repair, maintenance, operation, use, loading or unloading of any watercraft;

(n) to **bodily injury** or **property damage** arising out of operations, within fifty feet of any railroad property, affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing;

(o) to **bodily injury** or **property damage** included within the **completed operations hazard** or the **products hazard**;

(p) to **property damage** included within

   (1) the **explosion hazard**,

   (2) the **collapse hazard**, or

   (3) the **underground property damage hazard**.

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

(a) if the **named insured** is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor;

(b) if the **named insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the **named insured** is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and a [...] executive officer, director

or stockholder [...] of while acting within the scope of his duties as such.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, or (3) claims made or suits brought on account of **bodily injury** or **property damage**, the company's liability is limited as follows:

### CONTRACTUAL BODILY INJURY LIABILITY

The limit of **bodily injury** liability stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of **bodily injury** sustained by one person as the result of any one **occurrence**; but subject to the above provision respecting "each person", the total liability of the company for all damages because of **bodily injury** sustained by two or more persons as the result of any one **occurrence** shall not exceed the limit of **bodily injury** liability stated in the schedule as applicable to "each **occurrence**".

### CONTRACTUAL PROPERTY DAMAGE LIABILITY

The total liability of the company for all **damages** because of all **property damage** sustained by one or more persons or organizations as the result of any one **occurrence** shall not exceed the limit of **property damage** liability stated in the schedule as applicable to "each **occurrence**".

Subject to the above provision respecting "each **occurrence**", the total liability of the company for all **damages** because of all **property damage** to which this coverage applies shall not exceed the limit of **property damage** liability stated in the schedule as "aggregate". Such aggregate limit of liability applies separately with respect to each project away from premises owned by or rented to the **named insured**.

### CONTRACTUAL BODILY INJURY AND PROPERTY DAMAGE LIABILITY

For the purpose of determining the limit of the company's liability, all **bodily injury** and **property damage** arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

## IV. ENDORSEMENT PERIOD; TERRITORY

This insurance applies only to **bodily injury** or **property damage** which occurs during the endorsement period within the **policy territory**.

## V. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

"**contractual liability**" means liability expressly assumed under a written contract or agreement; provided, however, that **contractual liability** shall not be construed as including liability under a warranty of the fitness or quality of the **named insured's** products or a warranty that work performed by or on behalf of the **named insured** will be done in a workmanlike manner;

"**suit**" includes an arbitration proceeding to which the **insured** is required to submit or to which the **insured** has submitted with the company's consent.

## VI. ADDITIONAL CONDITION

### Arbitration

The company shall be entitled to exercise all of the **insured's** rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

### Premium

The advance premium stated in the schedule is the estimated premium on account of such written contracts as are on file with or known to the company. The **named insured** shall notify the company of all other written contracts entered into during the policy period to which this insurance applies.

When used as a premium basis:

1. the word "**cost**" means the total cost of all work in connection with all contracts of the type designated in the schedule for this insurance with respect to which "**cost**" is the basis of premium, regardless of whether any liability is assumed under such contracts by the **insured**. It includes the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the **insured**, or others including all fees, allowances, bonuses or commissions made, paid or due. It shall not include the cost of any operations to which exclusions (m) or (n) apply unless such exclusions are voided in the schedule.

2. the word "**sales**" means the gross amount of money charged by the **named insured** or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the **named insured** and such others collect as a separate item and remit directly to a governmental division.

**Endorsement**

| | | SIGNED BY | |
|---|---|---|---|
| This endorsement is attached to and hereby made a part of the policy designated and is effective as of the date indicated, on this endorsement but at the same time or hour of the day as the policy became effective. | | | |
| | | AUTHORIZED REPRESENTATIVE | |

| COMPANY | PREMIUM<br>□ Add'l. $<br>□ Return $ | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER<br>RBO 504820 |
|---|---|---|---|

Named Insured (and address, zipcode, when necessary for mailing)

Roman Catholic Diocese of
Rockville Centre, N. Y.
263 Sunrise Highway
Rockville Centre, N.Y. 11570

Producer (and address, zipcode, for mailing)

Corroon & Black Co.
160 William Street
New York, N. Y. 10098

It is understood and agreed that coverage afforded by the
policy also applies as respects volunteer pharmacists while
acting within the scope of their duties for the insured.

**ENDORSEMENT**

ROYAL-GLOBE
FRANCE ®

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

_____
AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| ROYAL INDEMNITY COMPANY | ☐ Add'l.  ☐ Return $ | | RTG 604820 |

Named Insured (and address, zip code, when necessary for mailing)

ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, N. Y.
253 SUNRISE HIGHWAY
ROCKVILLE CENTRE, N. Y.   11570

Producer (and address, zip code, for mailing)

CORROON & BLACK CO.
150 WILLIAM STREET
NEW YORK, N. Y.   10038

MJ

IT IS AGREED THAT RETROSPECTIVE PREMIUM ENDORSEMENT - ONE YEAR -

PLAN D, PAGE 2, TABLE I, ITEM 3 IS AMENDED TO HOSPITAL MALPRACTICE

$50,000 EACH CLAIM.

CL 20030R—Sets

Endorsement

| ROYAL-GLOBE INSURANCE COMPANY ® | This endorsement is attached to and hereby made a part of the policy designated and is effective as of the date indicated, on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY _____ AUTHORIZED REPRESENTATIVE |
|---|---|---|

| PREMIUM □ Add'l. □ Return $  — | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER RTG 604820 |
|---|---|---|

Named Insured (and address, zipcode, when necessary for mailing)

Roman Catholic Diocese of
Rockville Centre, N. Y.
253 Sunrise Highway
Rockville Centre, N.Y. 11570

Producer (and address, zipcode, for mailing)

Corroon & Black Co.
150 William Street
New York, N. Y. 10038

It is understood and agreed that coverage afforded by the
policy also applies as respects volunteer pharmacists while
acting within the scope of their duties for the insured.

**ENDORSEMENT**

ROYAL-GLOBE INSURANCE

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY |
|---|---|
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | PREMIUM ☐ Add'l. ☐ Return $ | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER RTG 604820 |
|---|---|---|---|

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

IT IS AGREED THAT THE POLICY IS EXTENDED TO COVER THE ADDITIONAL INTERESTS OF:

1. MEMBERS OF CLUBS OR UNINCORPORATED ASSOCIATIONS, BUT ONLY AS RESPECTS THEIR LIABILITY FOR ACTIVITIES OF THE CLUB OR ASSOCIATION AS SUCH, OR FOR ACTIVITIES WHICH ARE PERFORMED ON BEHALF OF THE CLUB OR ASSOCIATION, OTHER THAN PRACTICE OR PARTICIPATION IN ANY GAME OR SPORT.

2. TRUSTEES, MEMBERS OF BOARDS OF GOVERNORS OR CLERGYMEN OR RELIGIOUS, CHARITABLE OR EDUCATIONAL INSTITUTIONS WHILE ACTING WITHIN THE SCOPE OF THEIR DUTIES.

CL 20030R—Sets

**ENDORSEMENT**

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | | |
|---|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | SIGNED BY | |
| | AUTHORIZED REPRESENTATIVE | |

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l.  ☐ Return $ | | RTG 604820 |

Named Insured (and address, zip code, when necessary for mailing)                Producer (and address, zip code, for mailing)

## ADDITIONAL INSURED

IT IS AGREED THAT THE "PERSONS INSURED" PROVISION IS AMENDED TO INCLUDE THE FOLLOWING:

A) ANY PARISH COUNCIL, SCHOOL BOARD, P.T.A. OR SIMILAR PARISH ORGANIZATIONS AND THE INDIVIDUAL MEMBERS OF EACH ORGANIZATION WHILE ACTING WITHIN THE SCOPE OF HIS DUTIES AS SUCH.

B) ALL VOLUNTEER WORKERS OF THE DIOCESE WHILE ACTING WITHIN THE SCOPE OF THEIR DUTIES AS SUCH. (ADDITIONAL PREMIUM OF $100. SUBJECT TO AUDIT.)

CL 20030R—Sets

ENDORSEMENT

ADDITIONAL COVERAGE ENTRY

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l.   ☐ Return $ | | RTG 604820 |

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

## KNOWLEDGE OF OCCURRENCE

IT IS AGREED THAT KNOWLEDGE OF AN OCCURRENCE BY THE AGENT, SERVANT OR EMPLOYEE OF THE INSURED, SHALL NOT IN ITSELF CONSTITUTE KNOWLEDGE BY THE INSURED, UNLESS AN ADMINISTRATIVE OFFICIAL OF THE DIOCESE SHALL HAVE RECEIVED SUCH NOTICE FROM ITS AGENT, SERVANT OR EMPLOYEE.

## ERRORS AND OMISSIONS

IT IS AGREED THAT THE COVERAGE AFFORDED BY THIS POLICY SHALL NOT BE INVALIDATED OR AFFECTED BY ANY ERRORS, OMISSIONS, OR IMPROPER DESCRIPTION OF PREMISES, ELEVATORS OR OTHERWISE MENTIONED IN THIS POLICY.

