**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 20-12345 (MG) |
| ) | |
| THE ROMAN CATHOLIC DIOCESE OF ) | Chapter 11 |
| ROCKVILLE CENTRE, NEW YORK, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| THE ROMAN CATHOLIC DIOCESE OF ) | Adv. No. 20-01226 (MG) |
| ROCKVILLE CENTRE, NEW YORK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ARK320 DOE, *et al.*, ) | **Related Docket Nos. 182** |
| ) | |
| Defendants. ) | |
| ) | |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**OBJECTIONS TO THE DIRECT TESTIMONY OF CHARLES MOORE**

The Official Committee of Unsecured Creditors (the "**Committee**") of the Roman Catholic Diocese of Rockville Centre, New York (the "**Diocese**") objects to the Direct Testimony of Charles Moore [Docket No. 182] (the "**Testimony**"), submitted by the Diocese in support of its *Motion for a Preliminary Injunction Under 11 U.S.C. §§ 362 and 105(a)*.

**GENERAL OBJECTIONS**

Charles Moore is a Managing Director of Alvarez & Marsal, and a restructuring advisor to the Diocese. The Committee objects to Mr. Moore's testimony to the extent it purports to provide expert testimony. Pursuant to the *Amended Stipulated Scheduling Order with Respect to Debtor's Motion for Preliminary Injunction under Sections 362 and 105(a) of the Bankruptcy Code* [Docket No. 168], the parties have agreed that there will be no expert testimony at this

evidentiary hearing. Therefore, Mr. Moore's testimony is limited to lay person testimony based on his personal knowledge.

The Committee objects also generally that Mr. Moore's Testimony is rife with hearsay. Mr. Moore's Testimony fails to explain the basis for much of the information he testifies to regarding individual State Court Actions, and makes unsupported conclusions regarding the effects of such litigation on the estate.

Below, the Committee objects specifically to particular paragraphs of Mr. Moore's Testimony to the extent the statements lack foundation, are speculative, conclusory, not based on his personal knowledge, not based on his perception, or outside the scope of his non-legal expertise.

## EVIDENTIARY OBJECTIONS

| Para. | Excerpt | Evidentiary Objections |
|---|---|---|
| ¶3 | "Historically, any claims alleging liability for sexual abuse or related misconduct against the DRVC, alleged perpetrators (the "Individual Defendants"), the parishes that effectuate the DRVC's mission (the "Parishes"), or the various affiliate organizations of the DRVC (each such organization, a "DRVC Affiliate" and, together with the Parishes, the "DRVC Related Parties"), have, with very limited exception, been litigated and administered by the DRVC in close coordination with the DRVC Related Parties. " | FRE 401– historical practice in cases prior to bankruptcy in which Diocese was named a defendant is not relevant; <br><br> FRE 602 – witness fails to establish a foundation for any personal knowledge; <br><br> FRE 701 – witness lay opinion is not rationally based on his perception; <br><br> FRE 702, 703 – witness is not qualified to offer a legal expert opinion regarding litigation and administration of cases. |
| ¶3 | "This approach is due to the relationship between the DRVC and the DRVC Related Parties, and the fact that many of the key allegations made by plaintiffs | FRE 602 – witness fails to establish a foundation for any |

| | | |
|---|---|---|
| | in such cases are substantially directed at the DRVC". | personal knowledge regarding "key allegations"; FRE 702, 703 – witness is not qualified to offer legal expert opinion regarding the "approach" to litigation and administration of cases. |
| ¶5 | "Consistent with past practice and my experience, if the Court were to allow Plaintiffs to proceed with the State Court Actions, the DRVC will need to play multiple roles in those cases, including providing information and records that the DRVC maintains." | FRE 401 – historical practice in cases prior to bankruptcy is not relevant; FRE 602 – witness fails to establish a foundation for his knowledge; speculation; FRE 701 – witness' lay opinion is not rationally based on his perception; FRE 702, 703 – witness is not qualified to offer expert legal opinion regarding legal involvement. |
| ¶5 | Further, because my understanding is that the DRVC believes there may be insurance, *res judicata*, or other consequences to the DRVC of the cases proceeding, the DRVC would need to be very actively involved in the litigation, from at least a monitoring standpoint. | FRE 602 – witness fails to establish a foundation for his knowledge; FRE 701 – witness' lay opinion is not rationally based on his perception; FRE 702, 703 – witness is not qualified to offer expert legal opinion regarding involvement or monitoring. FRE 801, 802 – witness' understanding is ostensibly based on inadmissible hearsay of out-of-court declarants. |
| ¶7 | "Litigating the State Court Actions during the pendency of this chapter 11 case—even if they only proceed against other defendants, such as the DRVC Related Parties or the Individual Defendants—will be extremely burdensome on the DRVC, disrupt the administration and expeditious reorganization of the | FRE 602 – witness fails to establish a foundation for his knowledge; |

