**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | **)** | Case No. 20-12345 (MG) |
| | **)** | |
| THE ROMAN CATHOLIC DIOCESE OF | **)** | Chapter 11 |
| ROCKVILLE CENTRE, NEW YORK, | **)** | |
| | **)** | |
| Debtor. | **)** | |
| | **)** | |
| | **)** | Adv. No. 20-01226 (MG) |
| THE ROMAN CATHOLIC DIOCESE OF | **)** | |
| ROCKVILLE CENTRE, NEW YORK, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| v. | **)** | |
| | **)** | |
| ARK320 DOE, *et al.*, | **)** | **Related Docket No. 181** |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTIONS TO THE DIRECT TESTIMONY OF KENNETH F. PORTER

The Official Committee of Unsecured Creditors (the "**Committee**") of the Roman Catholic Diocese of Rockville Centre, New York (the "**Diocese**") objects to the Direct Testimony of Kenneth F. Porter [Docket No. 181], submitted by the Diocese in support of its *Motion for a Preliminary Injunction Under 11 U.S.C. §§ 362 and 105(a)*.

### GENERAL OBJECTIONS

Kenneth F. Porter is an insurance broker and consultant to the Diocese.  While Mr. Porter's testimony is not wholly inadmissible, he makes numerous statements that lack foundation or call for a legal conclusion, as more specifically set forth below.

The Committee objects to Mr. Porter's testimony to the extent it purports to provide expert testimony.  Pursuant to the *Amended Stipulated Scheduling Order with Respect to*

1

*Debtor's Motion for Preliminary Injunction under Sections 362 and 105(a) of the Bankruptcy Code* [Docket No. 168], the parties have agreed that there will be no expert testimony at this evidentiary hearing. Therefore, Mr. Porter's testimony is limited to lay person testimony based on his personal knowledge.

Below, the Committee objects specifically to particular paragraphs of Mr. Porter's testimony to the extent the statements lack foundation, are speculative, conclusory, not based on his personal knowledge, not based on his perception, or outside the scope of his non-legal expertise.

## EVIDENTIARY OBJECTIONS

| PORTER DECLARATION | | |
|---|---|---|
| **Para.** | **Excerpt** | **Objection** |
| ¶4 | "If the preliminary injunction is lifted, the DRVC's ability to compensate victims will, in terms of the totality of the insurance proceeds available, be reduced by the need for co-insureds to defend against State Court Actions. Although there are differences between the policy programs, which I outline below, as a general matter, there is a risk that every dollar out of the insurance proceeds that goes toward defense costs is a dollar that cannot be awarded to victims of abuse." | FRE 401 403—the testimony is not relevant, argumentative and premised on an incomplete and irrelevant hypothetical that assumes all policies have the same terms, including that defense costs erode policy limits under all policies. |
| ¶7 | "Importantly, these shared insurance policy proceeds are paid on a first-come-first served basis…." | FRE 602- witness fails to establish foundation for his personal knowledge. |

| ¶8 | "Because there is not a clawback of the funds paid to an earlier policyholder to then redistribute among later policyholders, any proceeds paid to one insured becomes unavailable to other insureds." | FRE 401. 403—the testimony is not relevant, argumentative and premised on an incomplete and irrelevant hypothetical that assumes some and/or all of the following: (1) that defense costs erode policy limits; (2) that there are aggregate limits on all policies; and (3) that an insurer would pay the full per-occurrence limit to settle on behalf of a parish (and therefore have no further obligation regarding that occurrence) without also obtaining a release for the Diocese, if potential liability existed. |
| --- | --- | --- |
| ¶8 | In my experience, insurers do not exercise discretion to deviate from the first-come-first served basis for paying claims. As a matter of custom and practice, insurers act at the direction of the underlying policy, as the claims are made under that contract...." | FRE 602- witness fails to establish foundation for his personal knowledge.<br><br>FRE 701, 702, 703 –witness offers a legal conclusion in the absence of a specific policy or facts reasonably relied upon by experts; testimony based on skill, experience and training constitutes expert opinion which the parties have agreed, and the Court has ordered, is not admissible. |
| ¶8 | "Because there is not a clawback of the funds paid to an earlier policyholder to then redistribute among later policyholders, any proceeds paid to one insured becomes available to other insureds." | FRE 403—the testimony is argumentative and premised on an incomplete and irrelevant hypothetical that assumes there are aggregate limits on all policies. |

