**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, NEW YORK,[1] | Case No. 20-12345 (MG) |
| Debtor. | |
| The Roman Catholic Diocese of Rockville Centre, New York, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 20-01226 (MG) |
| ARK320 DOE, *et al.*,[2] | |
| Defendants. | |

**JOINT PRETRIAL ORDER IN CONNECTION WITH THE HEARING ON THE DEBTOR'S MOTION FOR A PRELIMINARY INJUNCTION UNDER SECTIONS 362 AND 105(a) OF THE BANKRUPTCY CODE**

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

I. NATURE OF THE CASE

This adversary proceeding is brought pursuant to Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure, §§ 362 and 105(a) of title 11 of the United States Code, and §§ 2201 and 2202 of title 28 of the United States Code.

In connection with the Debtor's Motion for Preliminary Injunction Under §§ 362 and 105(a) of the Bankruptcy Code, dated July 21, 2022 [Adv. Pro. Dkt. No. 126], the Parties dispute whether or not 228 New York state court lawsuits against non-Debtor

---

[1] The Debtor in this chapter 11 case is The Roman Catholic Diocese of Rockville Centre, New York, the last four digits of its federal tax identification number are 7437, and its mailing address is P.O. Box 9023, Rockville Centre, NY 11571-9023.

[2] A full list of the Defendants in this adversary proceeding is included in Exhibit A to the Verified Complaint for Declaratory and Injunctive Relief [Adv. Pro. Docket No. 1].

1

affiliates bringing tort claims under the New York Child Victims act (the "State Court Actions") should remain stayed pursuant to 11 U.S.C. §§ 362 and 105(a), and Rule 7065 of the Federal Rules of Bankruptcy Procedure.

II. BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT

The Debtor asserts that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order on the relief requested in the Motion.

The Committee disputes that the Debtor has met its burden to show that the Court has either core or "related to" subject matter jurisdiction to enjoin all of the State Court Actions and asserts that the State Court Actions are neither core proceedings nor related to this bankruptcy case. The Committee disputes that the Court may enter a final order on the relief requested in the Motion.

III. STIPULATED FACTS

The Parties have stipulated to the facts set forth in the Agreed Coverage Summary, dated February 1, 2023 [Adv. Pro. Dkt. No. 169].

IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the Parties:

A. Plaintiff's Contentions

The Debtor contends:

1. Continued prosecution of State Court Actions would impair the Debtor's prospects for a successful reorganization.

2. Continued prosecution of State Court Actions would diminish the estate's most important asset—the proceeds of its shared insurance policies.

3. Continued prosecution of State Court Actions could increase the Debtor's indemnification liability and will heighten the risk of future contribution claims against the Debtor by related parties.

4. Continued prosecution of State Court Actions risks piecemeal litigation and inconsistent judgments.

5. Continued prosecution of State Court Actions could expose the Debtor to risks of collateral estoppel and *res judicata*.

2

6. Continued prosecution of State Court Actions would burden and distract the Debtor's principals from its reorganization.

7. The traditional preliminary injunction factors do not apply to statutorily authorized injunctions under Bankruptcy Code section 105(a).

8. If the traditional injunction factors apply, the Debtor's reorganization efforts are likely to succeed.

9. If the traditional injunction factors apply, the balance of harms favors a preliminary injunction of the State Court Actions.

10. If the traditional injunction factors apply, the public interest favors a preliminary injunction of the State Court Actions.

11. The automatic stay of Bankruptcy Code sections 362(a)(1) and (a)(3) bars continued prosecution of all the State Court Actions.

B. Defendant's Contentions:

The Committee contends

1. The automatic stay of Bankruptcy Code sections 362(a)(1) and (a)(3) does not apply to the State Court Actions in which the Debtor is not a defendant.

2. An injunction under Bankruptcy Code section 105(a) is impermissible because the Debtor has not established this Court's subject matter jurisdiction to enjoin non-debtor lawsuits.

3. An injunction under Bankruptcy Code section 105(a) is unwarranted because the Debtor cannot demonstrate a likelihood of successful reorganization over two and one-half years into the case.

4. An injunction under Bankruptcy Code 105(a) is unwarranted because the Debtor cannot demonstrate a risk of imminent, irreparable harm to the estate based on prosecution of the State Court Actions.

5. The Debtor cannot demonstrate that continued prosecution of each State Court Action will dissipate the proceeds of shared insurance.

6. The Debtor has no indemnity obligations and its belief regarding a risk of indemnification liability is not credible or relevant.

7. Speculation about piecemeal litigation and inconsistent judgments does not support an injunction.

8. Prosecution of the State Court Actions will not expose the Debtor to risks of collateral estoppel and res judicata.

3

9. The Debtor cannot show that prosecution of the State Court Actions prevent the Debtor's principals from engaging in reorganization efforts.

10. The harm to survivors from an injunction of the State Court Actions that do not name the Debtor as a defendant outweighs any potential harm to the estate from allowing the State Court Actions to move forward.

11. The public interest in a successful reorganization and accountability of the Debtor are not advanced by an injunction.