## NOTICE OF OCCURRENCE

IT IS AGREED THAT WHERE THE INSURED REPORTS AN OCCURRENCE TO THE COMPENSATION CARRIER INSURING THEIR COMPENSATION INSURANCE WHICH LATER DEVELOPS INTO A LIABILITY CLAIM, COVERAGE FOR WHICH IS PROVIDED BY THE POLICY TO WHICH THIS ENDORSEMENT IS ATTACHED, FAILURE TO REPORT SUCH OCCURRENCE TO THE COMPANY AT THE TIME OF THE OCCURRENCE SHALL NOT BE DEEMED IN VIOLATION OF GENERAL CONDITIONS ENTITLED "INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT" UPON THE DISTINCT UNDERSTANDING AND AGREEMENT, HOWEVER, THAT THE INSURED MUST, AS SOON AS THEY ARE DEFINITELY MADE AWARE OF THE FACT THAT THE PARTICULAR OCCURRENCE IS A LIABILITY CASE RATHER THAN A COMPENSATION CASE, GIVE NOTIFICATION OF THE AFORESAID OCCURRENCE TO THIS COMPANY.

INCLUDED IN ORIGINAL ENTRY

## ENDORSEMENT

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

_____
AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM ☐ Add'l. ☐ Return $ | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER RTG 604820 |
|---|---|---|---|

Named Insured (and address, zip code, when necessary for mailing)        Producer (and address, zip code, for mailing)

IT IS AGREED THAT THE POLICY IS EXTENDED TO COVER THE ADDITIONAL INTEREST OF:

NASSAU-SUFFOLK CATHOLIC HIGH SCHOOL ASSOCIATION IN CONNECTION WITH THE ACTIVITIES SPONSORED BY THE INSURED.

CL 20029Q—Sets

**ENDORSEMENT**

INCLUDED IN ORIGINAL ENTRY

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM ☐ Add'l. ☐ Return $ | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER RTG 604820 |
|---|---|---|---|

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

**IT IS AGREED THAT IF OTHER COLLECTIBLE INSURANCE WITH ANY OTHER INSURER IS AVAILABLE TO THE INSURED COVERING A LOSS ALSO COVERED HEREUNDER, SUCH LOSS SHALL BE IN EXCESS OF, AND NOT CONTRIBUTE WITH, SUCH OTHER INSURANCE.**

CL 20029Q—Sets

**ENDORSEMENT**

( INCLUDED IN ORIGINAL ENTRY

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l.  ☐ Return $ | | **RTG 604820** |

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

## LIQUOR LAW LIABILITY

IT IS AGREED THAT (EXCLUSION F) UNDER PART I - COMPREHENSIVE GENERAL LIABILITY INSURANCE IS DELETED.

**ENDORSEMENT**

INCLUDED IN ORIGINAL ENTRY

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM ☐ Add'l. ☐ Return $ | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER RTG 604820 |
|---|---|---|---|

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

---

## CANCELLATION

**IT IS AGREED THAT THE 10 DAYS CANCELLATION PROVISION AS SHOWN UNDER CONDITION 11 OF THE POLICY IS AMENDED TO READ 90 DAYS.**

CL 20025Q—Sets

INC͏ BED IN ORIGINAL ENTRY

## EXCLUSION (Malpractice and Professional Services) (Form C)

**ROYAL-GLOBE INSURANCE COMPANIES**

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, providing such attachment is stated in the policy declarations. Otherwise this endorsement is issued for attachment to and forms a part of the below numbered policy, effective on the date indicated, at 12:01A.M. Standard Time as stated in the policy.

| SIGNED BY: | |
|---|---|
| AUTHORIZED REPRESENTATIVE | |

COMPANY

| END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|
| | **RTG 604820** |

Named Insured (and address when necessary for mailing)          Producer (and address for mailing)

---

*This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:*

**COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**

Description of Operations:

### CEMETERIES

It is agreed that with respect to any operation described above, the insurance does not apply to **bodily injury** or **property damage** due to the rendering of or failure to render any professional service.

---

G316    Ed. 10-1-66
(Co. No. CL68101)

**ENDORSEMENT**

ROYAL-GLOBE
INSURANCE

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

INCLUDED IN ORIGINAL ENTRY.

AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l. ☐ Return $ | | RTG 604820 |

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

## WORLDWIDE COVERAGE

THIS POLICY IS EXTENDED TO COVER OCCURRENCES WHICH TAKE PLACE DURING THE POLICY PERIOD ANYWHERE IN THE WORLD, EXCLUDING ALBANIA, BULGARIA, CHINA, CUBA, CZECHOSLOVAKIA, EAST GERMANY, HUNGARY, NORTH KOREA, LAOS, OUTER MONGOLIA, POLAND, RUMANIA, SOVIET UNION, TIBET, NORTH VIETNAM AND YOGOSLAVIA.

WITH RESPECT TO THIS EXTENSION OF COVERAGE, IF CLAIM IS MADE OR SUIT IS BROUGHT WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESIONS, OR CANADA, THIS COMPANY WILL DEFEND ANY SUIT AGAINST THE ASSURED ALLEGING SUCH INJURY, SICKNESS, DISEASE OR DESCTRUCTION AND SEEKING DAMAGES ON ACCOUNT THEREOF, EVEN IF SUCH SUIT IS GROUNDLESS, FALSE OR FRAUDULENT, BUT THE COMPANY MAY MAKE SUCH INVESTIGATION, NEGOTIATION AND SETTLEMENT OF ANY CLAIM OR SUIT AS IT DEEMS EXPEDIENT.

IF A CLAIM IS MADE OR SUIT IS BROUGHT ELSEWHERE THAN WITHIN THE UNITED STATES OF AMERICA, ITS TERRITORIES OR POSSESIONS, OR CANADA, THE COMPANY SHALL HAVE THE RIGHT BUT NOT THE DUTY TO INVESTIGATE AND SETTLE SUCH CLAIMS AND DEFEND SUCH SUITS. IN ANY CASE IN WHICH THE COMPANY ELECTS NOT TO INVESTIGATE, SETTLE OR DEFEND, THE INSURED, UNDER THE SUPERVISION OF THE COMPANY, SHALL MAKE OR CAUSE TO BE MADE SUCH INVESTIGATION AND DEFENSE AS ARE REASONABLE NECESSARY, AND SUBJECT TO THE PRIOR AUTHORIZATION BY THE COMPANY, WILL EFFECT TO THE EXTENT POSSIBLE SUCH SETTLEMENT OR SETTLEMENTS AS THE COMPANY AND THE INSURED DEEM PRUDENT. THE COMPANY SHALL REIMBURSE THE INSURED FOR THE REASONABLE COST OF SUCH INVESTIGATION, SETTLEMENT OR DEFENSE.

ADDITIONAL INSURED (State, Political Subdivisions - Permits Relating to Premises)

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

ROYAL-GLOBE INSURANCE

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY:

_____ AUTHORIZED REPRESENTATIVE

| COMPANY | ADDITIONAL PREMIUM $ | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER RTG 604820 |

Named Insured (and address, zip code when necessary for mailing)

Producer (and address, zip code, for mailing)

*This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:*

**COMPREHENSIVE GENERAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE
STOREKEEPER'S INSURANCE**

**SCHEDULE**

Designation of State or Political Subdivision:

**IF ANY**

| Limits of Property Damage Liability | Each Occurence $ AS PER CERTIFICATES ATTACHED | Aggregate |

It is agreed that the "Persons Insured" provision includes as an **insured** any state or political subdivision designated in the schedule above, subject to the following additional provisions:

1. The insurance for any such **insured** applies only with respect to such of the following hazards for which the state or political subdivision has issued a permit in connection with premises owned by, rented to or controlled by the **named insured** and to which the Bodily Injury Liability Coverage applies:

   (a) the existence, maintenance, repair, construction, erection or removal of advertising signs, awnings, canopies, cellar entrances, coal holes, driveways, manholes, marquees, hoistway openings, sidewalk vaults, street banners or decorations and similar exposures;

   (b) the construction, erection or removal of **elevators**;

   (c) the ownership, maintenance or use of any **elevators** covered by the policy.

2. If Property Damage Liability Coverage is not otherwise afforded, such insurance shall nevertheless apply with respect to operations performed by or on behalf of the **named insured** in connection with the hazard for which the permit has been issued subject to the limits of liability stated herein.