3

| | | |
|---|---|---|
| | DRVC, and reduce the estate's assets to the detriment of all creditors." | FRE 701 – witness' lay opinion is not rationally based on his perception; <br><br> FRE 801, 802 – witness' understanding ostensibly based on inadmissible hearsay of out-of-court declarants. |
| ¶8 | "Although I was not involved with the litigation of individual cases before the petition date, I observed the total amount of activity that went into managing litigation of the approximately 200 prepetition cases, and the overall activity level was significant. For example, in connection with the prepetition State Court Actions, the DRVC's General Counsel and Chief Operating Officer, Thomas Renker, was required to review, analyze, and approve settlements, strategies, and expenses. And the DRVC's Director of Insurance and Risk Management, William Chapin, devoted substantial amounts of time to insurance noticing and coverage matters related to the prepetition State Court Actions." | FRE 401 – prior management of prepetition cases not relevant to future; <br><br> FRE 602 – witness concedes lack of foundation for his alleged knowledge of what may occur in the future; <br><br> FRE 801, 802 – witness' understanding ostensibly based on inadmissible hearsay of out-of-court declarants. |
| ¶9 | "These individuals, among others, are now heavily involved in the chapter 11 process. I participate in weekly conference calls with Mr. Renker, and based on my observations, he is the person at the DRVC most responsible for the day-to-day management of the chapter 11 case. Likewise, I regularly interact with Mr. Chapin and understand that he has been involved in claims management and seeking insurance coverage for the proofs of claim. Both individuals are critically important to the DRVC's continued progress in the chapter 11 case." | FRE 602 – witness concedes lack of foundation for his understanding of Mr. Chapin's role; <br><br> FRE 801, 802 – witness' understanding ostensibly based on inadmissible hearsay of out-of-court declarants. |
| ¶10 | "If the State Court Actions are allowed to resume, however, these individuals would be forced to reallocate time away from the chapter 11 process. Mr. Renker would need to closely monitor those cases and coordinate with the defendants as it relates to litigation strategies, at a minimum. To the extent any litigation decisions or settlements affecting the DRVC were proposed, it would be Mr. Renker who would need to review, analyze, and make those decisions. Similarly, Mr. Chapin would be required to coordinate insurance matters based on the shared | FRE 602 – witness fails to establish a foundation for assumptions regarding reallocation of time, and for which tasks Mr. Renker and Mr. Chapin may undertake; <br><br> FRE 701 – witness' lay opinion is not rationally based on his perception; |

4

| | | |
|---|---|---|
| | programs with Parishes, schools, and DRVC affiliates. This would be an important and complicated undertaking. Mr. Chapin would have to closely monitor the claims being made on these 200+ State Court Actions, the amounts left on the various claims' self-insured retentions, and help to resolve any coverage issues that may arise." | FRE 702, 703 – witness is not qualified to offer opinion regarding legal strategies and legal staffing; <br><br> FRE 801, 802 – witness' understanding ostensibly based on inadmissible hearsay of out-of-court declarants. |
| ¶11 | "In addition, other DRVC personnel, such as Thomas Doodian, who oversees all things financial for the DRVC during its chapter 11 case, would likely be pulled into any finance-related discovery requests. This is not just a hypothetical concern. I have worked extensively with Mr. Doodian for the past three years, and I know that he was heavily involved in responding to the financial discovery requests made by the Committee during the chapter 11 case. If similar discovery requests come in from any of the 200+ State Court Actions, Mr. Doodian will be required to help respond to them, even though his primary focus needs to be on helping the DRVC manage and emerge from its chapter 11 case." | FRE 401 – past events relating to bankruptcy case discovery is not relevant to State Court Actions; speculation; <br><br> FRE 602 – witness fails to establish a foundation that Mr. Doodian will be required to respond to hypothetical discovery or the time it will take. |
| ¶12 | "Finally, if the State Court Actions are allowed to resume, Mr. Renker, Mr. Chapin, Mr. Doodian, and other key DRVC personnel may be called to testify as witnesses or required to sign off on written discovery requests, document requests, or other discovery matters directed to the DRVC. This would necessarily distract these individuals from their primary focus on running the day-to-day for the DRVC and helping to manage the chapter 11 process." | FRE 602 – witness fails to establish a foundation; speculation; <br><br> FRE 701 – witness' lay opinion is not rationally based on his perception; <br><br> FRE 702, 703 – witness is not qualified to offer legal opinion regarding trial witnesses and litigation preparation. |
| ¶13 | "At this point in the chapter 11 case, these same key personnel need to focus their attention on tasks related to the DRVC's restructuring efforts. Among other things, Mr. Renker, Mr. Chapin, Mr. Doodian, and others will be required to (i) consult with various | FRE 602 – witness fails to establish a foundation; speculation; |