| ¶8 | "Thus, claims are paid on a first-come-first-served basis." | FRE 602- witness fails to establish foundation for his personal knowledge. |
| | | FRE 701, 702,703 –witness offers a legal conclusion in the absence of a specific policy or facts reasonably relied upon by experts; testimony based on skill, experience and training constitutes expert opinion which the parties have agreed, and the Court has ordered, is not admissible. |
| ¶9 | "It is also customary that an insured may present partial proofs of loss to the underwriters for reimbursement over the course of the claim. And, in my experience, indemnity is provided to a policyholder over the course of the claim." | FRE 602- witness fails to establish foundation for his personal knowledge. |
| | | FRE 701, 702, 703 –witness offers a legal conclusion in the absence of a specific policy or facts reasonably relied upon by experts; testimony based on skill, experience and training constitutes expert opinion which the parties have agreed, and the Court has ordered, is not admissible. |
| ¶16 fn. 6 | "Generally, a 'self-insured retention,' or SIR, is a dollar amount specified in a liability insurance policy that must be paid by the insured before the insurer will respond to a loss." | FRE 602- witness fails to establish foundation for his personal knowledge. |
| | | FRE 401, 403—the testimony is not relevant and is based on an incomplete and irrelevant hypothetical that assumes the insured is not in bankruptcy. |
| | | FRE 701, 702, 703 –witness offers a legal conclusion in the absence of a specific policy or facts reasonably relied upon by experts;  testimony based on skill, experience and training constitutes expert opinion which the parties have agreed, and the Court has ordered, is not admissible. |

4

| ¶18 | "Thus, even while the automatic stay bars litigation against the DRVC, if a CVA plaintiff succeeded in establishing liability against a parish for sexual abuse occurring during the London Program policy periods, the parish would be able to draw insurance policy proceeds to cover the loss.  For example, if the parish's liability for the claim was $200,000, the parish would be responsible for a $100,000 SIR, but may be entitled to have some or all of the SIR reimbursed from the insurance proceeds of that year's Aggregate Agreement.  The parish would also be entitled to indemnification of $100,000 under the Specific Excess Agreement for the amount of the loss exceeding the SIR.  Importantly, once the insurance company has paid its share of the covered loss to the parish, it will have no further obligation regarding that occurrence.  As a result, if the DRVC later attempted to settle with that CVA plaintiff in its chapter 11 case, no insurance policy proceeds would be available under the Aggregate Agreement, and the proceeds paid to the parish under the Specific Excess Agreement would also not be available to the DRVC." | FRE 401, 403—the testimony is not relevant. and is argumentative and premised on an incomplete and irrelevant hypothetical that assumes that an insurer would pay the full per occurrence limit to release the parish (and therefore have no further obligation regarding that occurrence) without also obtaining a release for the Diocese, if potential liability existed. The hypothetical also ignores the availability of substantial excess insurance under the London Program in most years, which would be available to settle that same occurrence on behalf of the DRVC.

FRE 602- witness fails to establish foundation for his personal knowledge.

FRE 701, 702, 703 –witness offers a legal opinion in the absence of facts reasonably relied upon by experts; testimony based on skill, experience and training constitutes expert opinion which the parties have agreed, and the Court has ordered, is not admissible. |
| ¶¶23-25 | "Ecclesia Policies" | FRE 401 -Irrelevant as the Committee is not seeking to lift the stay as to claims triggering coverage under the Ecclesia policies. |

DOCS_LA:348539.6 18491/002

Dated:    April 12, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Kenneth H. Brown*
James I. Stang (*pro hac vice*)
Kenneth H. Brown (*pro hac vice*)
Iain A.W. Nasatir
Gail S. Greenwood (*pro hac vice*)
Brittany M. Michael
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  212-561-7700
Facsimile:  212-561-7777
Email: jstang@pszjlaw.com
kbrown@pszjlaw.com
inasatir@pszjlaw.com
ggreenwood@pszjlaw.com
bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

**BURNS BAIR LLP**
Timothy W. Burns (pro hac vice)
Jesse J. Bair (pro hac vice)
10 E. Doty St., Suite 600
Madison, Wisconsin 53703
Telephone: 608-286-2808
Email: tburns@burnsbair.com
        jbair@burnsbair.com

Special Insurance Counsel for the Official Committee of
Unsecured Creditor