V. ISSUES TO BE TRIED

1. Whether or not the Court has subject matter jurisdiction to enter a preliminary injunction enjoining the further prosecution of the 228 State Court Actions.

2. Whether, if the Court has subject matter jurisdiction, the Court should preliminarily enjoin the 228 State Court Actions for 120 days, until August 17, 2023.

3. Whether the automatic stay bars continued prosecution of the 228 State Court Actions.

VI. PLAINTIFF / DEBTOR'S EXHIBITS

| Exhibit Number | Description |
| --- | --- |
| DX-1 | Agreed Insurance Coverage Summary |
| DX-2 | Committee Insurance Schedule A-1 |
| DX-3 | Committee Insurance Schedule A-2 |
| DX-4 | Committee Insurance Schedule A-3 |
| DX-5 | Committee Insurance Schedule A-4 |
| DX-6 | Committee Insurance Schedule A-5 |
| DX-7 | Committee Insurance Schedule A-6 |
| DX-8 | Arrowood Quarterly Statement as of September 30, 2022 |
| DX-9 | Arrowood Annual Statement as of December 31, 2022 |
| DX-10 | Papers submitted in support of state court counsel motion to compel discovery in prepetition, coordinated, state court litigation |
| DX-11 | Declaration of Kenneth F. Porter in Support of the Debtor's Motion For a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code and Exhibits, dated October 1, 2020 |
| DX-12 | Declaration of Kenneth F. Porter in Support of the Debtor's Motion For a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code and Exhibits, dated July 21, 2022 |
| DX-13 | Summary of Complaints at Issue |

| Exhibit Number | Description |
|---|---|
| DX-14 | Summary of Pre-petition Answers |

In addition to the listed Exhibits, the Plaintiff / Debtor reserves the right to introduce at the Hearing, any and all proofs of claim (subject to the applicable confidentiality requirements) filed in connection with the chapter 11 case, all of which are subject to judicial notice.

VII.   DEFENDANT'S EXHIBITS

| Exhibit Letter | Description |
|---|---|
| A | Agreed Coverage Summary [Docket No. 169] |
| B | Schedule of 228 State Court Actions that do not name the Debtor as a defendant or involve Ecclesia coverage [Docket No. 173] |
| C | Related Insurance Schedules that break down the 228 Non-Debtor, Non-Ecclesia State Court Actions [Docket No. 173]:<br>• 108 Royal-only coverage<br>• 70 London-only coverage<br>• 29 Royal-London overlapping coverage<br>• 17 No insured defendant<br>• 2 No coverage<br>• 2 No information pertaining to coverage |
| D | Insurance Schedule of 262 State Court Actions that name the Debtor as a defendant or involve Ecclesia coverage |
| E | Arrowood Annual Statement as of 12/31/22 |
| F | Amended Complaint filed 2/15/2023, The Roman Catholic Diocese of Rockville Centre, New York v. Certain Underwriters at Lloyds, London & Certain London Market Companies *et al.,* S.D.N.Y. 1:21-cv-00071 (JPC) |
| G | London Market Insurers' Answer to Amended Complaint and Affirmative Defenses, Jury Trial Demanded filed 3/23/2023, The Roman Catholic Diocese of Rockville Centre, New York v. Certain Underwriters at Lloyds, London & Certain London Market Companies *et al.,* S.D.N.Y. 1:21-cv-00071 (JPC) |
| H | Sample State Court Complaint: Nicholas Ketzko v. St. Matthew Roman Catholic Church *et al.,* Sup. Ct. of NY, County of Queens, index no. 400094/2021 [Docket No. 173] |
| I | Sample State Court Complaint: PB-55 Doe v. The Roman Catholic Archdiocese of NY, *et al.,* Sup. Ct. of NY, County of Kings, index no. 515579/2020 [Docket No. 173] |
| J | Sample State Court Complaint: Stephen Davidson v. St. Hugh of Lincoln Roman Catholic Church, Sup. Ct. of NY, County of Suffolk, index no. 614160/2020 [Docket No. 173] |
| K | Sample State Court Complaint: SWSU 1 Doe v. Infant Jesus Roman Catholic Church, *et al.,* Sup. Ct of NY, County of Suffolk, index no. 614848/2021 [Docket No. 173] |