G111   Ed. 10-1-66
(Co. No. CL68081B)

**COLLEGES OR SCHOOLS**    ~~SAL ENTRY~~

**ROYAL-GLOBE INSURANCE COMPANIES**

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | |
|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, providing such attachment is stated in the policy declarations. Otherwise this endorsement is issued for attachment to and forms a part of the below numbered policy, effective on the date indicated, at 12:01A.M. Standard Time as stated in the policy. | SIGNED BY: |
| | AUTHORIZED REPRESENTATIVE |

**COMPANY**

| END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|
| | **RTG 604820** |

Named Insured (and address when necessary for mailing)          Producer (and address for mailing)

*This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:*

**COMPREHENSIVE GENERAL LIABILITY INSURANCE
OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE**

**SCHEDULE**

| Additional Insureds | | First Aid Coverage: | | | |
|---|---|---|---|---|---|
| Including Teachers and Staff | | 1. Excluding All Students | X | 2. Including All Students | |

It is agreed that with respect to the operation of any college or school by or on behalf of the **named insured**:

1. **Additional Insureds:** The "Persons Insured" provision is amended to include as an **insured** any of the following while acting within the scope of his duties as such:

   (a) If the **named insured** is a private charitable or educational institution, any trustee or member of the Board of Governors thereof,

   (b) If the **named insured** is a public board or commission, any executive officer or member thereof,

   (c) If an "x" is entered in the schedule in the block opposite "Including Teachers and Staff" any member of the teaching or administrative staff or other employee of the **named insured**.

2. **First Aid:** The insurance under the "Supplementary Payments" provision for first aid is subject to the following special provisions:

   (a) If an "x" is entered in the schedule in the block opposite "Excluding All Students", the insurance does not apply to first aid to any student or pupil.

   (b) Subject to paragraph 2 (a), unless an "x" is entered in the block opposite "Including All Students" the insurance does not apply to first aid to any student or pupil injured while engaged in any athletic activities (including calisthenic drills and gymnasium classes) directed or organized by any **insured** or by any person acting on behalf of the **named insured**.

   (c) The insurance does not apply to expenses for services provided by the **named insured** or his employees or by any person or organization under contract with the **named insured** to provide such services.

3. **Infirmaries, Clinics, Hospitals:** If the college or school has an infirmary with facilities for lodging and treatment or a public clinic or hospital, the insurance does not apply to (1) the rendering of or failure to render (a) medical, surgical, dental, X-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith, (b) any service or treatment conducive to health or of a professional nature, or (c) any cosmetic or tonsorial service or treatment; (2) the furnishing or dispensing of drugs or medical, dental, or surgical supplies or appliances; or (3) the handling of or performing of autopsies on dead bodies.

4. **Transportation of Pupils:** With respect to the transportation of students or pupils, exclusions (b) and (d) of the policy are replaced by the following:

   The insurance does not apply to **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any aircraft, **automobile** or watercraft owned, operated or hired by or for the **insured** or any officer, employee or member of the teaching, supervisory or administrative staff thereof. For the purpose of this exclusion the word "hired" shall be deemed to include any contract to furnish transportation of pupils to and from schools.

G404   Ed. 10-1-66
(Co. No. CL68109A)

**EXCLUSION (Contamination or Pollution)**

*No typing necessary IF issued with policy and attachment stated in policy declarations.*

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

COUNTERSIGNED: IN ORIGINAL ENTRY

AUTHORIZED REPRESENTATIVE

COMPANY

| UCER CODE | | ENDORSEMENT EFFECTIVE DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| Named Insured (and address, zip code when necessary for mailing) | | Producer (and address, zip code, for mailing) | |

*This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:*

COMPREHENSIVE GENERAL LIABILITY INSURANCE
COMPLETED OPERATIONS AND PRODUCTS LIABILITY INSURANCE
CONTRACTUAL LIABILITY INSURANCE
MANUFACTURERS' AND CONTRACTORS' LIABILITY INSURANCE
OWNERS' AND CONTRACTORS' PROTECTIVE LIABILITY INSURANCE
OWNERS' LANDLORDS' AND TENANTS' LIABILITY INSURANCE
SPECIAL PROTECTIVE AND HIGHWAY LIABILITY INSURANCE –
NEW YORK DEPARTMENT OF PUBLIC WORKS
STOREKEEPER'S INSURANCE

It is agreed that the insurance does not apply to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

G 335    Ed. 6-10-70
(Co. No. CL69413)

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.

| | SIGNED BY | ORIGINAL ENTRY |
|---|---|---|
| Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective. | | AUTHORIZED REPRESENTATIVE |

| COMPANY | PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER |
|---|---|---|---|
| | ☐ Add'l.  ☐ Return $ | | RTG 604820 |

Named Insured (and address, zip code, when necessary for mailing)                    Producer (and address, zip code, for mailing)

## RATING MODIFICATION ENDORSEMENT

**THE RATES ON THE FOLLOWING STATES HAVE BEEN ADJUSTED TO INCLUDE THE EXPERIENCE MODIFICATION APPROVED BY THE NATIONAL BUREAU OF CASUALTY UNDERWRITERS FOR THE PERIOD**

OCT. 1, 1970                    TO                    OCT. 1, 1971

### STATE

NEW YORK

CL 20030R—Sets

**ENDORSEMENT**

ROYAL-GLOBE INSURANCE

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

ORIGINAL ENTRY

Unless otherwise stated, this endorsement forms a part of the policy to which attached as of issue, provided such attachment is stated in the policy declarations. Otherwise, this endorsement is issued for attachment to and forms a part of the policy numbered below, effective only on the date indicated on this endorsement but at the same time or hour of the day as the policy became effective.

SIGNED BY

_____
AUTHORIZED REPRESENTATIVE

| COMPANY | PREMIUM ☐ Add'l.  ☐ Return $ | END. EFF. DATE (MO., DAY, YR.) | POLICY SYMBOL & NUMBER RTG 064820 |
|---|---|---|---|

Named Insured (and address, zip code, when necessary for mailing)

Producer (and address, zip code, for mailing)

## SCHEDULE OF EXPERIENCE MODIFICATIONS

**STATE**

**NEW YORK**

**EXPERIENCE MODIFICATION**

**BASIC DEBIT 1.53%**

**EXCESS DEBIT .33%**

## PREMIUM DISCOUNT ENDORSEMENT – NEW YORK

Liability

*IN ORIGINAL ENTR*

### (Automobile and General Liability Insurance)

This endorsement is issued for attachment to and is hereby made a part of the policy designated below and is effective as of the date indicated, at 12:01 A.M., standard time at the address of the named insured as stated in the policy.

| POLICY NUMBER | NAME OF COMPANY | Endorsement Effective Date |
|---|---|---|
| RTG 604820 | ROYAL INDEMNITY COMPANY | MONTH DAY YEAR  OCT. 1, 1970 |

NAME  **ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, N. Y., ETAL.**

| PRODUCER | PRODUCER CODE NUMBER |
|---|---|
| | |

It is agreed that the premium pertaining to New York for Liability, Medical Payments and Elevator Collision insurance is subject to discount in accordance with the following procedure:

1. **New York Standard Premium.** Such premium pertaining to New York computed in accordance with the provisions of the policies designated in Paragraph 5 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, shall be known as the New York Standard Premium.

2. **Total Standard Premium For All States.** The Liability, Medical Payments and Elevator Collision premium computed in accordance with the provisions of the policies designated in Paragraph 5 hereof, other than this endorsement and exclusive of the application of any retrospective rating plan, any Automatic Premium Adjustment Endorsement, any Premium Return Plan Endorsement, or other Premium Discount Endorsement, shall be known as the Total Standard Premium.

3. **Premium Discount – New York**

    (a) For policy periods of one year or less – The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentages for the Total Standard Premium obtained from the Table of 'New York Premium Discounts' printed on the reverse side hereof.

    (b) For Policy Periods of more than one year – The New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be subject to the applicable discount percentage for the Total Standard Premium obtained from the Table of "New York Premium Discounts." The Total Standard Premium for each annual period shall be the policy premium for such insurance for each such period.

    (c) If retrospective rating is applicable to a part of the premium pertaining to New York, the amount of premium discount applicable to the New York Standard Premium, exclusive of any premium subject to any retrospective rating plan, shall be the difference between (1) the discount determined by applying to the New York Standard Premium the applicable percentages stated in said Table opposite the Total Standard Premium and (2) the discount determined by applying to that portion of the New York Standard Premium which is subject to a retrospective rating the applicable percentages stated in said Table opposite so much of the Total Standard Premium as is subject to retrospective rating.

    (d) The provisions of this endorsement shall not apply in the event the New York Standard Premium is $100 or less and in no event shall the application of the provisions of this endorsement result in an earned premium of less than $100 as applicable to New York.

4. **Table – New York Premium Discounts.** Table printed on reverse side hereof.

5. **List of Policies Subject to New York Premium Discount**          Estimated Standard Premium

    RTG 604820          **AS PER CERTIFICATES ATTACHED**

          **$508,989.00**   Total

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

SIGNATURE OF AUTHORIZED REPRESENTATIVE

CL21132H

## NEW YORK PREMIUM DISCOUNT TABLE

### Premium Discount Percentages Applicable to New York Standard Premium

| Total Standard Premium (See Note) (1) | General Liability (2) | Automobile Liability-Garages (3) | Taxis, Livery, Buses and Long Haul Truckmen (4) | All Other Auto Liability (5) |
|---|---|---|---|---|
| $1,000 or less | 0.0% | 0.0% | 0.0% | 0.0% |
| 1,050 | 0.7 | 0.3 | 0.1 | 0.3 |
| 1,100 | 1.2 | 0.6 | 0.1 | 0.5 |
| 1,150 | 1.6 | 0.7 | 0.1 | 0.7 |
| 1,200 | 1.9 | 0.9 | 0.2 | 0.8 |
| 1,250 | 2.3 | 1.1 | 0.2 | 1.0 |
| 1,300 | 2.6 | 1.2 | 0.2 | 1.1 |
| 1,350 | 2.9 | 1.4 | 0.3 | 1.2 |
| 1,400 | 3.1 | 1.5 | 0.3 | 1.3 |
| 1,480 | 3.4 | 1.6 | 0.3 | 1.4 |
| 1,500 | 3.6 | 1.7 | 0.3 | 1.5 |
| 1,550 | 3.8 | 1.8 | 0.4 | 1.6 |
| 1,600 | 4.0 | 1.9 | 0.4 | 1.7 |
| 1,650 | 4.2 | 2.0 | 0.4 | 1.8 |
| 1,700 | 4.4 | 2.1 | 0.4 | 1.9 |
| 1,750 | 4.6 | 2.2 | 0.4 | 2.0 |
| 1,800 | 4.7 | 2.3 | 0.5 | 2.0 |
| 1,850 | 4.9 | 2.3 | 0.5 | 2.1 |
| 1,900 | 5.0 | 2.4 | 0.5 | 2.2 |
| 1,950 | 5.2 | 2.5 | 0.5 | 2.2 |
| 2,000 | 5.4 | 2.6 | 0.5 | 2.3 |
| 2,100 | 5.6 | 2.7 | 0.5 | 2.4 |
| 2,200 | 5.8 | 2.8 | 0.6 | 2.5 |
| 2,300 | 6.0 | 2.9 | 0.6 | 2.6 |
| 2,400 | 6.2 | 3.0 | 0.6 | 2.7 |
| 2,500 | 6.4 | 3.0 | 0.6 | 2.7 |
| 2,600 | 6.5 | 3.1 | 0.6 | 2.8 |
| 2,700 | 6.7 | 3.2 | 0.6 | 2.9 |
| 2,800 | 6.8 | 3.2 | 0.6 | 2.9 |
| 2,900 | 6.9 | 3.3 | 0.7 | 3.0 |
| 3,000 | 7.1 | 3.4 | 0.7 | 3.0 |
| 3,100 | 7.2 | 3.4 | 0.7 | 3.1 |
| 3,200 | 7.3 | 3.5 | 0.7 | 3.1 |
| 3,300 | 7.4 | 3.5 | 0.7 | 3.2 |
| 3,400 | 7.5 | 3.6 | 0.7 | 3.2 |
| 3,500 | 7.5 | 3.6 | 0.7 | 3.2 |
| 3,600 | 7.6 | 3.6 | 0.7 | 3.3 |
| 3,700 | 7.7 | 3.7 | 0.7 | 3.3 |
| 3,800 | 7.8 | 3.7 | 0.7 | 3.3 |
| 3,900 | 7.8 | 3.7 | 0.7 | 3.4 |
| 4,000 | 7.9 | 3.8 | 0.8 | 3.4 |
| 4,200 | 8.1 | 3.8 | 0.8 | 3.5 |
| 4,400 | 8.2 | 3.9 | 0.8 | 3.5 |
| 4,600 | 8.3 | 3.9 | 0.8 | 3.5 |
| 4,800 | 8.4 | 4.0 | 0.8 | 3.6 |
| 5,000 | 8.5 | 4.1 | 0.9 | 3.7 |
| 5,200 | 8.8 | 4.3 | 1.2 | 3.9 |
| 5,400 | 9.1 | 4.5 | 1.4 | 4.1 |
| 5,600 | 9.3 | 4.7 | 1.6 | 4.3 |
| 5,800 | 9.5 | 4.8 | 1.8 | 4.4 |
| 6,000 | 9.7 | 5.0 | 2.0 | 4.6 |
| 6,200 | 9.9 | 5.1 | 2.2 | 4.7 |
| 6,400 | 10.1 | 5.3 | 2.3 | 4.8 |
| 6,600 | 10.3 | 5.4 | 2.5 | 5.0 |
| 6,800 | 10.4 | 5.5 | 2.6 | 5.1 |
| 7,000 | 10.6 | 5.6 | 2.8 | 5.2 |
| 7,200 | 10.7 | 5.7 | 2.9 | 5.3 |
| 7,400 | 10.9 | 5.8 | 3.0 | 5.4 |
| 7,600 | 11.0 | 5.9 | 3.1 | 5.5 |
| 7,800 | 11.1 | 6.0 | 3.3 | 5.6 |

| Total Standard Premium (See Note) (1) | General Liability (2) | Automobile Liability-Garages (3) | Taxis, Livery, Buses and Long Haul Truckmen (4) | All Other Auto Liability (5) |
|---|---|---|---|---|
| $8,000 | 11.2% | 6.1% | 3.4% | 5.7% |
| 8,200 | 11.3 | 6.2 | 3.5 | 5.7 |
| 8,400 | 11.4 | 6.3 | 3.6 | 5.8 |
| 8,600 | 11.5 | 6.3 | 3.6 | 5.9 |
| 8,800 | 11.6 | 6.4 | 3.7 | 6.0 |
| 9,000 | 11.7 | 6.5 | 3.8 | 6.0 |
| 9,200 | 11.8 | 6.5 | 3.9 | 6.1 |
| 9,400 | 11.9 | 6.6 | 4.0 | 6.2 |
| 9,600 | 12.0 | 6.7 | 4.0 | 6.2 |
| 9,800 | 12.1 | 6.7 | 4.1 | 6.3 |
| 10,000 | 12.2 | 6.8 | 4.2 | 6.4 |
| 10,500 | 12.4 | 6.9 | 4.4 | 6.5 |
| 11,000 | 12.5 | 7.1 | 4.5 | 6.6 |
| 11,500 | 12.7 | 7.2 | 4.6 | 6.7 |
| 12,000 | 12.8 | 7.3 | 4.8 | 6.8 |
| 12,500 | 12.9 | 7.3 | 4.9 | 6.9 |
| 13,000 | 13.0 | 7.4 | 5.0 | 7.0 |
| 13,500 | 13.1 | 7.5 | 5.1 | 7.0 |
| 14,000 | 13.2 | 7.6 | 5.1 | 7.1 |
| 14,500 | 13.3 | 7.6 | 5.2 | 7.2 |
| 15,000 | 13.4 | 7.7 | 5.3 | 7.3 |
| 16,000 | 13.6 | 7.8 | 5.5 | 7.4 |
| 17,000 | 13.7 | 7.9 | 5.6 | 7.5 |
| 18,000 | 13.8 | 8.0 | 5.7 | 7.5 |
| 19,000 | 13.9 | 8.1 | 5.8 | 7.6 |
| 20,000 | 14.0 | 8.2 | 5.9 | 7.7 |
| 21,000 | 14.1 | 8.2 | 5.9 | 7.7 |
| 22,000 | 14.2 | 8.3 | 6.0 | 7.8 |
| 23,000 | 14.2 | 8.3 | 6.1 | 7.9 |
| 24,000 | 14.3 | 8.4 | 6.1 | 7.9 |
| 25,000 | 14.4 | 8.5 | 6.2 | 8.0 |
| 27,500 | 14.5 | 8.5 | 6.3 | 8.1 |
| 30,000 | 14.8 | 8.8 | 6.5 | 8.3 |
| 32,500 | 15.3 | 9.2 | 6.8 | 8.6 |
| 35,000 | 15.7 | 9.5 | 7.1 | 8.9 |
| 37,500 | 16.1 | 9.8 | 7.3 | 9.2 |
| 40,000 | 16.4 | 10.1 | 7.5 | 9.4 |
| 42,500 | 16.7 | 10.3 | 7.7 | 9.6 |
| 45,000 | 16.9 | 10.5 | 7.8 | 9.8 |
| 47,500 | 17.1 | 10.7 | 8.0 | 10.0 |
| 50,000 | 17.3 | 10.8 | 8.1 | 10.1 |
| 52,500 | 17.5 | 11.0 | 8.2 | 10.3 |
| 55,000 | 17.7 | 11.1 | 8.3 | 10.4 |
| 57,500 | 17.8 | 11.2 | 8.4 | 10.5 |
| 60,000 | 18.0 | 11.3 | 8.5 | 10.6 |
| 62,500 | 18.1 | 11.5 | 8.6 | 10.7 |
| 65,000 | 18.2 | 11.5 | 8.6 | 10.8 |
| 67,500 | 18.3 | 11.6 | 8.7 | 10.9 |
| 70,000 | 18.4 | 11.7 | 8.8 | 10.9 |
| 72,500 | 18.5 | 11.8 | 8.8 | 11.0 |
| 75,000 | 18.6 | 11.9 | 8.9 | 11.1 |
| 80,000 | 18.8 | 12.0 | 9.0 | 11.2 |
| 85,000 | 18.9 | 12.1 | 9.1 | 11.3 |
| 90,000 | 19.0 | 12.2 | 9.2 | 11.4 |
| 95,000 | 19.2 | 12.3 | 9.2 | 11.5 |
| 100,000 | 19.3 | 12.4 | 9.3 | 11.5 |
| over 100,000 | * | * | * | * |

If the Total Standard Premium is between two of the amounts shown in Column (1) the premium discount percentage applicable is that shown for the lower of such amounts.

*If the Total Standard Premium is over $100,000, the discount percentage applicable for each kind of insurance shall be determined as the weighted average of the percentage shown for the first $100,000 of Total Standard Premium and the appropriate percentage for the portion of the Total Standard Premium over $100,000 as follows:

| Kind of Insurance | Portion Over $100,000 |
|---|---|
| General Liability | 26.7% |
| Automobile Liability--Garages | 17.5 |
| Taxis, Livery, Buses and Long Haul Truckmen | 14.0 |
| All Other Automobile Liability | 16.5 |

CL21132-

## RETROSPECTIVE PREMIUM ENDORSEMENT – ONE YEAR – PLAN D

It is agreed that this endorsement applies to the policies designated in Table I below, subject to the following provisions:

1. **FINAL PREMIUM.** The final premium for such policies is the sum of:

   (a) the premium for the insurance not subject to Plan D, as specified in Table I, computed in accordance with the provisions of such policies, other than this endorsement, and

   (b) the premium for the insurance subject to Plan D, as specified in Table I, hereinafter referred to as the retrospective premium.

2. **RETROSPECTIVE PREMIUM.** The retrospective premium shall be the sum of:

   (a) the basic premiums for each state,

   (b) the excess loss premiums for each state, and

   (c) the converted losses for each state,

   each multiplied by the applicable state tax multiplier. The retrospective premium shall be subject to the minimum retrospective premium and to the maximum retrospective premium.

3. **DEFINITION OF TERMS USED IN THE COMPUTATION OF THE RETROSPECTIVE PREMIUM.**

   (a) **"Standard premium"** means the premium for the insurance subject to Plan D computed in accordance with the provisions of the policies, other than this endorsement and exclusive of the application of any premium discount endorsement.

   (b) **"Basic premiums"** means the amounts obtained by applying to each portion of the standard premium the basic premium percentage stated in Table II as applicable thereto.

   (c) **"Excess loss premiums"** means the sum of:

      (1) the amounts obtained by applying to that portion of the standard premium under workmen's compensation and employers' liability policies for each state for which a factor is entered in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, the applicable factor times the applicable loss conversion factor,

      (2) the amounts obtained by applying to that portion of the standard premium for liability insurance under general liability and automobile liability policies, the factor stated in the Excess Loss Premium Factors (Liability) column of Table I, times the applicable loss conversion factor, and

      (3) the amounts obtained by applying to that portion of the standard premium for automobile physical damage insurance, the factor stated in the Excess Loss Premium Factors (Physical Damage) column of Table I, times the applicable loss conversion factor.

   (d) **"Incurred losses"** means the sum of:

      (1) all losses, including medical, actually paid,

      (2) reserves for unpaid losses as estimated by the company,

      (3) premiums on bonds paid for by the company in accordance with the provisions of the policies,

      (4) interest accruing after entry of a judgment against the insured,

      (5) allocated loss adjustment expenses, and

      (6) expenses incurred in seeking recovery against a third party

      under the insurance subject to Plan D, provided:

         (i) as respects the insurance afforded under any workmen's compensation and employers' liability policy:
            (a) item (3) above shall not apply,
            (b) item (5) above shall apply as respects employers' liability coverage only,
            (c) item (6) above shall apply only if recovery is obtained against the third party, and
         (ii) items (3), (4), and (5) above shall not apply as respects automobile physical damage insurance.

   (e) **"Compensation loss limitation,"** if stated in Table I, means the limit of incurred losses to be included in computing the retrospective premium under the workmen's compensation and employers' liability policies designated in Table I as subject to Plan D, applicable to any state for which a factor is shown in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, arising out of bodily injury by accident or disease, including death at any time resulting therefrom, sustained by one or more employees in a single accident. For the purpose of this definition, incurred losses arising out of bodily injury by disease, including death at any time resulting therefrom, sustained by any one employee shall be deemed to arise out of a single accident.

      If, during the policy period,
      (i) the insured engages in operations in any state for which this policy affords insurance but for which no factor is shown in the Excess Loss Premium Factors (Workmen's Compensation) column of Table I, and

      (ii) on the date this endorsement becomes applicable with respect to any such additional state, there is a loss limitation with respect to all states specifically insured under the policy and subject to Plan D, and

      (iii) the insured is eligible to elect such loss limitation in such additional state,

      such loss limitation shall also apply to incurred losses pertaining to such additional state. The excess loss premium factor applicable to such additional state, determined in accordance with the manuals in use by the company, shall be deemed to be entered in Table I.

   (f) **"Combined liability loss limitation,"** if stated in Table I, means the overall limit of incurred losses to be included in computing the retrospective premium for general liability and automobile liability insurance afforded under any policy designated in Table I as subject to Plan D, arising out of a single accident.

   (g) **"Automobile physical damage loss limitation,"** if stated in Table I, means the limit of incurred losses to be included in computing the retrospective premium for the automobile physical damage insurance afforded under any policy designated in Table I as subject to Plan D, arising out of any one occurrence.

   (h) **"Loss conversion factor"** means the factor designated in Table I.

   (i) **"Converted losses"** means the incurred losses multiplied by the applicable loss conversion factor.

   (j) **"State tax multiplier"** means the applicable factor stated in the State Tax Multiplier Table in Table I.

   (k) **"Minimum retrospective premium"** is the amount obtained by the application of the minimum premium percentage stated in Table II to the standard premium.

   (l) **"Maximum retrospective premium"** is the amount obtained by the application of the maximum premium percentage stated in Table II to the standard premium.

CL21131J      Ed. 8-1-66

Page 2
(second of four pahes )

## RETROSPECTIVE PREMIUM ENDORSEMENT – ONE YEAR – PLAN D
### (Continued)

4. **PAYMENTS AND COMPUTATIONS OF PREMIUM FOR INSURANCE SUBJECT TO PLAN D.**

   (a) **Standard Premium.** The named insured shall pay the standard premium to the company in accordance with the provisions of the poli-cies other than this endorsement, specifying the manner of premium payment.

   (b) **Retrospective Premium.** A computation of the retrospective premium, based upon incurred losses valued as of a date six months after termination of the policies, shall be made by the company as soon as practicable after such valuation date. The premium so computed shall be the final retrospective premium if (1) all claims have been closed or it is apparent that the retrospective premium will exceed the maximum retrospective premium, and (2) within ninety days from approval of such computation by the organization having jurisdic-tion, the company, with the agreement of the named insured, requests of such organization that the computation be final.

   If such computation is not final, a further computation of the retrospective premium, based upon incurred losses valued as of a date eighteen months after termination of the policies, shall be made by the company as soon as practicable after such valuation date. Such further computation shall be final unless, within ninety days from approval of such computation by the organization having juris-diction, the company or the named insured requests of such organization that a further computation be authorized. Any subsequent computations, to be made only at intervals of twelve months, shall each be subject to a similar procedure.

   If the named insured disposes of his entire interest in the operations covered by the policies, or makes an assignment for the benefit of creditors, or is in a legal proceeding reorganized or declared bankrupt or insolvent, and if the retrospective premium as of the date of such change of status is greater than the standard premium for insurance to such date, the company may compute the retrospective premium as of such date, as soon as practicable thereafter.

   After each computation, if the premium thus computed exceeds the premium paid for insurance subject to Plan D, the named insured shall pay the difference to the company; if less, the company shall return the difference to the named insured.

5. **CANCELATION**

   In the event of cancelation by the named insured of the policies designated in Table I, the premium for insurance subject to Plan D shall be determined in accordance with the provisions of this endorsement, provided;

   (a) In computing the basic premiums and excess loss premiums for each state, the standard premium shall be computed at short rates in accordance with the customary short rate table and procedure; the minimum retrospective premium shall be the standard premium so computed

   (b) In computing the maximum retrospective premium, the standard premium shall be computed pro rata for the period the policies were in force and then extended pro rata to the normal expiration date of the policies.

   In the event of cancelation by the company of such policies the premium for insurance subject to Plan D shall be determined in accordance with the provisions of this endorsement, provided if such cancelation is because of non-payment of premium by the named insured, in computing the maximum retrospective premium the standard premium shall be computed pro rata for the period the policies were in force and then extended pro rata to the normal expiration date of the policies.

   In the event of cancelation of insurance on a part of the named insured's operations the retrospective premium shall be computed in accordance with the rules of Retrospective Rating Plan D which were in effect upon the effective date of the policies.

### TABLE I
**Premium Subject to Plan D, Limitations, Loss Conversion Factor, State Tax Multipliers**
Excess Loss Premium Factors

1. The premium for the following policies is to be computed in accordance with the provisions of Retrospective Rating Plan D in all states where such plan is or becomes applicable on an interstate basis, subject to the limitations specified herein:

   List of Policies        **RTC 604800**
                           **RTG 604820**

2. Plan D does not apply to the premium for policies

   in the states of

3. The premium for the general liability and automobile liability insurance afforded under policies designed in paragraph 1 above for insu-rance in excess of the limits of liability stated below shall not be subject to plan D:

| | | |
|---|---|---|
| Automobile Liability policies | $ **NOT IN PLAN** | each person |
| (Bodily Injury Liability) | $ **NOT IN PLAN** | each accident |
| General Liability policies | $ **25,000** | each person |
| (Bodily Injury Liability) | $ **25,000** | each accident |
| | $ **100,000** | aggregate products |
| **HOSPITAL MALPRACTICE** | $ **25,000** | **EACH CLAIM** |
| **HOSPITAL MALPRACTICE** | **100,000** | **AGGREGATE PER LOCATION** |

CL21131J

**RETROSPECTIVE PREMIUM ENDORSEMENT — ONE YEAR — PLAN D**
(Continued)

TABLE I — (Continued)

| | | |
|---|---|---|
| Automobile Liability policies | $ **NOT IN PLAN** | each accident |
| (Property Damage Liability) | | |
| General Liability policies | $ **25,000** | each accident |
| (Property Damage Liability) | $ **100,000** | aggregate operations |
| | $ **100,000** | aggregate protective |
| | $ **100,000** | aggregate products |
| | $ **100,000** | aggregate contractual |

Contractual Liability Endorsement (if made a part of any general liability policy designated in paragraph 1 above)

| | | |
|---|---|---|
| Bodily Injury Liability | $ **25,000** | each person |
| | $ **25,000** | each accident |
| Property Damage Liability | $ **25,000** | each accident |
| | $ **100,000** | aggregate |

The incurred losses to be included in computing the premium for the insurance subject to Plan D shall not include that portion of the losses actually paid and the reserves for unpaid losses which is in excess of the limits of liability stated above, but that part of the incurred losses consisting of premiums on bonds, interest accruing after entry of judgment, allocated loss adjustment expenses and expenses incurred in seeking recovery against a third party shall not be subject to such limits.

4. Combined Liability Loss Limitations is $ ~~25,000~~
5. Compensation Loss Limitation is $ 25,000.
6. Automobile Physical Damage Loss Limitation is $
7. Loss Conversion Factor is **1.14**
8.

| | STATE TAX MULTIPLIERS | | | | EXCESS LOSS PREMIUM FACTORS | | |
|---|---|---|---|---|---|---|---|
| Name Of State | Workmen's Compensation And Employers' Liability | Automobile Liability | General Liability | Automobile Physical Damage | Workmen's Compensation And Employers' Liability | Automobile and General Liability | Automobile Physical Damage |
| **NEW YORK** | **1.031** | **NOT IN PLAN** | **1.031** | **NOT IN PLAN** | **5.5** | **NONE** | **NOT IN PLAN** |

Page 4

(fourth of four pages)

## RETROSPECTIVE PREMIUM ENDORSEMENT – ONE YEAR – PLAN D

(Continued)

### TABLE II – PERCENTAGES TO DETERMINE BASIC, MINIMUM, AND MAXIMUM PREMIUMS.

The basic premium, the minimum premium, and the maximum premium for insurance subject to Plan D are percentages of the standard premium for such insurance. Such percentages are computed initially upon an estimate of the standard premium and finally upon the earned standard premium for such insurance. If the standard premium lies between any two of the figures on the "Standard Premium" line, the percentages applicable shall be obtained by linear interpolation to the nearest one-tenth of 1%.

#### PERCENTAGES OF STANDARD PREMIUM

|  | 50% | 100% | 150% |
|---|---|---|---|
| Standard Premium $ | **316,820** or less | $ **633,638** | $ **950,458** or more |
| Minimum Premium | **40.0** | **40.0** | **40.0** |
| Maximum Premium | **125.0** | **125.0** | **125.0** |
| Basic Premium | | | |
| COMPENSATION | **20.6** | **19.1** | **18.4** |
| GEN. LIAB. | **23.1** | **20.4** | **19.3** |



This endorsement is issued for attachment to and is hereby made a part of the policy designated below and is effective as of the date indicated, at 12:01 A.M., standard time at the address of the insured as stated in the policy.

| POLICY NUMBER | NAME OF COMPANY | ENDORSEMENT EFFECTIVE DATE (MONTH, DAY, YEAR) |
|---|---|---|
| RTG 604820 | ROYAL INDEMNITY COMPANY | 10-1-70 |

INSURED
**ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, N.Y., ETAL**

| PRODUCER | PRODUCER CODE NUMBER |
|---|---|
| CORROON & BLACK COMPANY | C-0117420 |

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

_____
Signature of Authorized Representative

CL21131J
STANDARD

# RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

**Royal Insurance**

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

_____

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| ROYAL INDEMNITY CO. | $ - | $ 5571.00 | JUN 1 7 1983 | RTG 604820 |

NAME OF INSURED

**R.C. DIOCESE OF ROCKVILLE CENTRE**

NAME OF PRODUCER

PRODUCER CODE

**0292425**

The _____ TWELFTH _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement—Plan _____ D _____, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured

☐ no change in premium

for the policy period from _____ 10/1/70 _____ to _____ 10/1/71 _____

This adjustment is

☐ final and will not be } subject to further adjustment.

☒ not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/H | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | | TRANS. | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | | ID | TYP | SUP | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | | 21 | 22 | 23 | 85 | 86 - 87 | 88 - 89 | 90 | 91 - 92 | 93 - 94 | 95 | 96 - 97 | 98 - 99 |
| P | 0 | - | C | RTG604820 | 0292425 | | 1 | 4 | 0 | 10 | 01 | 70 | 10 | 01 | 71 | 6 | 17 | 83 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP * | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.D. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | | | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42 - 43 | 44 | 45 | 46 | 47 | 48 | 55 - 60 | 61 - 63 64 | - 69 | 70 - 72 |
| 5 | 04 | 02 | 9870 | 9 | 9 | | 31 | 0 | 0 | - | 4 | 1 | 5571.00 R.P. | 000, | | 000 |

ES

ENTERED -82
JUN 2 1983
R.G. NEW YORK

CL21788G   *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY

ENTRY COPY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

**Royal Insurance**

This endorsement issued for attachment to and forms a part of the
below numbered policy, effective on the date indicated at noon
Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Co<br>NAME OF INSURED | $ 4847. | $ – | JUN 1 0 1982 | RTG 604820 |

R.C. Diocese of Rockville Centre
NAME OF PRODUCER

PRODUCER CODE

0292425

The **Eleventh** _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement—Plan ___D___, attached to the policy results in

- [x] the additional premium stated above, due the company
- [ ] the return premium stated above, due the named insured
- [ ] no change in premium

for the policy period from ___10/1/70___ to ___10/1/71___

This adjustment is

- [ ] final and will not be } subject to further adjustment.
- [x] not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | | PRODUCER CODE | | TRANS. | | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KO | TYP | SPL | | | | | | ID | TYP | SUP | | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 | 13 | 14 | 20 | 21 | 22 | 23 | | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | - | C | RTG 604820 | | 0292425 | | 1 | 4 | 0 | | 10 | 01 | 70 | 10 | 01 | 71 | 6 | 10 | 82 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP * | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.O. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | | | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42-43 | 44 | 45 | 46 | 47 | 48 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| | | | | | | | | | | | | 1 | | 000 | | 000 |
| 5 | 04 | 02 | 9870 | 9 | 9 | | 31 | 0 | 0 | - | 4 | | 4847.00 | AP | | |

ENTERED - 22

JUN 1 1 1982

R-G NEW YORK

CL21788G    *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY    ENTRY COPY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

ROYAL-GLOBE INSURANCE

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $ 37704. | $ | JUN 4 1981 | RTG 604820 |

NAME OF INSURED
R.C. Diocese of Rockville Centre

NAME OF PRODUCER

PRODUCER CODE
0292425

The _____ Tenth _____ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan _____ D _____, attached to the policy results in

[X] the additional premium stated above, due the company

[ ] the return premium stated above, due the named insured,

[ ] no change in premium

for the policy period from _____ 10/1/70 _____ to _____ 10/1/71 _____

This adjustment is

[ ] final and will not be } subject to further adjustment.

[X] not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | TRANS. | | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | ID | TYP | SUP | | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | 21 | 22 | 23 | | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | - | C | RTG604820 | 0292425 | 1 | 4 | 0 | | 10 | 01 | 70 | 10 | 01 | 71 | 6 | 04 | 81 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.D. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | * | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42-43 | 44 - 45 | 46 | 47 | 48 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| | | | | | | | | | | | 1 | 000 | | | 000 |
| S | 04 | 02 | 9870 | 9 | 9 | | 31 | 0 0 | - | 4 | | 37704.00 | AP | | |

R-G NEW YORK

CL21788G   * CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY   ENTRY COPY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

ROYAL-GLOBE INSURANCE

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| ROYAL INDEMNITY CO. | $ | $ 6,923. | AUG 2 0 1980 | RTG 604820 |

NAME OF INSURED

**R.C. DIOCESE OF ROCKVILLE CENTRE**

NAME OF PRODUCER

PRODUCER CODE
**0292425**

The _____ **NINTH** _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement—Plan ___ **D** ___, attached to the policy results in

☐ the additional premium stated above, due the company
☒ the return premium stated above, due the named insured,
☐ no change in premium

for the policy period from _____ **10-1-70** _____ to _____ **10-1-71**

This adjustment is

☐ final and will not be  }  subject to further adjustment.
☒ not final and will be   }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

**DK**

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | | PRODUCER CODE | | TRANS. | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | | | ID | TYP | SUP | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | | | 21 | 22 | 23 | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | - | C | RTG 604820 | 0292425 | | | 1 | 4 | 0 | 10 | 01 | 70 | 10 | 01 | 71 | 8 | 20 | 80 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP AUD PER | AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.O. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | * | | | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42-43 | 44 - 45 | 46 | 47 | 48 | 55 - 60 | 61-63 64 | 69 | 70 - 72 |
| | | | | | | | | | | | 1 | | 000 | | 000 |
| S | 04 | 02 | 9870 | 9 | 9 | | 31 | | | 4 | | 6929.00 | RP | | |

ENTERED - 82
AUG 2 1 1980
R-G NEW YORK

CL21788G   *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY   ENTRY COPY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

**ROYAL-GLOBE INSURANCE**

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.-DAY.YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $890.00 | $ | JUN 11 1979 | RTG 604820 |

NAME OF INSURED

**R.C. Diocese of Rockville Centre**

NAME OF PRODUCER

PRODUCER CODE: 0292425

The _____ **Eighth** _____ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan _____ **D** _____, attached to the policy results in

[X] the additional premium stated above, due the company

[ ] the return premium stated above, due the named insured,

[ ] no change in premium

for the policy period from _____ **10/1/70** _____ to _____ **10/1/71** _____

This adjustment is

[ ] final and will not be } subject to further adjustment.

[X] not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

ps

| ENTRY | | | N/R | COMPANY, POLICY SYMBOL & NUMBER | PRODUCER CODE | TRANS. | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | ENG. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | ID | TYP | SUP | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | 14 - 20 | 21 | 22 | 23 | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | | C | RTG 604820 | 0292425 | 1 | 4 | 0 | 10 | 01 | 70 | 10 | 01 | 71 | 6 | 11 | 79 |

| DEPT | LINE | FORM | CLASS | INBUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.D. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PD | | | | | * | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42-43 | 44-45 | 46 | 47 | 48 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| 5 | 04 | 02 | 9870 | 4 | | | 31 | — — | — | 4 | 1 | 890.00 | 000 AP | | 000 |

No Commission

G. H. BELL... JUN 12 1979

CL21788G    *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

**ROYAL·GLOBE INSURANCE**

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $ | $25007.00 | JUN 10 1978 | RTG 604820 |

NAME OF INSURED

**R.C. Diocese of Rockville Centre**

NAME OF PRODUCER

PRODUCER CODE

**0292425**

The _____ **Seventh** _____ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan ____ **D** ____, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from _____ **10/1/70** _____ to _____ **10/1/71** _____

This adjustment is

☐ final and will not be ⎫ subject to further adjustment.
☒ not final and will be ⎭

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

ps

| ENTRY | | | N/n | COMPANY, POLICY SYMBOL & NUMBER | | PRODUCER CODE | | TRANS. | | | | EFFECTIVE DATE | | | EXPIRATION DATE | | | END. EFF. DATE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | | | ID | TYP | SUP | | MO. | DAY | YEAR | MO. | DAY | YEAR | MO. | DAY | YEAR |
| 1 | 2 | 3 | 4 | 5 - 13 | | 14 - 20 | | 21 | 22 | 23 | | 85 | 86-87 | 88-89 | 90 | 91-92 | 93-94 | 95 | 96-97 | 98-99 |
| P | 0 | | C | RTG 604820 | | 0292425 | | 1 | 4 | 0 | | 10 | 01 | 70 | 10 | 01 | 71 | 6 | 10 | 78 |

| DEPT | LINE | FORM | CLASS | INDUS LIMITS | | STATE EXC. | TAX STATE | SIZE | POL TYP | ACCEP AUD PER | TERM | PREMIUM EXCEPT P.O. | COMM. | P.O. PREMIUM | COMM. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | BI | PO | | | | | * | | | | | |
| 24 | 25-26 | 27-28 | 29 - 32 | 33 | 34 | 38 | 42-43 | 44 - 45 | 46 | 47 | 48 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| | | | | | | | | | | | 1 | | 000 | | 000 |
| 5 | 64 | 82 | 9820 | 7 | | | 31 | - - - | - | 4 | | 25007.00 | RP | | |

G. H. BELMER JUN 2 1978

ENTERED - 52
JUN 1978
R.C. METROPOLITAN

CL21788G   *CODE 5TH DIGIT OF CLASS FOR GENERAL LIABILITY

ENTRY COPY



## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY,YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $36,569.00 | $ | JUN 14 1977 | RTG 604820 |

NAME OF INSURED

**R.C. Diocese of Rockville Centre**

NAME OF PRODUCER

PRODUCER CODE

C - 0292425

The _____ **Sixth** _____ adjustment, calculated in accordance with the provisions of the Retrospective
Premium Endorsement–Plan _____ **D** _____ , attached to the policy results in

[X] the additional premium stated above, due the company
[ ] the return premium stated above, due the named insured,
[ ] no change in premium

for the policy period from _____ **10/1/70** _____ to _____ **10/1/71** _____

This adjustment is
[ ] final and will not be
[X] not final and will be } subject to further adjustment.

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

R-G METROPOLITAN

| ENTRY | | | N/R | | | TRANS. | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | | ID | TYP | SUP | | | | | | | | | | | | | | | | | | | | | | | |
| 1 | 2 | 3 | 4 | | | 21 | 22 | 23 | | | | | | | | | | | | | | | | | | | | | | | |
| P | 0 | | | | | 1 | 4 | 0 | | | | | | | | | | | | | | | | | | | | | | | |

| DEP | LINE | FORM | CLASS | INDUS LIMITS | SAF DR | EXPOSURE | TAX STATE | SIZE | POL TYP TERM | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO. YR. | EXPIRATION MO. YR. | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | CLASS DISC. | BI PD | | | | | | | | | | | | 000 | | 000 |
| 5 | 64 | 02 | 987c | 9 | | ✓ | 31 | 07 | - 4 | | 1 | 10 | 70 | 10 71 | 36569.00 | AP | | |
| | | | | | | | | | | | | | | | No Comm | | |

# RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY,YR.) | POLICY NUMBER |
|---|---|---|---|---|---|
| **Royal Indemnity Company** | | $ — | $ 9515.00 | JUN 21 1970 | RTG 604820 |

NAME OF INSURED

### R.C. Diocese of Rockville Centre

NAME OF PRODUCER

PRODUCER CODE

C 0117420

The _____ **Fifth** _____ adjustment, calculated in accordance with the provisions of the Retrospective

Premium Endorsement—Plan _____ **D** _____, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from _____ **10/1/70** _____ to _____ **10/1/71** _____

This adjustment is

☐ final and will not be ⎫ subject to further adjustment.
☒ not final and will be ⎭

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | | TRANS. | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | ID | TYP | SUP | | | | | | | | | | | | | | | | | | |
| 1 | 2 | 3 | 4 | | 21 | 22 | 23 | | | | | | | | | | | | | | | | | | |

| DEP | LINE | FORM | CLASS CLASS\|DISC. | INDUS LIMITS BI\|PD | SAF DR | EXPOSURE | TAX STATE | SIZE TERR | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO.\|YR. | EXPIRATION MO.\|YR. | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25-26 | 27-28 | 29 • 32 | 33\|34 | 35 | 36 • 41 | 42-43 | 44 • 45 | 46 | | 47 | 48 | 49 50-51 | 52 53-54 | 55 • 60 | 61-63 | 64 • 69 | 70-72 |
| | | | | | | | | | | | | | | | | 000 | | 000 |
| 5 | 04 | 35 | 5570 | 4 | | — | 31 | 69 | — | 4 | | | 10 70 | 10 71 | 9515.00 | KH | | |

**RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT**

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO., DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| **Royal Indemnity Company** | $ - | $ 3884.00 | JUN 20 1975 | RTG 604820 |

NAME OF INSURED

**R.C. Diocese of Rockville Centre**

NAME OF PRODUCER

PRODUCER CODE
**0117420**

The _____**Fourth**_____ adjustment, calculated in accordance with the provisions of the Retrospective

Premium Endorsement–Plan _____**D**_____, attached to the policy results in

☐ the additional premium stated above, due the company

☒ the return premium stated above, due the named insured,

☐ no change in premium

for the policy period from _____**10/1/70**_____ to _____**10/1/71**_____

ENTERED: 36
JUN 23 1975
R-G METROPOLITAN

This adjustment is

☐ final and will not be } subject to further adjustment.
☒ not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| DEP | LINE | FORM | CLASS CLASS \| DISC. | INDUS LIMITS BI \| PD | SAF DR | EXPOSURE | TAX STATE | SIZE POL TYP TERM | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO. \| YR. | EXPIRATION MO. \| YR. | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25-26 | 27-28 | 29 - 32 | 33 \| 34 | 35 | 36 - 41 | 42 - 43 | 44 - 45 | 46 | 47 | 48 | 49 50-51 | 52 53-54 | 55 - 60 | 61-63 | 64 - 69 | 70-72 |
| | | | | | | | | | | | | | | | 000 | | 000 |

CL21788D –

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY,YR.) | POLICY NUMBER |
|---|---|---|---|---|
| ROYAL INDEMNITY COMPANY | $148,284.00 | - | 8/30/74 | RTG 604820 |

NAME OF INSURED
R.C. DIOCESE OF ROCKVILLE CENTRE

| NAME OF PRODUCER | PRODUCER CODE |
|---|---|
| CORROON & BLACK CO. | C-0117420 |

The **THIRD** adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan **D**, attached to the policy results in

ENTERED-36
OCT 04 1974
R-G METROPOLITAN

[X] the additional premium stated above, due the company

[ ] the return premium stated above, due the named insured,

[ ] no change in coverage

for the policy period from **OCTOBER 1, 1970** to **OCTOBER 1, 1971**

This adjustment is

[ ] final and will not be } subject to further adjustment.
[X] not final and will be }

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | | TRANS. | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPL | | | ID | TYP | SUP | | | | | | | | | | | | | | | |
| 1 | 2 | 3 | 4 | | 21 | 22 | 23 | | | | | | | | | | | | | | | |
| P | 0 | | | | 1 | 4 | 0 | | | | | | | | | | | | | | | |

| DEP | LINE | FORM | CLASS | CLASS\|DISC. | INDUS LIMITS 81\|PD | SAF OR | EXPOSURE | TAX STATE | SIZE TYP TERR | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO.\|YR. | EXPIRATION MO.\|YR. | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25-26 | 27-28 | 29 - 32 | 33\|34 | | 35 | 36 - 41 | 42 - 43 | 44 - 45 | 46 | 47 | 48 | 49 50-51 52 | 53-54 55 - 60 | 61-63 | 64 - 69 | 70-72 | | |
| 5 | 04 | 02 | 9870 | 9 | | | ✓ | 31 | 07 | | | 0 | 1 | 10 70 | 10 71 | 148284. 000 | — | 000 | |

ENTERED-36
OCT 04 1974
R-G METROPOLITAN

CL21788D –

LB

## RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT

ROYAL-GLOBE INSURANCE

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY, YR.) | POLICY NUMBER |
|---|---|---|---|---|
| ROYAL INDEMNITY COMPANY | $182,644.00 | | 9/12/73 | RTG 604820 |

NAME OF INSURED

**R.C. DIOCESE OF ROCKVILLE CENTRE**

NAME OF PRODUCER

**CORROON & BLACK CO.**

PRODUCER CODE
**C0117420**

The _____ **SECOND** _____ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement–Plan _____ **D** _____ , attached to the policy results in

- [X] the additional premium stated above, due the company
- [ ] the return premium stated above, due the named insured,
- [ ] no change in premium

for the policy period from **OCTOBER 1, 1970** to **OCTOBER 1, 1971**

This adjustment is
- [ ] final and will not be  } subject to further adjustment.
- [X] not final and will be

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | | TRANS. | | | |
|---|---|---|---|---|---|---|---|---|
| KD | TYP | SPI | 4 | | ID | TYP | SUP | |
| 1 | 2 | 3 | | | 21 | 22 | 23 | |
| P | 0 | | | | 1 | 4 | 0 | |

| DEP | LINE | FORM | CLASS CLASS\|DISC. | INDUS. LIMITS BI\|PD | SAF DR | EXPOSURE | TAX STATE | SIZE TERR | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO.\|YR. | EXPIRATION MO.\|YR. | PREMIUM EXCEPT P.D. | COMM | P.D. PREMIUM | COMM |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S | 04 | 02 | 9870 | 9 | | ✓ | 31 | 07 | | | U | 1 | 10 70 | 10 71 | 182644.00 | 000 | | 000 |

CL 21788D –

**RETROSPECTIVE PREMIUM ADJUSTMENT ENDORSEMENT**

This endorsement issued for attachment to and forms a part of the below numbered policy, effective on the date indicated at noon Standard Time as stated in the policy.

SIGNED BY

AUTHORIZED REPRESENTATIVE

| COMPANY | ADD'L. PREMIUM | RETURN PREMIUM | END. EFF. DATE (MO.,DAY,YR.) | POLICY NUMBER |
|---|---|---|---|---|
| Royal Indemnity Company | $ — | $178,839.00 | 9/14/72 | RIG 604820 |

NAME OF INSURED

R.C. Diocese of Rockville Centre

NAME OF PRODUCER

Corroon & Black Co.                                              PRODUCER CODE   C 0117420

The ___First___ adjustment, calculated in accordance with the provisions of the Retrospective Premium Endorsement—Plan ___D___, attached to the policy results in

☐ the additional premium stated above, due the company
☒ the return premium stated above, due the named insured,
☐ no change in premium

for the policy period from ___Oct. 1, 1970___ to ___Oct. 1, 1971___

ENTERED 5
NOV 01 1972

This adjustment is

☐ final and will not be  ⎫ subject to further adjustment.
☒ not final and will be  ⎭

This endorsement is subject to all terms, conditions and exclusions of the policy which are not inconsistent herewith.

| ENTRY | | | N/R | TRANS. | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KO | TYP | GPL | | ID | TYP | SUP | | | | | | | | | | | | | | |
| 1 | 2 | 3 | 4 | 21 | 22 | 23 | | | | | | | | | | | | | | |

| DEP | LINE | FORM | CLASS CLASS \| DISC. | INDUS LIMITS 81 \| PO | SAF OR | EXPOSURE | TAX STATE | SIZE TYP TERR | POL TYP | ACCEP MED LMTS | AUD PER | TERM | EFFECTIVE MO. \| YR. 50-51 | EXPIRATION MO. \| YR. 53-54 | PREMIUM EXCEPT P.D. | COMM 61-63 | P.D. PREMIUM | COMM 70-72 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 25-26 | 27-28 | 29 - 32 | 33 34 | 35 | 36 - 41 | 42 - 43 | 44 - 45 | 46 | 47 | 48 | 49 | 50-51 52 | 53-54 55 - 60 | | 000 | — | 000 |
| | | | | | | | | | | | | | | | | | | |

CL21788D –                                              10/30/72

KD ENTRY TYPE 1 SPI 2 3
20-01226-scc   Doc 6-4   Filed 10/01/20   Entered 10/01/20 08:44:55   Exhibit B
Part 3 - Royal Program Policy Compendium 1960-1970   Pg 72 of 72
PRODUCER CODE (14-20)
TRANS.   ENTRY STAMP
POLICY SYMBOL & NUMBER (5)
RTG 604820

# COVER NOTE

RTG 604820

ENTERED OCT 16 1970

| | P.O. ADDRESS (NO., ST., TOWN, COUNTY & STATE) | | |
|---|---|---|---|
| NAMED INSURED | Roman Catholic Diocese of Rockville Centre, N. Y. 253 Sunrise Highway Rockville Centre, N.Y. 11570 | PRODUCER | Corroon & Black Company 150 William St. New York, N. Y. |

| INSURING COMPANY | TENTATIVE ADVANCE PREMIUM | EFFECTIVE DATE |
|---|---|---|
| Royal Indemnity Co. | $418,000. | 10/1/70 |

The above named company, hereinafter referred to as the Company, agrees with the named insured, hereinafter referred to as the insured, in consideration of the payment of the above tentative advance premium and subject to all the terms of this Cover Note as follows:

ITEM 1—The Company acknowledges itself bound by the terms, conditions and limitations of the policy of insurance in current use by the Company for the kind of insurance specified in the Schedule of Insurance forming a part hereof from effective date shown herein and until one year thereafter or until such earlier date as the actual policy may be issued.

ITEM 2—SCHEDULE OF INSURANCE

Renewal of RTG 604829

Commission 7.8%

ITEM 3—CANCELLATION
    Cancellation of the insurance described in Item 2 shall be in accordance with the applicable policy(ies) of insurance.

This Cover Note shall be terminated as of its inception by the issuance of the policy by the Company and the tentative advance premium shall be credited thereto.

IN WITNESS WHEREOF, the Company has caused this Cover Note to be signed by its President and a Secretary at New York, N. Y. and countersigned by a duly authorized representative of the Company.

X68934 A                    COMPANY COPY          October 15, 1970