5

|  |  |  |
|---|---|---|
|  | professionals engaged by the DRVC in connection with the bankruptcy case, (ii) participate in mediation and negotiations with creditors, including abuse victims, (iii) support the claims administration process, (iv) supervise the preparation of documentation needed to implement the DRVC's reorganization, and (v) consult on a regular basis with the Bishop and other DRVC officers with respect to the foregoing." | FRE 701 – witness' lay opinion is not rationally based on his perception; FRE 702, 703 – witness is not qualified to offer legal opinion regarding legal tasks; FRE 801, 802 – witness' understanding ostensibly based on inadmissible hearsay of out-of-court declarants. |
| ¶14 | "Allowing the State Court Actions to take time away from people that would otherwise go towards the reorganization certainly would impact the ability to proceed with the reorganization." | FRE 602 – witness fails to establish a foundation; speculation. |
| ¶15 | "the DRVC's reorganization efforts and its estate will suffer real and substantial harm to the detriment of all creditors if the DRVC's key personnel are required to actively participate in the State Court Actions instead of concentrating their efforts on the bankruptcy case." | FRE 602 – witness fails to establish a foundation; speculation. |
| ¶16 | "Finally, should the State Court Actions be allowed to continue—even only as against other defendants, such as the DRVC Related Parties and the Individual Defendants—my understanding is that the DRVC believes it and its estate could face potential contribution, indemnification, collateral estoppel and/or *res judicata* issues with respect to the DRVC Related Parties, which would effectively compel the DRVC to monitor and participate in the numerous trials of the State Court Actions. Relatedly, if the DRVC faces potential contribution and indemnification obligations from the DRVC Related Parties, or if the DRVC Related Parties use limited insurance proceeds to pay any monetary awards to the plaintiffs in the State Court Actions, or if any defense costs are incurred and paid from limited insurance proceeds in connection with the State Court Actions, such events will also consume assets | FRE 602 – witness fails to establish a foundation; speculation; FRE 701 – witness lay opinion is not rationally based on his perception ; FRE 702, 703 – witness is not qualified to offer an expert opinion regarding legal issues; FRE 801, 802 – witness' understanding ostensibly based on inadmissible hearsay of out-of-court declarants. |

6

| | | |
|---|---|---|
| | of the estate to the detriment of other creditors and the chapter 11 reorganization process." | |
| ¶17 | "Absent a continuation of the stay, the DRVC would be required to engage in the defense of the DRVC Related Parties and Individual Defendants, even as it attempts to resolve claims against itself in its bankruptcy case and exit the reorganization process. The DRVC's continued ability to focus its efforts on the reorganization process, instead of simultaneously defending its interests in the State Court Actions, will maximize the value of the DRVC's estate for the benefit of all creditors." | FRE 602 – witness fails to establish a foundation; speculation; FRE 701 – witness lay opinion is not rationally based on his perception; FRE 702, 703 – witness is not qualified to offer an expert opinion regarding legal strategy. |

Dated:  April 12, 2023

### PACHULSKI STANG ZIEHL & JONES LLP

   */s/ Kenneth H. Brown*
James I. Stang (*pro hac vice*)
Kenneth H. Brown (*pro hac vice*)
Iain A.W. Nasatir
Gail S. Greenwood (*pro hac vice*)
Brittany M. Michael
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone: 212-561-7700
Facsimile:  212-561-7777
Email: jstang@pszjlaw.com
       kbrown@pszjlaw.com
       inasatir@pszjlaw.com
       ggreenwood@pszjlaw.com
       bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

**BURNS BAIR LLP**
Timothy W. Burns (*pro hac vice*)
Jesse J. Bair (*pro hac vice*)
10 E. Doty St., Suite 600
Madison, Wisconsin 53703
Telephone: 608-286-2808
Email: tburns@burnsbair.com
         jbair@burnsbair.com

Special Insurance Counsel for the Official Committee of Unsecured Creditors

8