5

| Exhibit Letter | Description |
|---|---|
| L | Sample State Court Complaint: Patrick Thomas Flanagan v. Parish of St. Martin of Tours, *et al.*, Sup. Ct. of NY, County of Nassau, index no. 900381/2021 [Docket No. 173] |
| M | Sample State Court Complaint: Grace de Liberto v. St. Anthony's Roman Catholic Church, *et al.*, Sup. Ct. of NY, County of Nassau, index no. 900245/2021 |
| N | Sample Responses to Standard Interrogatories Propounded to Defendant Diocese of Rockville Centre<br>• Robert Koeneke v. Holy Family Roman Catholic Church, *et al.*, Sup. Ct. of NY, County of Nassau, index no. 900004/2019<br>• Ark27 Doe v. Diocese of Rockville Centre, *et al.*, Sup. Ct. of NY, County of Nassau, index no. 900019/2019<br>• John Hagan, III v. The Roman Catholic Diocese of Rockville Centre, New York, *et al.*, Sup. Ct. of NY, County of Nassau, index no. 900050/2019<br>• Richard Tollner v. Diocese of Rockville Centre, *et al.*, Sup. Ct. of NY, County of Nassau, index no. 900001/2019<br>• Ark36 Doe v. Diocese of Rockville Centre, *et al.*, Sup. Ct. of NY, County of Nassau, index no. 900022/2019 |
| O | The Debtor's Supplemented Response to the First Set of Requests for Admissions Propounded by the Official Committee of Unsecured Creditors to the Roman Catholic Diocese of Rockville Centre, New York dated 3/8/2023 [Docket No. 173] |
| P | Stipulation and Order Pursuant to 11 U.S.C. Section 105(a) Staying Continued Prosecution of Certain Lawsuits filed 1/22/2021 [Bankr. Docket No. 59] |
| Q | Declaration of Eric P. Stephens filed 9/30/2022, The Roman Catholic Diocese of Rockville Centre, New York v. Arrowood Indemnity Co., S.D.N.Y. 20-cv-11011 (JLR) |
| R | Joinders in Motion of the Official Committee of Unsecured Creditors to Dismiss Chapter 11 Case [Bankr. Docket Nos. 1918, 1925, 1932-35, 1938, 1941, 1948, 1954, 1957, 1960, 1963, 1969, 1971, 1974-75, 1980] |
| S | Declaration of Charles Moore, Managing Director of Alvarez & Marsal North America, LLC, Proposed Restructuring Advisor to The Roman Catholic Diocese of Rockville Centre, New York, in Support of Chapter 11 Petition filed 10/1/2020 [Bankr. Docket No. 3] |
| T | Declaration of Charles Moore in Support of the Debtor's Motion for a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code filed 10/1/2020 [Docket No. 4] |
| U | Declaration of Kenneth Porter in Support of the Debtor's Motion for a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code filed 10/1/2020 [Docket No. 6] |
| V | Declaration of Kenneth Porter in Support of the Debtor's Motion for a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code filed 7/21/2022 [Docket No. 129] |
| W | Declaration of Charles Moore in Support of the Debtor's Motion for a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code filed 7/21/2022 [Docket No. 130] |

| Exhibit Letter | Description |
|---|---|
| X | Declaration of Eric P. Stephens in Support of the Debtor's Motion for a Preliminary Injunction Under Sections 362 and 105(a) of the Bankruptcy Code filed 7/21/2022 [Docket No. 128] |
| Y | Order Granting Committee's First Omnibus Claim Objection [Bankr. Docket No. 2004] |
| Z | Death Certificates [Docket No. 173] |

No exhibit not listed by plaintiff or defendant may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown. Each side shall list all exhibits it intends to offer on its case in chief.

    VIII.    STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

The parties stipulate to the admissibility of designated exhibits listed above, with the exception of the following:

| Exhibit Number | Objection |
|---|---|
| DX-11 | The Committee objects to the proposed exhibit on the grounds that the prior declaration of a witness is hearsay, not subject to an exception. |
| DX-12 | The Committee objects to the proposed exhibit on the grounds that the prior declaration of a witness is hearsay, not subject to an exception. |

| Exhibit Letter | Objection |
|---|---|
| R | The Plaintiff / Debtor objects to the proposed exhibit on the grounds that the joinders are hearsay and not subject to an exception. |

Arguments on the foregoing objections are reserved until trial.

    IX.    PLAINTIFF / DEBTOR'S WITNESS LIST

    Charles Moore, written direct filed at Adv. Pro. Dkt. No. 182;
    Kenneth F. Porter, written direct filed at Adv. Pro. Dkt. No. 181;
    Eric P. Stephens, written direct filed at Adv. Pro. Dkt. No. 183.

The Committee reserves its right to object to portions of the direct testimony offered by the Debtors, and will separately file written objections.

    X.    DEFENDANT'S WITNESS LIST

    The Committee reserves the right to call the Debtor's witnesses.

Pursuant to the Amended Stipulated Scheduling order entered January 25, 2023 [Adv. Pro. Dkt. No. 168], direct testimony of the witness listed shall be submitted by declaration. The witness shall be made available in the courtroom for cross-examination and re-direct.  No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown.  Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer.  Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

XI.     RELIEF SOUGHT

The Debtor seeks a preliminary injunction barring the continued prosecution of the 228 State Court Actions at issue for 120 days, until August 17, 2023, or in the alternative, the time required for the Debtor to file, and the District Court to consider, a motion under 28 U.S.C. § 157(b)(5) to transfer the State Court Actions to the District Court.

Dated:  April 11, 2023

*/s/ Christopher DiPompeo*
Counsel for the Roman Catholic Diocese of Rockville Centre, New York


*/s/ Kenneth Brown*
Counsel for the Official Committee of Unsecured Creditors


**IT IS SO ORDERED.**
Dated:  April 13, 2023
         New York, New York

**/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge